1  ROBERT J. YORIO (SBN 93178)
   yorio@carrferrell.com
2  COLBY B. SPRINGER (SBN 214868)
   cspringer@carrferrell.com
3  CHRISTINE S. WATSON (SBN 218006)
   cwatson@carrferrell.com
4  CARR & FERRELL *LLP*
   2200 Geng Road
5  Palo Alto, California 94303
   Telephone: (650) 812-3400
6  Facsimile: (650) 812-3444

7  Attorneys for Plaintiff
   ACTICON TECHNOLOGIES LLC
8

ORIGINAL
FILED

AUG 3 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11  ACTICON TECHNOLOGIES LLC,              CASE NO. C 07 4507 BZ

12              Plaintiff,
                                            **COMPLAINT FOR PATENT
13      v.                                  INFRINGEMENT; SUCCESSOR
                                            LIABILITY; VICARIOUS LIABILITY;
14  PRETEC ELECTRONICS CORPORATION, a       ALTER EGO; FRAUDULENT
    dissolved California corporation; PTI GLOBAL,  TRANSFERS (CIVIL CODE SECTION
15  INC., a California corporation; CHIU FENG  3439, ET SEQ.); IMPROPER
    CHEN, an individual; GORDON YU, an       DISSOLUTION; CONSPIRACY**
16  individual; TOMMY HO, an individual;
    ROBERT WU, an individual; GRACE YU, an
17  individual; KUEI LU, an individual; and DOES  **JURY TRIAL DEMANDED**
    1 through 20,
18
                Defendants.
19

20        Plaintiff ACTICON TECHNOLOGIES LLC, for its Complaint against Defendant PRETEC

21  ELECTRONICS CORPORATION, Defendant PTI GLOBAL, INC., Defendant CHIU FENG

22  CHEN, Defendant GORDON YU, Defendant TOMMY HO, Defendant ROBERT WU, Defendant

23  GRACE YU, Defendant KUEI LU and Defendants DOES 1 through 20, (collectively,

24  "DEFENDANTS") alleges as follows:

25                          **INTRODUCTION**

26      1.    This action is brought by ACTICON TECHNOLOGIES LLC (hereinafter

27  "ACTICON") against DEFENDANTS for damages arising out of Defendant PRETEC

28  ELECTRONICS CORPORATION's ("PRETEC"), and Defendant PTI GLOBAL, INC.'s

1    infringement of certain ACTICON patents and for DEFENDANTS' fraudulent transfer of corporate

2    assets in order to evade court process and avoid liability for such damages.

3        2.    As set forth in detail below, ACTICON is the owner of the entire right, title and

4    interest in U.S. Patent Nos. 4,603,320 (the "'320 Patent"); 4,543,450 (the "'450 Patent"); 4,972,470

5    (the "'470 Patent"); and 4,686,506 (the "'506 Patent") (collectively, the "Patents-in-Suit"), which

6    describe various forms of electronic connectors.  True and correct copies of the Patents-in-Suit are

7    attached hereto as Exhibits "A," "B," "C," and "D," respectively.

8        3.    PRETEC, prior to its dissolution on or about November 28, 2006, made, imported,

9    offered for sale, sold and/or distributed various electronic connectors that embody the technology

10   of the Patents-in-Suit.

11       4.    ACTICON is informed and believes, and thereon alleges, that Defendants CHIU

12   FENG CHEN, TOMMY HO, ROBERT WU, GORDON YU, GRACE YU, KUEI LU and DOES 1

13   through 20 were officers, directors and/or majority shareholders of PRETEC prior to PRETEC's

14   dissolution.

15       5.    Subsequent to PRETEC's dissolution on or about November 28, 2006, PRETEC

16   and/or DEFENDANTS continued to make, import, offer for sale, sell and/or distribute various

17   electronic connectors that embody the technology of the Patents-in-Suit as a manufacturer or

18   distributor operating as the business entities PTI GLOBAL, INC. and/or the unknown business

19   entities named as Defendants DOES 1 through 20.

20       6.    PRETEC and/or DEFENDANTS continued to make, import, offer for sale, sell

21   and/or distribute various electronic connectors that embody the technology of the Patents-in-Suit

22   despite the fact that PRETEC received notice of the complaint for Patent Infringement in *Acticon*

23   *Technologies LLC v. Pretec Electronics Corporation, et. al.*, United States District Court Case No.

24   C 06-4679 JF (HRL).

25                              **JURISDICTION**

26       7.    The Court has jurisdiction and supplemental jurisdiction over this matter because it

27   is an infringement action arising under the United States Patent Act (35 U.S.C. § 271 *et seq.*).

28   Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338(a).

Complaint for Patent Infringement, etc.

1      8.     ACTICON is informed and believes, and thereon alleges, that DEFENDANTS are

2  subject to personal jurisdiction in this District, because Defendant PTI GLOBAL, INC. is located in

3  this District and PRETEC ELECTRONICS CORPORATION was located in this District prior to

4  its dissolution. ACTICON is further informed and believes, and thereon alleges, that

5  DEFENDANTS have caused tortious injury in this District by acts both inside and outside the

6  District and regularly solicit business in this District or derive substantial revenue from sales of

7  goods, including infringing goods in this District, or otherwise have engaged in a persistent course

8  of conduct in this District.

9

10  **VENUE**

11      9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because PRETEC

12  ELECTRONICS CORPORATION was headquartered in this District prior to its corporate

13  dissolution and Defendant PTI GLOBAL, INC. is headquartered in this District.

14

15  **INTRA-DISTRICT ASSIGNMENT**

16      10.    For the purposes of Civil L.R. 3-2(c) and (d), this Intellectual Property action may

17  be assigned to any division of this District.

18

19  **PARTIES**

20      11.    Plaintiff ACTICON is a limited liability company, which has its principal place of

21  business in Suffern, New York.

22      12.    ACTICON is informed and believes, and thereon alleges, that Defendant PRETEC

23  was a California corporation, which had its principal place of business at 46791 Fremont

24  Boulevard, Fremont, California, until its dissolution on or about November 28, 2006. Plaintiff is

25  further informed and believes, and thereon alleges, that PRETEC designed, manufactured,

26  marketed, distributed, imported, sold and/or offered for sale in the United States PCMCIA,

27  CompactFlash and Secure Digital I/O form factor electronic connectors.

28      13.    The products referenced above in paragraph 12 (hereinafter, the "Accused

1  Products") employ an electronic connector that connects a computer and one or more external
2  devices, whereby such electronic connector converts signals between the computer and external
3  devices in order to obtain a desired connecting configuration and/or function.

4       14.    ACTICON is informed and believes, and thereon alleges, that Defendant CHIU
5  FENG CHEN was a Director of PRETEC.  Plaintiff is informed and believes, and thereon alleges,
6  that during the time that Defendant CHIU FENG CHEN worked in the capacity as a Director of
7  PRETEC, he either resided and/or did business in or around Fremont, California.

8       15.    ACTICON is informed and believes, and thereon alleges, that Defendant TOMMY
9  HO was an Operations Manager for PRETEC.  ACTICON is further informed and believes, and
10 thereon alleges, that Defendant TOMMY HO also was a Director and/or Officer of Pretec
11 Technology, Inc., which subsequently changed its corporate name to PTI GLOBAL, INC.  Plaintiff
12 is informed and believes, and thereon alleges, that during the time that Defendant TOMMY HO
13 worked in the capacity as an Operations Manager and/or Director of PRETEC and as an Officer
14 and/or Director of PTI GLOBAL, INC., he either resided and/or did business in or around Fremont,
15 California.

16      16.    ACTICON is informed and believes, and thereon alleges, that Defendant ROBERT
17 WU was an Operations Manager for PRETEC.  ACTICON is further informed and believes, and
18 thereon alleges, that Defendant ROBERT WU also was a Director and/or Officer of Pretec
19 Technology, Inc., which subsequently changed its corporate name to PTI GLOBAL, INC.  Plaintiff
20 is informed and believes, and thereon alleges, that during the time that Defendant ROBERT WU
21 worked in the capacity as an Operations Manager and/or Director of PRETEC and as an Officer
22 and/or Director of PTI GLOBAL, INC., he either resided and/or did business in or around Fremont,
23 California.

24      17.    ACTICON is informed and believes, and thereon alleges, that Defendant PTI
25 GLOBAL, INC. is a California corporation with its principal place of business located at 231
26 Whitney Place, Fremont, California.  ACTICON is further informed and believes, and thereon
27 alleges, that PTI GLOBAL, INC. was originally incorporated under the name Pretec Technology,
28 Inc.

Complaint for Patent Infringement, etc.

1    18.    ACTICON is informed and believes, and thereon alleges, that Defendant PTI
2  GLOBAL, INC. manufactures, uses, imports, distributes, offers for sale and/or sells PCMCIA,
3  CompactFlash and Secure Digital I/O form factor electronic connectors under the PRETEC brand
4  name.

5    19.    ACTICON is informed and believes, and thereon alleges, that Defendant GRACE
6  YU was the President, Secretary, Chief Executive Officer and Chief Financial Officer of Pretec
7  Technology, Inc., which subsequently changed its name to PTI GLOBAL, INC., until in or about
8  November 2006.

9    20.    ACTICON is informed and believes, and thereon alleges, that Defendant KUEI LU
10  has been the Chief Executive Officer, Secretary and Financial Officer of PTI GLOBAL, INC. since
11  in or about November 2006.

12    21.    ACTICON is informed and believes, and thereon alleges, that DOES 1 through 20
13  were officers, directors and/or majority shareholders of PRETEC and/or are unknown business
14  entities in the business of designing, manufacturing, marketing, distributing, importing, selling
15  and/or offering for sale in the United States PCMCIA, CompactFlash and Secure Digital I/O form
16  factor electronic connectors.

17    22.    Plaintiff is informed and believes, and thereon alleges, that during a period of time
18  prior to 2006, Defendant GORDON YU was the President of PRETEC and that Defendant
19  GORDON YU was an officer, director and/or majority shareholder of PRETEC.

20    23.    ACTICON is informed and believes, and thereon alleges, that at all times relevant
21  hereto, each of the Defendants was the agent, affiliate or co-conspirator of the other defendants and
22  in committing the acts hereinafter set forth, acted within the scope of such agency, affiliation or
23  conspiracy and/or ratified or acquiesced in the acts of the other defendants.

24    24.    ACTICON is unaware of the true names or capacities of remaining Defendants Does
25  1 through 20, whether corporate, individual, partner, employee, agent, co-conspirator, or otherwise,
26  and prays leave of court to allege said true names and capacities when the same have been
27  ascertained.

28    25.    ACTICON is informed and believes, and thereon alleges, that in doing the things

1  herein alleged, the named defendants and Does 1 through 20, inclusive, were each the agent,
2  employee or servant of the remaining of said Defendants or that Defendants Does 1 through 20 are
3  in some other means or manner responsible for the acts and conduct hereinafter alleged.
4
5  **GENERAL ALLEGATIONS**

6      26.    ACTICON is informed and believes, and thereon alleges, that PRETEC was named
7  as a Defendant in the Complaint entitled *Acticon Technologies LLC v. Pretec Electronics Corp., et.*
8  *al.*, filed on August 1, 2006, in the United States District Court for the Northern District of
9  California, Case No. C 06-4679 JF (HRL) ("FIRST COMPLAINT").  ACTICON is informed and
10 believes, and thereon further alleges, that Defendant ROBERT WU (as corporate representative of
11 PRETEC) was personally served with the summons and FIRST COMPLAINT at 46791 Fremont
12 Boulevard, Fremont, California, on or about August 17, 2006.

13     27.    PRETEC did not respond to the FIRST COMPLAINT on or before September 6,
14 2006, the deadline for PRETEC to answer or otherwise respond to the FIRST COMPLAINT.

15     28.    On or about September 13, 2006, ACTICON filed a Request for Entry of Default
16 against PRETEC.  On or about September 15, 2006, ACTICON filed a Second Request for Entry of
17 Default against PRETEC.

18     29.    On September 19, 2006, the Clerk of the United States District Court, Northern
19 District of California entered the default of PRETEC in *Acticon Technologies LLC v. Pretec*
20 *Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL), as Docket Entry 13.

21     30.    On or about October 5, 2006, counsel for ACTICON sent a letter to PRETEC via
22 certified U.S. mail advising that ACTICON would request entry of default judgment against
23 PRETEC if PRETEC did not respond to ACTICON's communication on or before October 11,
24 2006.  PRETEC did not respond to ACTICON's October 5, 2006 letter.

25     31.    Notwithstanding the default entered against PRETEC, on or about October 19, 2006,
26 PRETEC filed a motion captioned, "Motion to Change Time," requesting a sixty-day continuance
27 of the November 29, 2006 Case Management Conference in *Acticon Technologies LLC v. Pretec*
28 *Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL), (Docket Entry 21). This motion was

1   signed by Defendant TOMMY HO and Defendant GORDON YU.  A true and correct copy of the
2   Motion to Change Time is attached hereto as Exhibit "E", and incorporated by reference.

3        32.     On October 24, 2006, Defendant TOMMY HO contacted counsel for ACTICON via
4   telephone.  The following day, in a telephone conference between counsel for ACTICON and
5   Defendant TOMMY HO, Defendant TOMMY HO requested a description of the Accused Products
6   in the FIRST COMPLAINT and agreed to provide ACTICON with six years of annual sales
7   information for PRETEC's Accused Products.

8        33.     On October 26, 2007, Defendant TOMMY HO wrote in an e-mail message to
9   counsel for ACTICON, "Thanks for the information.  We will study the accused products as you
10  claimed.  If we agree, then we will prepare the past years of sales information.  If we disagree on
11  some of the accused products, we will contact you to discuss.  We will try to get as much sales
12  information as possible."

13       34.     Based on Defendant TOMMY HO's agreement on behalf of PRETEC to provide
14  sales information for the Accused Products to ACTICON, ACTICON did not oppose PRETEC's
15  Motion to Change Time and filed a Statement of Non-Opposition to Pretec's Motion to Change
16  Time on October 27, 2007 in *Acticon Technologies LLC v. Pretec Electronics Corp., et. al.*, Case
17  No. C 06-4679 JF (HRL), (Docket Entry 22).

18       35.     That same day, October 27, 2007, Pretec Technology, Inc. filed a Certificate of
19  Amendment of Articles of Incorporation with the California Secretary of State to change its
20  corporate name to PTI GLOBAL, INC.,

21       36.     On or about October 31, 2006, the Court granted PRETEC's motion in *Acticon*
22  *Technologies LLC v. Pretec Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL), and
23  continued the initial Case Management Conference scheduled for November 29, 2006 to February
24  2, 2007.  (Docket Entry 24).

25       37.     On or about November 28, 2006, one day prior to the originally scheduled Case
26  Management Conference, PRETEC filed a Certificate of Dissolution in the office of the Secretary
27  of State of California.  A true and correct copy of the Certificate of Dissolution is attached hereto as
28  Exhibit "F".  Despite PRETEC having been placed on actual notice of the patent infringement

{00254176v1}                                        -7-

1  lawsuit pending against it in the United States District Court for the Northern District of California,

2  Defendant CHIU FENG CHEN certified and declared under penalty of perjury in the Certificate of

3  Dissolution that, *inter alia*, "THE CORPORATION'S KNOWN DEBTS AND LIABILTIES

4  HAVE BEEN ACTUALLY PAID."

5  38.  PRETEC did not appear at the February 2, 2007 Case Management Conference in

6  *Acticon Technologies LLC v. Pretec Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL).

7  39.  ACTICON is informed and believes, and thereon alleges, that Defendants PTI

8  GLOBAL, INC., CHIU FENG CHEN, ROBERT WU, TOMMY HO, KUEI LU, GRACE YU,

9  GORDON YU and DOES 1 through 20 and each of them, continue to make, use, import, distribute,

10  offer for sale and/or sell the Accused Products, and possibly other products that infringe the

11  Patents-in-Suit, in the United States through Defendant PTI GLOBAL, INC..

12  40.  ACTICON is informed and believes, and thereon alleges, that Defendants PTI

13  GLOBAL, INC., CHIU FENG CHEN, ROBERT WU, TOMMY HO, KUEI LU, GRACE YU,

14  GORDON YU and DOES 1 through 20 and each of them, continue to make, use, import, distribute,

15  offer for sale and/or sell the Accused Products, and possibly other products that infringe the

16  Patents-in-Suit, in the United States through one or more unknown business entities.

17  41.  ACTICON is informed and believes, and thereon alleges, that DEFENDANTS

18  fraudulently transferred PRETEC's assets to Defendant PTI GLOBAL, INC. in order to continue

19  operating PRETEC's business, including the manufacture, distribution and sale of PCMCIA,

20  CompactFlash and Secure Digital I/O form factor electronic connectors in the United States, after

21  PRETEC's corporate dissolution.

22

23  ## GENERAL PATENT CLAIMS ALLEGATIONS

24  42.  ACTICON is the sole and exclusive owner of United States Patent No. 4,603,320,

25  issued on July 29, 1986, entitled "Connector Interface."

26  43.  ACTICON is the sole and exclusive owner of United States Patent No. 4,543,450,

27  issued on September 24, 1985, entitled "Integrated Connector and Modem."

28  44.  ACTICON is the sole and exclusive owner of United States Patent No 4,972,470,

1   issued on November 20, 1990 entitled "Programmable Connector."

2     45.     ACTICON is the sole and exclusive owner of United States Patent No. 4,686,506,

3   issued on August 11, 1987, entitled "Multiple Connector Interface."

4     46.     The Patents-in-Suit describe various electronic connectors that convert signals

5   between a computer and certain external devices in order to obtain a desired connecting

6   configuration and/or function.

7     47.     ACTICON is informed and believes, and thereon alleges, that prior to on or about

8   November 28, 2006, PRETEC made, used, imported, distributed, offered for sale and/or sold

9   certain products in the United States that infringe upon the Patents-in-Suit, including, but not

10   limited to, CompactFlash form factor I/O devices such as Ethernet and Modem cards, Secure

11   Digital form factor I/O devices such as the Whanto Modem, PCMCIA form factor devices such as

12   Ethernet, Modem and Combo cards, as well as other CompactFlash, SDIO and PCMCIA form

13   factor devices which may be further identified during the course of discovery.

14     48.     Despite PRETEC having been placed on actual notice as to its infringing activity

15   prior to the filing of the FIRST COMPLAINT, PRETEC and/or DEFENDANTS, and each of them,

16   continued to refuse to cease and desist from their manufacture, distribution, importation, sale, or

17   offer for sale of the above-referenced Accused Products, and refused to enter into any licensing

18   agreements with ACTICON.

19     49.     After the filing of the FIRST COMPLAINT in *Acticon Technologies LLC v. Pretec*

20   *Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL), PRETEC and/or DEFENDANTS, and

21   each of them, failed and/or refused to cease and desist from their manufacture, distribution,

22   importation, sale, or offer for sale of the above-referenced Accused Products, and refused to enter

23   into any licensing agreements with ACTICON.

24     50.     ACTICON is informed and believes, and thereon alleges, that after PRETEC's

25   alleged dissolution on or about November 28, 2006, PTI GLOBAL, INC., the successor to

26   PRETEC, continued to make, use, import, distribute, offer for sale and/or sell certain PRETEC

27   brand products in the United States that infringe upon the Patents-in-Suit, including, but not limited

28   to, PRETEC brand CompactFlash form factor I/O devices such as Ethernet and Modem cards,

{00254176v1}               -9-

1   Secure Digital form factor I/O devices such as the Whanto Modem, PCMCIA form factor devices

2   such as Ethernet, Modem and Combo cards, as well as other CompactFlash, SDIO and PCMCIA

3   form factor devices which may be further identified during the course of discovery.

4       51.    ACTICON is informed and believes, and thereon alleges, that after PRETEC's

5   dissolution on or about November 28, 2006, Defendants CHIU FENG CHEN, TOMMY HO,

6   ROBERT WU, KUEI LU, GRACE YU, GORDON YU and DOES 1 through 20, on behalf of PTI

7   GLOBAL, INC. and/or DOES 1 through 20, continued to make, use, import, distribute, offer for

8   sale and/or sell certain PRETEC brand products in the United States that infringe upon the Patents-

9   in-Suit, including, but not limited to, PRETEC brand CompactFlash form factor I/O devices such as

10  Ethernet and Modem cards, Secure Digital form factor I/O devices such as the Whanto Modem,

11  PCMCIA form factor devices such as Ethernet, Modem and Combo cards, as well as other

12  CompactFlash, SDIO and PCMCIA form factor devices which may be further identified during the

13  course of discovery.

### COUNT I

#### Successor Liability – All Patents-in-Suit
#### (Against PTI GLOBAL)

17      52.    ACTICON repeats and realleges each of the allegations set forth in paragraphs 1

18  through 51, as though fully set forth herein.

19      53.    ACTICON is informed and believes, and thereon alleges, that prior to PRETEC'S

20  dissolution on or about November 28, 2006, PRETEC made, used, imported, distributed, offered

21  for sale and/or sold the Accused Products, and possibly other products that infringe the Patents-in-

22  Suit through PTI GLOBAL, INC., and/or DOES 1 through 20.

23      54.    ACTICON is informed and believes, and thereon alleges, that PRETEC and PTI

24  GLOBAL, INC. share the same shareholders and directors.

25      55.    ACTICON is informed and believes, and thereon alleges, that PRETEC transferred

26  its assets to PTI GLOBAL for the fraudulent and wrongful purpose of avoiding liability on the

27  claims ACTICON asserted against PRETEC in the FIRST COMPLAINT in *Acticon Technologies*

28  *LLC v. Pretec Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL).

56.     ACTICON is informed and believes, and thereon alleges, that PTI GLOBAL, INC. is a mere continuation of PRETEC.   ACTICON is further informed and believes, and thereon alleges, that PTI GLOBAL, INC. carries on the same business that PRETEC was engaged in prior to PRETEC's dissolution, namely the manufacture, use, importation, distribution, offering for sale and/or selling of PCMCIA, CompactFlash and Secure Digital I/O form factor electronic connectors.

57.     ACTICON is informed and believes, and thereon alleges, that PTI GLOBAL, INC. continues to make, use, import, distribute, offer for sale and/or sell the Accused Products under the PRETEC brand, and possibly other products that infringe the Patents-in-Suit.   ACTICON is informed and believes, and thereon alleges, that PTI GLOBAL, INC. sells exclusively PRETEC products, including, but not limited to, the Accused Products.

58.     ACTICON is informed and believes, and thereon alleges, that PTI GLOBAL, INC. sells PRETEC products online at various locations on the world wide web, including, but not limited to, PTI GLOBAL, INC.'s web site, located at www.ptiglobalusa.com.   The homepage of PTI GLOBAL, INC.'s web site contains the header, "Flash Memory Innovation by PRETEC."

59.     ACTICON is informed and believes, and thereon alleges, that PTI GLOBAL, INC. also sells PRETEC products online at PTI GLOBAL, INC.'s storefront in Amazon.com's online marketplace, located at http://www.amazon.com/shops/pti_global.   The "About PTI Global Inc." section of PTI GLOBAL, INC.'s storefront, states, "Since 1993, PRETEC brand has been recognized internationally for it's [sic] experience in pioneering innovative and quality products offered to the data storage, mobile computing and industrial markets.   PRETEC brand is focused on global markets providing it's [sic] full-line of own brand-name products:   USB device storage, Flash memory Card storage, Multi-Media solution, Mobile Peripherals, Multi-Function, Industrial storage and Accessory.   PRETEC brand products with unique ID design and highest reliability create PRETEC's winning formula, reaching the customer's needs and enhancing your digital world."

60.     ACTICON is informed and believes, and thereon alleges, that PTI GLOBAL, INC.'s web site lists PTI GLOBAL, INC.'s address as "231 Whitney Place, Fremont, CA  94539" and lists PTI GLOBAL, INC.'s telephone number as "510-249-9055." *See*

-11-

1  *http://www.ptiglobalusa.com/info.html.*  ACTICON is informed and believes, and thereon alleges,

2  that the Technical Contact for PRETEC listed on the WHOIS record for "pretec.com" is an

3  individual whose address is "231 Whitney Place, Fremont, CA 94539" and whose telephone

4  number is "510-249-9055."

5      61.    ACTICON is informed and believes, and thereon alleges, that an Internet search for

6  "Pretec Electronics Corporation" in "Fremont, California," performed at the web site

7  www.google.com/maps returns an address of "231 Whitney Place, Fremont, CA 94539" and a

8  phone number of "(510) 249-9055." ACTICON is informed and believes, and thereon alleges, that

9  an Internet search for "Pretec Electronics Corporation" in "Fremont, California," performed at the

10  web site www.maps.yahoo.com also returns an address of "231 Whitney Place, Fremont, CA

11  94539" and a phone number of "(510) 249-9055."

12      62.    ACTICON is informed and believes, and thereon alleges, that PTI GLOBAL, INC.

13  is a successor corporation to PRETEC. ACTICON is informed and believes, and thereon alleges,

14  that (1) PTI GLOBAL INC. shares practically the same shareholders and directors as PRETEC; (2)

15  that PRETEC transferred substantially all of its assets to PTI GLOBAL, INC., but PTI GLOBAL,

16  INC. did not pay certain of PRETEC's debts or liabilities; and (3) that PTI GLOBAL, INC. carries

17  on the same business as PRETEC conducted prior to PRETEC's dissolution.

18      63.    PRETEC's conduct in making, using, importing, distributing, offering for sale

19  and/or selling the Accused Products, and possibly other infringing products, constituted an

20  infringement of ACTICON'S rights under the Patents-in-Suit.

21      64.    ACTICON has been damaged by PRETEC's infringing conduct, and as PRETEC's

22  successor, PTI GLOBAL, INC. therefore is liable to ACTICON for actual damages suffered by

23  ACTICON and any profits realized on the sale of the Accused Products which are not taken into

24  account in the computation of actual damages, as well as any statutory damages, such as treble

25  damages.

26      65.    ACTICON is informed and believes, and thereon alleges, that PRETEC's

27  infringement of the Patents-in-Suit prior to PRETEC's dissolution was willful and deliberate.

28      WHEREFORE, ACTICON seeks relief as set forth in the Prayer, below.

1

## COUNT II

2

**Patent Infringement (Alter Ego) – All Patents-in-Suit**
**(Against CHIU FENG CHEN, TOMMY HO, ROBERT WU,**
**GRACE YU, KUEI LU and GORDON YU)**

3

4      66.    ACTICON repeats and realleges each of the allegations set forth in paragraphs 1

5   through 65, as though fully set forth herein.

6      67.    ACTICON is informed and believes, and thereon alleges, that Defendants CHIU

7   FENG CHEN, TOMMY HO, ROBERT WU, GRACE YU, KUEI LU and GORDON YU

8   (hereinafter collectively "INDIVIDUAL DEFENDANTS") were officers, directors and/or majority

9   shareholders of PRETEC.

10     68.    ACTICON is informed and believes, and thereon alleges, that the INDIVIDUAL

11  DEFENDANTS, and each of them, are the alter ego of PRETEC in that the INDIVIDUAL

12  DEFENDANTS, among other actions and omissions: (1) commingled funds and other assets,

13  failed to segregate funds of separate entities, and made unauthorized diversions of corporate funds

14  and assets to other than corporate uses; (2) treated the assets of PRETEC as their own; (3) failed to

15  maintain minutes and adequate corporate records and caused the confusion of the records of

16  separate entities; (4) used PRETEC as a mere shell, instrumentality and conduit for a single venture

17  and business of their own device; (5) disregarded the legal formalities of the corporation, and failed

18  to maintain arms-length relationships with PRETEC and their other affiliate entities; (6) used

19  PRETEC's corporate entity to procure labor, services and merchandise for their own benefit and the

20  benefit of their other affiliated entities; and (7) diverted assets of PRETEC to themselves and/or

21  their other affiliated entities, to the detriment of PRETEC's creditors.

22     69.    ACTICON is informed and believes, and thereon alleges, that PRETEC was

23  influenced and governed by the INDIVIDUAL DEFENDANTS and that there is such a unity of

24  interest and ownership that the individuality, or separateness of PRETEC and the INDIVIDUAL

25  DEFENDANTS has ceased and that the INDIVIDUAL DEFENDANTS are the alter ego of

26  PRETEC. ACTICON is further informed and believes, and thereon alleges, that the facts are such

27  that an adherence to the fiction of the separate existence of the PRETEC corporation from the

28  INDIVIDUAL DEFENDANTS would sanction fraud and promote injustice.

1   70. ACTICON is informed and believes, and thereon alleges, that the INDIVIDUAL

2 DEFENDANTS, in their capacities as officers, directors and/or majority shareholders of PRETEC,

3 had been placed on notice of the FIRST COMPLAINT in *Acticon Technologies LLC v. Pretec*

4 *Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL), and of PRETEC's alleged infringing

5 activity.

6   71. ACTICON is informed and believes, and thereon alleges, that despite the

7 INDIVIDUAL DEFENDANTS having been placed on notice of the FIRST COMPLAINT, the

8 INDIVIDUAL DEFENDANTS continued to allow and/or assented to PRETEC's making, using,

9 importing, distributing, offering for sale and/or selling the Accused Products.

10   72. PRETEC's conduct in making, using, importing, distributing, offering for sale

11 and/or selling the Accused Products, and possibly other infringing products, constituted an

12 infringement of ACTICON'S rights under the Patents-in-Suit.

13   73. ACTICON is informed and believes, and thereon alleges, that the INDIVIDUAL

14 DEFENDANTS actively induced others to infringe, and/or commit acts of contributory

15 infringement of one or more claims of the Patents-in-Suit, through their activities related to making,

16 using, importing, distributing, offering for sale and/or selling the Accused Products, all in violation

17 of 35 U.S.C. § 271.

18   74. ACTICON has been damaged by PRETEC's infringing conduct, and as the officers,

19 directors and/or majority shareholders of PRETEC, the INDIVIDUAL DEFENDANTS therefore

20 are liable to ACTICON for actual damages suffered by ACTICON, and any profits realized on the

21 sale of the Accused Products which are not taken into account in the computation of actual

22 damages, as well as any statutory damages, such as treble damages.

23   75. ACTICON is informed and believes, and thereon alleges, that PRETEC's

24 infringement of the Patents-in-Suit prior to PRETEC's dissolution was willful and deliberate.

25   76. ACTICON has been damaged by the actions of the INDIVIDUAL DEFENDANTS

26 in that the INDIVIDUAL DEFENDANTS have transferred the assets and corporate funds of

27 PRETEC to deprive PRETEC of the monies and ability to meet its obligations for liability under

28 the FIRST COMPLAINT in *Acticon Technologies LLC v. Pretec Electronics Corp., et. al.*, Case

1  No. C 06-4679 JF (HRL).

2      77.    ACTICON hereby asserts its claim to recovery of any sums not paid by PRETEC for

3  PRETEC's infringing conduct against the officer, director and majority shareholder INDIVIDUAL

4  DEFENDANTS.

5      WHEREFORE, ACTICON seeks relief as set forth in the Prayer, below.

6

7                              **COUNT III**

8              **Patent Infringement (Vicarious Liability) – All Patents-in-Suit**
               **(Against CHIU FENG CHEN, TOMMY HO, ROBERT WU,**
9                   **GRACE YU, KUEI LU and GORDON YU)**

10     78.    ACTICON repeats and realleges each of the allegations set forth in paragraphs 1

11  through 77, as though fully set forth herein.

12     79.    ACTICON is informed and believes, and thereon alleges, that the INDIVIDUAL

13  DEFENDANTS fraudulently and wrongfully transferred the assets of PRETEC to PTI GLOBAL,

14  INC. and committed other acts not yet known to Plaintiff in order to avoid liability on the claims

15  asserted against PRETEC in the FIRST COMPLAINT in *Acticon Technologies LLC v. Pretec*

16  *Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL).

17     80.    ACTICON is informed and believes, and thereon alleges, that the INDIVIDUAL

18  DEFENDANTS are the officers, directors and/or majority shareholders of PTI GLOBAL, INC.

19     81.    ACTICON is informed and believes, and thereon alleges, that PTI GLOBAL, INC.'s

20  infringement of the Patents-in-Suit subsequent to PRETEC's dissolution has been and continues to

21  be willful and deliberate.

22     82.    ACTICON has been damaged by the actions of the INDIVIDUAL DEFENDANTS

23  in that the INDIVIDUAL DEFENDANTS have transferred the assets and corporate funds of

24  PRETEC to deprive PRETEC of the monies and ability to meet its obligations for liability under

25  the FIRST COMPLAINT in *Acticon Technologies LLC v. Pretec Electronics Corp., et. al.*, Case

26  No. C 06-4679 JF (HRL).

27     83.    ACTICON hereby asserts its claim to recovery of any sums not paid by PRETEC for

28  PRETEC's infringing conduct against the officer, director and majority shareholder INDIVIDUAL

{00254176v1}                        -15-

Complaint for Patent Infringement, etc.

1  DEFENDANTS.

2      WHEREFORE, ACTICON seeks relief as set forth in the Prayer, below.

3                          **COUNT IV**

4            **Fraudulent Transfer – Civil Code § 3439 et seq.**
5                     **(Against ALL DEFENDANTS)**

6      84.     ACTICON repeats and realleges each of the allegations set forth in paragraphs 1

7  through 83, as though fully set forth herein.

8      85.     ACTICON is informed and believes, and thereon alleges, that PRETEC, PTI

9  GLOBAL, INC. and/or the INDIVIDUAL DEFENDANTS fraudulently transferred PRETEC's

10  assets to PTI GLOBAL, INC. with the intent to hinder, delay or defraud ACTICON in pursuing its

11  claims arising out of the FIRST COMPLAINT against PRETEC in *Acticon Technologies LLC v.*

12  *Pretec Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL).

13     86.     ACTICON is informed and believes, and thereon alleges, that in order to remove its

14  assets and conceal the transfer of its assets, PRETEC filed for corporate dissolution with the

15  California Secretary of State in November 2006.

16     87.     ACTICON is informed and believes, and thereon alleges, that PRETEC, PTI

17  GLOBAL, INC. and/or the INDIVIDUAL DEFENDANTS transferred PRETEC's assets to PTI

18  GLOBAL, INC. without receiving a reasonably equivalent value in exchange for the transfer and

19  were engaged in a transaction (or series of transactions) for which its remaining assets were

20  unreasonably small in relation to the transactions.

21     88.     ACTICON is informed and believes, and thereon alleges, that PTI GLOBAL, INC.

22  shares the same officers, directors and majority shareholders as the officers, directors and majority

23  shareholders that PRETEC possessed prior to PRETEC's dissolution.

24     89.     ACTICON is informed and believes, and thereon alleges, that the INDIVIDUAL

25  DEFENDANTS were officers, directors and/or majority shareholders of PRETEC prior to

26  PRETEC's dissolution in or about November 2006. ACTICON is informed and believes, and

27  thereon alleges, that the INDIVIDUAL DEFENDANTS are the officers, directors and/or majority

28  shareholders of PTI GLOBAL, INC.

Complaint for Patent Infringement, etc.

1    90.    ACTICON is informed and believes, and thereon alleges, that PRETEC did not

2  cease its business operations despite filing a Certificate of Corporate Dissolution with the

3  California Secretary of State. ACTICON is informed and believes, and thereon alleges, that

4  PRETEC continues to do business in the United States under the PRETEC ELECTRONICS

5  CORPORATION brand and name and also does business as PTI GLOBAL, INC.

6    91.    ACTICON is informed and believes, and thereon alleges, that PTI GLOBAL, INC.

7  sells only PRETEC brand products on its web site, located at www.ptiglobalusa.com. ACTICON is

8  further informed and believes, and thereon alleges, that PTI GLOBAL, INC.'s web site was

9  registered in or about February 2007, approximately two months after PRETEC's dissolution.

10    92.    ACTICON is further informed and believes, and thereon alleges, that PRETEC

11  issued a press release on or about April 4, 2007, announcing its new Ruggedized Industrial

12  CompactFlash card. A true and correct copy of the April 4, 2007 press release is attached hereto as

13  Exhibit "G", and incorporated by reference.

14    93.    ACTICON is informed and believes, and thereon alleges, that PTI GLOBAL, INC.

15  has been and continues to be PRETEC's United States company headquarters office.

16    94.    ACTICON has been damaged by PRETEC's and/or the INDIVIDUAL

17  DEFENDANTS' fraudulent and wrongful transfer of assets to PTI GLOBAL, INC., which prevents

18  ACTICON from collecting any monies due to ACTICON for PRETEC's liabilities under the

19  FIRST COMPLAINT in *Acticon Technologies LLC v. Pretec Electronics Corp., et. al.*, Case No. C

20  06-4679 JF (HRL).

21    95.    ACTICON hereby asserts its claim to recovery of any sums not paid by PRETEC

22  ELECTRONICS CORPORATION against the officer, director and majority shareholder

23  INDIVIDUAL DEFENDANTS.

24    WHEREFORE, ACTICON seeks relief as set forth in the Prayer, below.

25

26

27

28

{00254176v1}                                    -17-

Complaint for Patent Infringement, etc.

1

2

## COUNT V

3

**Conspiracy to Fraudulently Transfer Assets**
**(Against ALL DEFENDANTS)**

4    96.    ACTICON repeats and realleges each of the allegations set forth in paragraphs 1

5    through 95, as though fully set forth herein.

6    97.    ACTICON is informed and believes, and thereon alleges, that DEFENDANTS

7    agreed to engage in and engaged in a common course of conduct to fraudulently transfer

8    PRETEC's assets to PTI GLOBAL, INC. with the intent to hinder, delay or defraud ACTICON in

9    pursuing its claims against PRETEC arising out of the FIRST COMPLAINT in *Acticon*

10    *Technologies LLC v. Pretec Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL).

11    98.    ACTICON is informed and believes, and thereon alleges, that in furtherance of the

12    conspiracy, DEFENDANTS transferred PRETEC's assets without receiving a reasonably

13    equivalent value in exchange for the transfer and were engaged in a transaction (or series of

14    transactions) for which PRETEC's remaining assets were unreasonably small in relation to the

15    transactions.

16    99.    ACTICON is informed and believes, and thereon alleges, that DEFENDANTS

17    committed the acts described in paragraphs 97 and 98 intentionally and in furtherance of the

18    conspiracy to commit the unlawful transfer of PRETEC's assets.

19    100.    As a result of the above-described fraudulent conveyance, ACTICON has been

20    damaged in an amount according to proof at trial.

21    WHEREFORE, ACTICON seeks relief as set forth in the Prayer, below.

22

## COUNT VI

23

**Improper Dissolution**
**(Against ALL DEFENDANTS)**

24

25    101.    ACTICON repeats and realleges each of the allegations set forth in paragraphs 1

26    through 100, as though fully set forth herein.

27    102.    ACTICON is informed and believes, and thereon alleges, that the INDIVIDUAL

28    DEFENDANTS and/or DOES 1 THROUGH 20 participated in a voluntary proceeding for winding

{00254176v1}                                    -18-

1 up PRETEC.

2    103.    ACTICON is informed and believes, and thereon alleges, that PRETEC failed to
3 cease business, all in violation of California Corporations Code Section 1903(c).

4    104.    ACTICON is informed and believes, and thereon alleges, that PRETEC improperly
5 filed for corporate dissolution with the California Secretary of State despite knowing of PRETEC's
6 potential liabilities under the claims set forth in the FIRST COMPLAINT in *Acticon Technologies*
7 *LLC v. Pretec Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL).

8    105.    ACTICON is informed and believes, and thereon alleges, that PRETEC fraudulently
9 signed a certificate of dissolution stating that PRETEC's known debts and liabilities have been
10 actually paid, or adequately provided for, or paid or adequately provided for as far as its assets
11 permitted or that it has incurred no known debts or liabilities when in fact, PRETEC's liabilities
12 under the claims set forth in the FIRST COMPLAINT in *Acticon Technologies LLC v. Pretec*
13 *Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL), had not been paid or adequately provided
14 for, all in violation of California Corporations Code Section 1905(a)(2).

15    106.    ACTICON is informed and believes, and thereon alleges, that PRETEC dissolved its
16 corporation and fraudulently and wrongfully transferred its assets to PTI GLOBAL, INC. in order
17 to avoid liability for the claims set forth in the FIRST COMPLAINT in *Acticon Technologies LLC*
18 *v. Pretec Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL).

19    107.    ACTICON has been damaged by the actions of the INDIVIDUAL DEFENDANTS
20 and/or DOES 1 through 20 in that the INDIVIDUAL DEFENDANTS and/or DOES 1 through 20,
21 having fraudulently and wrongfully executed PRETEC's certificate of dissolution and having
22 transferred the assets and corporate funds of PRETEC to deprive PRETEC of the monies and
23 ability to meet its obligations for liability under the FIRST COMPLAINT in *Acticon Technologies*
24 *LLC v. Pretec Electronics Corp., et. al.*, Case No. C 06-4679 JF (HRL), improperly filed for the
25 corporate dissolution of PRETEC.

26    WHEREFORE, ACTICON seeks relief as set forth in the Prayer, below.

27

28

Complaint for Patent Infringement, etc.

## **PRAYER FOR RELIEF**

WHEREFORE, ACTICON prays for judgment against DEFENDANTS as follows:

1.    On Count I, for judgment that PTI GLOBAL, INC. has infringed the Patents-in-Suit.

2.    On Count I for judgment that PTI GLOBAL, INC. has induced infringement of the Patents-in-Suit;

3.    On Counts I, for judgment that PTI GLOBAL INC.'s infringement of the Patents-In-Suit is, and has been, willful and deliberate;

4.    On Count II, for judgment that the INDIVIDUAL DEFENDANTS, and each of them, are the alter ego of PRETEC, for damages suffered by ACTICON as a consequence of DEFENDANTS' actions herein and for exemplary and punitive damages;

5.    On Counts II and III, for judgment that the INDIVIDUAL DEFENDANTS, and each of them, have infringed the Patents-in-Suit;

6.    On Counts II and III, for judgment that the INDIVIDUAL DEFENDANTS, and each of them, induced the infringement of the Patents-in-Suit;

7.    On Counts II and III, for judgment that the INDIVIDUAL DEFENDANTS, and each of them, contributorily infringed the Patents-in-Suit;

8.    On Count III, for judgment that the INDIVIDUAL DEFENDANTS, and each of them, are vicariously liable for the damage and harm caused by PRETEC's infringing conduct;

9.    On Count IV, for judgment that DEFENDANTS, and each of them, fraudulently transferred the assets of PRETEC, for damages suffered by ACTICON as a consequence of DEFENDANTS' actions herein and for exemplary and punitive damages;

10.    On Count V, for judgment that DEFENDANTS, and each of them, conspired to fraudulently transfer the assets of PRETEC;

11.    On Count VI, for judgment that DEFENDANTS, and each of them, improperly dissolved PRETEC; for damages suffered by ACTICON as a consequence of DEFENDANTS' actions herein and for exemplary and punitive damages.

12.    On Counts I, II, and III, for an award of damages pursuant to 35 U.S.C. § 284 adequate to compensate ACTICON for DEFENDANTS' infringement of the Patents-In-Suit; but

Complaint for Patent Infringement, etc.

1  not less than a reasonable royalty, with interest, including pre-judgment interest, and a trebling of

2  such damages in view of the willful and deliberate nature of the infringement;

3      13.     On Counts I, II, and III, for costs, including expenses and reasonable attorney's fees

4  pursuant to 35 U.S.C. §§ 284 and 285; and

5      14.     For further and/or alternative relief as deemed just and proper.

6

7  Dated: August **28**, 2007                    CARR & FERRELL *LLP*

8

9                                          By: _Christine Watson_

10                                              ROBERT J. YORIO
                                                COLBY B. SPRINGER
                                                CHRISTINE S. WATSON

11
                                                Attorneys for Plaintiff
12                                              ACTICON TECHNOLOGIES LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Patent Infringement, etc.

1

## DEMAND FOR JURY TRIAL

2

3    Plaintiff ACTICON TECHNOLOGIES LLC hereby demands a jury trial of all issues in the

4    above-captioned action which are triable to a jury.

5

6    Dated: August 28, 2007                    CARR & FERRELL *LLP*

7

8                                       By: _Robert J. Yorio_

9                                           ROBERT J. YORIO
                                            COLBY B. SPRINGER
                                            CHRISTINE S. WATSON
10

11                                          Attorneys for Plaintiff
                                            ACTICON TECHNOLOGIES LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00254176v1}                              -22-