ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
COLBY B. SPRINGER (SBN 214868)
cspringer@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Plaintiff
ACTICON TECHNOLOGIES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC., a California corporation; CHIU FENG CHEN, an individual; GORDON YU, an individual; TOMMY HO, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20,<br><br>Defendants. | CASE NO. C 07-4507 JF (HRL)<br><br>**NOTICE OF PLAINTIFF ACTICON TECHNOLOGIES LLC'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:     TBD<br>Time:     TBD<br>Judge:    Hon. Jeremy Fogel<br>Courtroom: 3, Fifth Floor |

PLEASE TAKE NOTICE THAT, pursuant to L.R. 65-1(b), on October 4, 2007, Plaintiff ACTICON TECHNOLOGIES LLC ("ACTICON") will file its Ex Parte Motion for Temporary Restraining Order and seek a date and time for a hearing on its Motion for Preliminary Injunction as soon as the matter can be heard, in the Courtroom or Chambers of the Honorable Jeremy Fogel, United States District Judge, Courtroom 3, Fifth Floor, United States District Courthouse, 280 South First Street, San Jose, California, 95113.

Pursuant to Fed.R.Civ.P. 65, ACTICON hereby respectfully moves the Court for the entry

{00260446v1}                              -1-
Notice of Plaintiff Acticon Technologies LLC's Ex Parte Application for
Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

of a Temporary Restraining Order and eventually a Preliminary Injunction enjoining the defendants in this case ("DEFENDANTS") from transferring, selling or otherwise moving or removing any corporate assets of Defendant PTI GLOBAL, INC. to any business entity or individual, including Defendants CHIU FENG CHEN, TOMMY HO, KUEI LU, GRACE YU, GORDON YU and ROBERT WU (collectively "INDIVIDUAL DEFENDANTS"), except for the transferring, selling, moving or removing of assets that ordinarily occurs in the normal course of business.

ACTICON's Ex Parte Application for Temporary Restraining Order and Preliminary Injunction are based on the following grounds:

1. ACTICON is the sole and exclusive owner of United States Patent No. 4,603,320, issued on July 29, 1986, entitled "Connector Interface," United States Patent No. 4,543,450, issued on September 24, 1985, entitled "Integrated Connector and Modem," United States Patent No 4,972,470, issued on November 20, 1990 entitled "Programmable Connector," and United States Patent No. 4,686,506, issued on August 11, 1987, entitled "Multiple Connector Interface" (collectively "Patents-in-Suit"). The Patents-in-Suit describe various electronic connectors that convert signals between a computer and certain external devices in order to obtain a desired connecting configuration and/or function.

2. Prior to commencing the instant action, ACTICON filed a complaint entitled *Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, on August 1, 2006, in the United States District Court for the Northern District of California, Case No. C 06-4679 JF (HRL) ("FIRST COMPLAINT"), alleging that Defendant PRETEC ELECTRONICS CORPORATION ("PRETEC") designed, manufactured, marketed, distributed, imported, sold and/or offered for sale in the United States PCMCIA, CompactFlash and Secure Digital I/O form factor electronic connectors which infringed the Patents-in-Suit ("Accused Products").

3. On September 19, 2006, the Clerk of the United States District Court, Northern District of California entered the default of PRETEC in *Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL), as Docket Entry 13.

{00260446v1}                           -2-
Notice of Plaintiff Acticon Technologies LLC's Ex Parte Application for
Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

4. Notwithstanding the default entered against PRETEC, on or about October 19, 2006, PRETEC filed a motion captioned, "Motion to Change Time," requesting a sixty-day continuance of the November 29, 2006 Case Management Conference in *Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL), (Docket Entry 21), in order to retain counsel.

5. On October 26, 2007, in response from correspondence from ACTICON, Defendant TOMMY HO wrote in an e-mail message to counsel for ACTICON, "Thanks for the information. We will study the accused products as you claimed. If we agree, then we will prepare the past years of sales information. If we disagree on some of the accused products, we will contact you to discuss. We will try to get as much sales information as possible."

6. Based on Defendant TOMMY HO's agreement on behalf of PRETEC to provide sales information for the Accused Products to ACTICON, ACTICON did not seek entry of default judgment against PRETEC, did not oppose PRETEC's Motion to Change Time and filed a Statement of Non-Opposition to Pretec's Motion to Change Time on October 27, 2007 in *Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL), (Docket Entry 22).

7. That same day, October 27, 2007, a Fremont corporation, Pretec Technology, Inc., filed a Certificate of Amendment of Articles of Incorporation with the California Secretary of State to change its corporate name to PTI GLOBAL, INC.

8. On or about October 31, 2006, the Court granted PRETEC's motion in *Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL), and continued the Initial Case Management Conference originally scheduled for November 29, 2006 to February 2, 2007 (Docket Entry 24).

9. On or about November 28, 2006, one day prior to the originally scheduled Case Management Conference, PRETEC filed a Certificate of Dissolution in the office of the Secretary of State of California. Despite PRETEC having been placed on actual notice of the patent infringement lawsuit pending against it in the United States

{00260446v1}                    -3-
Notice of Plaintiff Acticon Technologies LLC's Ex Parte Application for
Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

District Court for the Northern District of California, Defendant CHIU FENG CHEN certified and declared under penalty of perjury in the Certificate of Dissolution that, *inter alia*, "THE CORPORATION'S KNOWN DEBTS AND LIABILTIES HAVE BEEN ACTUALLY PAID."

10. PRETEC transferred its assets to PTI GLOBAL for the fraudulent and wrongful purpose of avoiding liability on the claims that ACTICON asserted against PRETEC in the FIRST COMPLAINT in *Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL) and in order to continue operating PRETEC's business, including the manufacture, distribution and sale of PCMCIA, CompactFlash and Secure Digital I/O form factor electronic connectors in the United States, after PRETEC's corporate dissolution.

11. PTI GLOBAL, INC. sells only PRETEC brand products on its web site, located at www.ptiglobalusa.com. In addition, PRETEC, who supposedly dissolved in November 2006, issued a press release on or about April 4, 2007, announcing its new Ruggedized Industrial CompactFlash card.

12. PTI GLOBAL, INC. also sells PRETEC products online at PTI GLOBAL, INC.'s storefront in Amazon.com's online marketplace, located at http://www.amazon.com/shops/pti_global. The "About PTI Global Inc." section of PTI GLOBAL, INC.'s storefront, states, "Since 1993, PRETEC brand has been recognized internationally for it's [sic] experience in pioneering innovative and quality products offered to the data storage, mobile computing and industrial markets. PRETEC brand is focused on global markets providing it's [sic] full-line of own brand-name products: USB device storage, Flash memory Card storage, Multi-Media solution, Mobile Peripherals, Multi-Function, Industrial storage and Accessory. PRETEC brand products with unique ID design and highest reliability create PRETEC's winning formula, reaching the customer's needs and enhancing your digital world."

Notice of Plaintiff Acticon Technologies LLC's Ex Parte Application for
Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

13. The timing of this motion is critical: PTI GLOBAL, INC. will likely transfer its assets again in order to avoid liability in the instant action, as PRETEC did when it transferred its assets to PTI GLOBAL, INC. in order to avoid liability in the FIRST COMPLAINT.

14. A Temporary Restraining Order is appropriate in this case because ACTICON will suffer immediate and irreparable harm if DEFENDANTS are not immediately restrained from transferring, selling or otherwise moving or removing any corporate assets of Defendant PTI GLOBAL, INC. to any business entity or individual, including the INDIVIDUAL DEFENDANTS. ACTICON's counsel has certified to the Court in writing that ACTICON has served notice of ACTICON's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction to PTI GLOBAL, INC. via facsimile and is attempting to serve the DEFENDANTS with the SECOND COMPLAINT and all papers and pleadings associated with ACTICON's Application for Temporary Restraining Order and Motion for a Preliminary Injunction on the morning of Friday, October 5, 2007. *See* Watson Decl., at ¶21; *see also* Fed.R.Civ.P. 65(b) and L.R. 65-1(b).

15. ACTICON's Ex Parte Application for Temporary Restraining Order and Motion for a Preliminary Injunction are based on ACTICON's Memorandum of Points and Authorities in Support of its Ex Parte Application for Temporary Restraining Order and Motion for a Preliminary Injunction, the Declaration of Christine S. Watson ("Watson Decl.") and ACTICON's Complaint (attached as Exhibit A to the Watson Decl.)

16. As set forth fully in ACTICON's Memorandum of Points and Authorities in Support of Its Ex Parte Application for Temporary Restraining Order and Motion for a Preliminary Injunction, ACTICON has satisfied the requirements for granting a temporary restraining order and preliminary injunction in the Ninth Circuit.

{00260446v1}                              -5-
Notice of Plaintiff Acticon Technologies LLC's Ex Parte Application for
Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

1  WHEREFORE, ACTICON respectfully requests that the Court issue, pending a full hearing on
2  ACTICON's motion for preliminary injunction, an Order
3  (i) enjoining and restraining DEFENDANTS, together with all of their officers, agents,
4  servants, employees, representatives, attorneys and assigns and all other persons, firms or
5  companies in active concert or participation with them from directly or indirectly:
6    a.  Transferring, selling, hypothecating or otherwise moving or removing any assets
7        (including cash and any other monetary sums) of Defendant PTI GLOBAL, INC. to the
8        DEFENDANTS or any defendant's parent companies, subsidiaries, officers, directors,
9        attorneys, agents, affiliates or anyone acting in concert with any defendant;
10    b.  Transferring, selling, hypothecating or otherwise moving or removing any of the
11        Accused Products to the DEFENDANTS or any defendant's parent companies,
12        subsidiaries, officers, directors, attorneys, agents, affiliates or anyone acting in concert
13        with any defendant; and
14    c.  Transferring, selling, hypothecating or otherwise moving or removing any assets
15        (including cash and any other monetary sums) of Defendant PTI GLOBAL, INC. to any
16        business entity or individual, except for the transferring, selling, moving or removing of
17        assets that ordinarily occurs in the normal course of business; and
18  (ii) setting a date and time for a hearing on ACTICON's Motion for Preliminary Injunction, as
19  set forth in the accompanying Proposed Temporary Restraining Order and Order to Show Cause for
20  Preliminary Injunction.

22  Dated: October 4, 2007        CARR & FERRELL *LLP*

24  By: /s/ Christine S. Watson
25  ROBERT J. YORIO
     COLBY B. SPRINGER
     CHRISTINE S. WATSON

26  Attorneys for Plaintiff
27  ACTICON TECHNOLOGIES LLC

{00260446v1}    -6-
Notice of Plaintiff Acticon Technologies LLC's Ex Parte Application for
Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)