ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
COLBY B. SPRINGER (SBN 214868)
cspringer@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile: (650) 812-3444

Attorneys for Plaintiff
ACTICON TECHNOLOGIES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC., a California corporation; CHIU FENG CHEN, an individual; GORDON YU, an individual; TOMMY HO, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20,<br><br>　　　　　Defendants. | CASE NO. C 07-4507 JF (HRL)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ACTICON TECHNOLOGIES LLC'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:　　　TBD<br>Time:　　　TBD<br>Judge:　　 Hon. Jeremy Fogel<br>Courtroom: 3, Fifth Floor |

{00260449v1}

Memo. of Points and Authorities ISO Plaintiff Acticon Technologies LLC's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

# TABLE OF CONTENTS

I. SUMMARY OF RELIEF SOUGHT AND NEED FOR TEMPORARY RESTRAINING ORDER ..........................................................................................1

II. BACKGROUND ..........................................................................................................2

    A. Relevant Procedural and Factual History. ......................................................2

    B. PRETEC's Improper Dissolution and DEFENDANTS' Fraudulent Transfer of PRETEC's Corporate Assets. .....................................5

III. ARGUMENT ................................................................................................................6

    A. ACTICON is Likely to Prevail on the Merits of its Fraudulent Transfer and Improper Dissolution Causes of Action. ....................................7

    B. ACTICON will Suffer Irreparable Injury if the Court Does Not Issue a Temporary Retraining Order and Preliminary Injunction. ..................8

    C. The Balance of Hardships Weighs Strongly in ACTICON's Favor. .............9

    D. A Temporary Restraining Order or Preliminary Injunction Will Not Disserve the Public Interest. .....................................................................9

    E. ACTICON is willing to Post a Bond. ............................................................10

    F. No Notice to DEFENDANTS is Required. ..................................................10

IV. CONCLUSION ..........................................................................................................11

{00260449v1}  -i-

Memo. of Points and Authorities ISO Plaintiff Acticon Technologies LLC's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

# TABLE OF AUTHORITIES

**CASES**

*Amoco Production Co. v. Village of Gambell, Alaska*, (1987) 480 U.S. 531 ............................... 7

*Arcamuzi v. Continental Air Lines, Inc.* (9th Cir. 1987) 819 F.2d 935 ......................................... 7

*Ashcroft v. American Civil Liberties Union*, (2004) 542 U.S. 656 .............................................. 7

*Department of Parks & Rec. for State of Calif. v. Bazaar Del Mundo, Inc.*, (9th Cir. 2006) 448 F.3d 1118 ....................................................................................................... 7

*Lakeview Technology, Inc. v. Robinson*, (7th Cir. 2006) 446 F.3d 655 ........................................ 9

*Weinberger v. Romero-Barcelo*, (1982) 456 U.S. 305 ................................................................ 7

**STATUTES**

Civil Local Rule 65-1(b) ............................................................................................................10

Fed.R.Civ.P. 65(b) .....................................................................................................................10

Fed.R.Civ.P. 65(c) .....................................................................................................................10

**OTHER AUTHORITIES**

Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide, *Fed. Civ. Pro. Before Trial* (The Rutter Group 2007), §13:62 ....................................................................................... 9

{00260449v1}    -ii-

Memo. of Points and Authorities ISO Plaintiff Acticon Technologies LLC's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

## I. SUMMARY OF RELIEF SOUGHT AND NEED FOR TEMPORARY RESTRAINING ORDER

ACTICON filed a patent infringement complaint in the United States District Court, Northern District of California, titled *Acticon Technologies LLC v. Pretec Electronics Corporation, et al.*, Case No. C 06-4679 JF (HRL) ("FIRST COMPLAINT"), against Defendant PRETEC ELECTRONICS CORPORATION ("PRETEC") and other defendants for infringement of U.S. Patent Nos. 4,603,320 (the "'320 Patent"); 4,543,450 (the "'450 Patent"); 4,972,470 (the "'470 Patent"); and 4,686,506 (the "'506 Patent") (collectively, the "Patents-in-Suit"), which describe various forms of electronic connectors. The FIRST COMPLAINT stated causes of action alleging that PRETEC designed, manufactured, marketed, distributed, imported, sold and/or offered for sale in the United States PCMCIA, CompactFlash and Secure Digital I/O form factor electronic connectors which infringed the Patents-in-Suit ("Accused Products")[1].

Despite being placed on notice of its infringing activity, being served with the FIRST COMPLAINT and summons, the Court's granting of a continuance of the Initial Case Management Conference to allow PRETEC to hire counsel and ACTICON's agreement to refrain from entering PRETEC's default judgment based on PRETEC's representations that it would participate in a pre-settlement process, PRETEC fraudulently filed for corporate dissolution with the California Secretary of State for the purpose of evading court process. To further its conspiracy to avoid liability under the FIRST COMPLAINT, PRETEC, along with PRETEC's officers, directors and majority shareholders, including Defendants CHIU FENG CHEN, GORDON YU, TOMMY HO, GRACE YU, ROBERT WU and KUEI LU (collectively "INDIVIDUAL DEFENDANTS"), fraudulently transferred PRETEC's assets to PTI GLOBAL, INC., a defendant in the instant action who was formerly known as Pretec Technology, Inc., in order to continue operating PRETEC's business after PRETEC's corporate dissolution.

As a result of PRETEC's unlawful conduct, ACTICON was compelled to file a second

---

[1] The Accused Products all employ an electronic connector that connects a computer and one or more external devices, whereby such electronic connector converts signals between the computer and external devices in order to obtain a desired connecting configuration and/or function.

1  action in the United States District Court, Northern District of California, titled *Acticon
2  Technologies LLC v. Pretec Electronics Corporation, et al.*, Case No. C 07-4507 JF (HRL)
3  ("SECOND COMPLAINT") against PRETEC, PTI GLOBAL, INC. and the INDIVIDUAL
4  DEFENDANTS (collectively "DEFENDANTS") for infringement of the Patents-in-Suit, fraudulent
5  transfer of assets under Civil Code Section 3439, et seq. and improper dissolution under California
6  Corporations Code Section 1903(c).
7      ACTICON now seeks a temporary restraining order and preliminary injunction in order to
8  prevent PRETEC, its successor corporation, PTI GLOBAL, INC., and the INDIVIDUAL
9  DEFENDANTS from avoiding liability for their infringing conduct for the second time by again
10 fraudulently transferring PRETEC/PTI GLOBAL, INC.'s corporate assets to another company or to
11 the INDIVIDUAL DEFENDANTS for the purpose of evading court process.
12     As demonstrated below, ACTICON meets the standards that entitle it to preliminary
13 injunctive relief.  A temporary restraining order and preliminary injunction will protect
14 ACTICON's rights and prevent ACTICON from suffering imminent and irreparable injury if the
15 status quo is not preserved.  ACTICON respectfully requests that the Court temporarily restrain and
16 preliminarily enjoin DEFENDANTS from transferring PTI GLOBAL, INC.'s assets to another
17 entity or to the INDIVIDUAL DEFENDANTS except for those transfers that ordinarily occur in
18 PTI GLOBAL, INC.'s normal course of business.
19     **II.   BACKGROUND**
20 **A.   Relevant Procedural and Factual History.**
21     ACTICON is the owner of the entire right, title and interest in the Patents-in-Suit.  *See*
22 Declaration of Christine Watson ("Watson Decl."), at ¶2. On or about August 1, 2006, ACTICON
23 filed the FIRST COMPLAINT asserting claims for patent infringement.   PRETEC was named as a
24 defendant in the FIRST COMPLAINT and Defendant ROBERT WU (as corporate representative
25 of PRETEC) was personally served with the summons and FIRST COMPLAINT at 46791 Fremont
26 Boulevard, Fremont, California, on or about August 17, 2006.  Watson Decl., at ¶3.  PRETEC did
27 not respond to the FIRST COMPLAINT on or before September 6, 2006, the deadline for PRETEC
28 to answer or otherwise respond to the FIRST COMPLAINT.  Watson Decl., at ¶4.

{00260449v1}                                                      -2-
Memo. of Points and Authorities ISO Plaintiff Acticon Technologies LLC's Ex Parte Application
for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

1    ACTICON filed a Request for Entry of Default against PRETEC on September 13, 2006,
2 and PRETEC's default was entered in *Acticon Technologies LLC v. Pretec Electronics Corp., et al.*,
3 Case No. C 06-4679 JF (HRL) on September 19, 2006.  Watson Decl., at ¶5.  On October 5, 2006,
4 ACTICON sent a letter to PRETEC via certified U.S. mail advising that ACTICON would request
5 entry of default judgment against PRETEC if PRETEC did not respond to ACTICON's
6 communication on or before October 11, 2006.  PRETEC did not respond to ACTICON's October
7 5, 2006 letter.  Watson Decl., at ¶6.

8    Notwithstanding the default entered against PRETEC, on or about October 19, 2006,
9 PRETEC filed a motion captioned, "Motion to Change Time," requesting a sixty-day continuance
10 of the November 29, 2006 Case Management Conference in *Acticon Technologies LLC v. Pretec*
11 *Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL).  This motion was signed by Defendant
12 TOMMY HO and Defendant GORDON YU.  Watson Decl., at ¶7.

13    On October 24, 2006, Defendant TOMMY HO contacted counsel for ACTICON via
14 telephone.  The following day, in a telephone conference between TOMMY HO and ACTICON's
15 counsel, TOMMY HO requested a description of the "Accused Products" in the FIRST
16 COMPLAINT and agreed to provide ACTICON with six years of annual sales information for
17 PRETEC's Accused Products.  Watson Decl., at ¶8.

18    In response to e-mail correspondence from counsel for Acticon, Defendant TOMMY HO
19 wrote in an October 26, 2006 e-mail message,

> "Thanks for the information.  We will study the accused products as you claimed.  If we agree, then we will prepare the past years of sales information.  If we disagree on some of the accused products, we will contact you to discuss.  We will try to get as much sales information as possible."  Watson Decl., at ¶9.

23    Based on Defendant TOMMY HO's agreement on behalf of PRETEC to provide sales
24 information for the Accused Products to ACTICON, ACTICON agreed not to seek entry of default
25 judgment against PRETEC, did not oppose PRETEC's Motion to Change Time and filed a
26 Statement of Non-Opposition to Pretec's Motion to Change Time on October 27, 2006, in *Acticon*
27 *Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL).  Watson
28 Decl., at ¶10.  ACTICON never received any further communication, e-mail, telephone or

{00260449v1}    -3-
Memo. of Points and Authorities ISO Plaintiff Acticon Technologies LLC's Ex Parte Application
for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

otherwise, from TOMMY HO or any other representative from PRETEC although TOMMY HO promised to provide sales information to ACTICON or at a minimum, to follow up with ACTICON.  Watson Decl., at ¶13.

The very same day, October 27, 2006, a Fremont, California based company doing business under the name Pretec Technology, Inc., who was not named a defendant in the FIRST COMPLAINT, filed a Certificate of Amendment of Articles of Incorporation with the California Secretary of State to change its corporate name to PTI GLOBAL, INC.  Watson Decl., at ¶11.

On October 31, 2006, the Court granted PRETEC's motion in *Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL) and continued the Initial Case Management Conference scheduled for November 29, 2006 to February 2, 2007, which PRETEC had requested in order to have sufficient time to obtain counsel.  Watson Decl., at ¶12; *see* Exhibit C to Watson Decl.  Counsel for ACTICON has never been contacted by any attorney purporting to be PRETEC's counsel and the Docket in Case No., C 06-4679 JF (HRL) does not reflect the filing of any Substitution of Counsel for PRETEC.  Watson Decl., at ¶13.

On November 28, 2006, one day prior to the originally scheduled Case Management Conference and one month after Pretec Technology, Inc. changed its name to PTI GLOBAL, INC., PRETEC filed a Certificate of Dissolution in the office of the Secretary of State of California.  Watson Decl., at ¶14; *see* Exhibit G attached to Watson Decl.  Defendant CHIU FENG CHEN certified and declared under penalty of perjury in the Certificate of Dissolution that, *inter alia*, "THE CORPORATION'S KNOWN DEBTS AND LIABILITIES HAVE BEEN ACTUALLY PAID."  Watson Decl., at ¶14.  Defendant CHIU FENG CHEN's certification and declaration in fact was false since the FIRST COMPLANT was pending and PRETEC had not resolved that litigation.  No one from PRETEC appeared at the rescheduled Case Management Conference on February 2, 2007.  ACTICON has not heard from PRETEC since October 26, 2006.  Watson Decl., at ¶13.  Needless to say, DEFENDANTS never informed ACTICON or this Court of their actions.

As a result of PRETEC's unlawful conduct, ACTICON filed the SECOND COMPLAINT in this action on August 20, 2007.  The SECOND COMPLAINT alleges that prior to PRETEC's improper corporate dissolution on November 28, 2006, PRETEC made, used, imported, distributed,

offered for sale and/or sold certain products in the United States that infringe upon the Patents-in-Suit, including, but not limited to, CompactFlash form factor I/O devices such as Ethernet and Modem cards, Secure Digital form factor I/O devices such as the Whanto Modem, PCMCIA form factor devices such as Ethernet, Modem and Combo cards, as well as other CompactFlash, SDIO and PCMCIA form factor devices. *See* SECOND COMPLAINT, ¶¶12, 47. The SECOND COMPLAINT further alleges that each named defendant ("DEFENDANTS") fraudulently transferred and/or conspired to fraudulently transfer PRETEC's assets to PTI GLOBAL, INC. (formerly Pretec Technology, Inc.) for the purpose of avoiding liability under the FIRST COMPLAINT and to continue operating PRETEC's business as PTI GLOBAL, INC. SECOND COMPLAINT, at ¶¶85, 86, 90, 97.

**B.    PRETEC's Improper Dissolution and DEFENDANTS'
       Fraudulent Transfer of PRETEC's Corporate Assets.**

In order to remove its assets and conceal the transfer of its assets, PRETEC filed for corporate dissolution. PRETEC did not cease its business operations despite filing a Certificate of Corporate Dissolution with the California Secretary of State, however, and continues to do business in the United States under the PRETEC ELECTRONICS CORPORATION brand and name and as PTI GLOBAL, INC. PTI GLOBAL, INC. now operates at the exact same location where PRETEC had operated prior to its dissolution. Watson Decl., at ¶18; *see* Exhibits J-K, attached to Watson Decl. Further demonstrating that PRETEC's dissolution was a sham, PRETEC, who supposedly dissolved in November 2006, issued a press release on or about April 4, 2007, announcing its new Ruggedized Industrial CompactFlash card. Watson Decl., at ¶15. In addition, the Feedback page of PTI GLOBAL, INC.'s Amazon.com storefront demonstrates that PTI GLOBAL, INC. has been selling PRETEC products as recently as September 2007. Watson Decl., at ¶19; *see* Exhibit N attached to Watson Decl.

It is clear from the readily available public information regarding PTI GLOBAL, INC. and PRETEC that PTI GLOBAL INC. is a mere continuation of PRETEC. Both prior and subsequent to PRETEC's dissolution, PTI GLOBAL, INC. has been listed as PRETEC's United States company headquarters office on PRETEC's web site and currently is listed as PRETEC's United

{00260449v1}                                            -5-
Memo. of Points and Authorities ISO Plaintiff Acticon Technologies LLC's Ex Parte Application
for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

States office. Watson Decl., at ¶19; *see* Exhibit M to Watson Decl. Under the "Where to Buy" link, PRETEC's web site directs Internet users to purchase PRETEC brand products from PTI GLOBAL, INC.'s physical location (231 Whitney Place, Fremont, California), web site (www.ptiglobalusa.com) and Amazon.com storefront. Watson Decl., at ¶19; *see* Exhibit L to Watson Decl.

PTI GLOBAL, INC.'s web site, located at www.ptiglobalusa.com, sells virtually only PRETEC products online. The homepage of PTI GLOBAL, INC.'s web site even contains the header, "Flash Memory Innovation by PRETEC." Watson Decl., at ¶16; *see* Exhibit I, attached to Watson Decl. In addition, the "About PTI Global Inc." section of PTI GLOBAL, INC.'s storefront in Amazon.com's online marketplace, located at http://www.amazon.com/shops/pti_global, boasts, "Since 1993, PRETEC brand has been recognized internationally for it's experience in pioneering innovative and quality products offered to the data storage, mobile computing and industrial markets. PRETEC brand is focused on global markets providing it's full-line of own brand-name products: USB device storage, Flash memory Card storage, Multi-Media solution, Mobile Peripherals, Multi-Function, Industrial storage and Accessory. PRETEC brand products with unique ID design and highest reliability create PRETEC's winning formula, reaching the customer's needs and enhancing your digital world." Watson Decl., at ¶16; *see* Exhibit J to Watson Decl.

In addition, ROBERT WU, who was personally served in August 2006 with the FIRST COMPLAINT at PRETEC's 46791 Fremont Boulevard, Fremont, California location, was listed as an officer and/or director of Pretec Technology, Inc. (later known as PTI GLOBAL, INC.) in Pretec Technology, Inc.'s May 2006 Statement of Information filed in the Office of the Secretary of State of the State of California. And, Defendant TOMMY HO, who signed PRETEC's Motion to Change Time and corresponded with counsel for ACTICON on behalf of PRETEC also was listed in Pretec Technology, Inc.'s May 2006 Statement of Information. *See* Exhibit O to Watson Decl.

### III.   ARGUMENT

A temporary restraining order and preliminary injunction are appropriate here, where ACTICON will suffer immediate and irreparable harm if the Court does not preserve the status quo and prevent DEFENDANTS from improperly dissolving PTI GLOBAL, INC. to conceal their

1  fraudulent transfer of PTI GLOBAL, INC.'s assets to another entity or to the INDIVIDUAL
2  DEFENDANTS.  Based on PRETEC's/PTI GLOBAL, INC.'s blatant disregard for the Court and
3  court processes, dishonesty with ACTICON's counsel and flagrantly unlawful conduct, it is likely
4  that PTI GLOBAL, INC. will transfer its assets again in order to avoid liability in the instant action,
5  just as PRETEC did when it transferred its assets to PTI GLOBAL, INC. in order to avoid liability
6  under the FIRST COMPLAINT.

7  The Court may grant injunctive relief where the plaintiff demonstrates irreparable injury
8  and the inadequacy of legal remedies. *Weinberger v. Romero-Barcelo*, (1982) 456 U.S. 305, 312;
9  *Arcamuzi v. Continental Air Lines, Inc.* (9th Cir. 1987) 819 F.2d 935, 937.  In addition, courts apply
10 either the traditional test or an alternative test in determining whether to grant a request for a
11 temporary restraining order or preliminary injunction.  Under the traditional test, the plaintiff must
12 demonstrate (1) a likelihood of success on the merits, (2) a substantial threat that plaintiff will
13 suffer irreparable injury if the injunction is denied, (3) that the balance of the hardships favors the
14 plaintiff and (4) the injunction does not disserve the public interest.  *See Amoco Production Co. v.*
15 *Village of Gambell, Alaska*, (1987) 480 U.S. 531, 542.  The alternative test permits the plaintiff to
16 meet its burden by showing either (1) a combination of probable success on the merits and the
17 possibility of irreparable injury or (2) serious questions as to these matters and the balance of
18 hardships tips sharply in the plaintiff's favor.  *Department of Parks & Rec. for State of Calif. v.*
19 *Bazaar Del Mundo, Inc.*, (9th Cir. 2006) 448 F.3d 1118, 1123.  As demonstrated below, ACTICON
20 meets the criteria of both tests.

**A.    ACTICON is Likely to Prevail on the Merits of its Fraudulent
        Transfer and Improper Dissolution Causes of Action.**

23 A plaintiff must show a likelihood of success on the merits in order to obtain a preliminary
24 injunction. *Ashcroft v. American Civil Liberties Union*, (2004) 542 U.S. 656, 665.  Here,
25 ACTICON is likely to prevail on its Fraudulent Transfer and Improper Dissolution claims.  As
26 discussed in Section II above, PRETEC was well-aware of the patent infringement action filed
27 against it because it was served with the FIRST COMPLAINT and even filed a Motion to Change
28 Time with the Court on the fictitious grounds that it needed sixty days in which to obtain counsel.

{00260449v1}                                    -7-

1  Prior to the filing of PRETEC's motion, PRETEC's default had already been entered. ACTICON,
2  in good faith and based on PRETEC's representations that it would work with ACTICON towards
3  the resolution of the litigation with respect to the claims against PRETEC, filed a Statement of
4  Non-Opposition to PRETEC's motion and did not seek entry of default judgment against PRETEC.
5      PRETEC, however, had no intention of cooperating with ACTICON or participating in any
6  type of settlement process as it had falsely represented. Nor did PRETEC intend to seek counsel as
7  evidenced by PRETEC's failure to file a Substitution of Counsel or make any other appearance in
8  the first action, its failure to communicate with counsel for ACTICON after its promise to do so and
9  by its filing for dissolution without ever notifying the Court or counsel for ACTICON. Defendant
10 CHIU FENG CHEN, on behalf of PRETEC, had the audacity to sign and declare under penalty of
11 perjury that PRETEC's known debts and liabilities have been actually paid when the first action
12 was pending and DEFENDANTS knew that they had not addressed the contingent liability
13 associated with ACTICON's patent infringement claims.
14     Not only did PRETEC improperly dissolve its corporate entity, but it fraudulently
15 transferred its assets to PTI GLOBAL, INC., which until October 2006 was known as Pretec
16 Technology, Inc., and which is located at the same physical address as PRETEC prior to PRETEC's
17 dissolution. PTI GLOBAL, INC. continues to operate PRETEC's business, selling only PRETEC
18 brand name products at its physical location, on its web site and in Amazon.com's online
19 marketplace. And, despite the fact that PRETEC purports to be dissolved, PRETEC's web site still
20 boasts that it has 83 distributors in 59 countries. Watson Decl., at ¶19.

**B.    ACTICON will Suffer Irreparable Injury if the Court Does Not Issue a Temporary Retraining Order and Preliminary Injunction.**

23     If the Court does not preserve the status quo and prevent DEFENDANTS from fraudulently
24 transferring PTI GLOBAL, INC./PRETEC's assets to another entity or to the INDIVIDUAL
25 DEFENDANTS, DEFENDANTS will likely transfer PTI GLOBAL, INC./PRETEC's assets for the
26 second time to avoid liability under the SECOND COMPLAINT as they did in order to avoid
27 liability under the FIRST COMPLAINT. In this scenario, ACTICON again will be left without
28 legal recourse as it was in the first action. Legal remedies will be inadequate to redress

{00260449v1}                                  -8-
Memo. of Points and Authorities ISO Plaintiff Acticon Technologies LLC's Ex Parte Application
for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

1. ACTICON's injury since, as in the case of Defendant PRETEC in first action, the DEFENDANTS in the instant action would be – and PRETEC is – judgment-proof. As recognized by the Seventh Circuit, "The ability to calculate damages does not make that remedy adequate if plaintiff cannot collect the award: 'A judgment-proof defendant is not deterred by the threat of money damages, so some other remedy (such as the contempt power) may be essential.'" *Lakeview Technology, Inc. v. Robinson*, (7th Cir. 2006) 446 F.3d 655, 657; *see also* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide, *Fed. Civ. Pro. Before Trial* (The Rutter Group 2007), §13:62. Here, PRETEC has demonstrated its tendency to take advantage of the Court, opposing counsel and court processes and a threat of money damages will be of no consequence to DEFENDANTS.

**C.     The Balance of Hardships Weighs Strongly in ACTICON's Favor.**

The balance of hardships weighs in ACTICON's favor since a temporary restraining order and preliminary injunction will merely preserve the status quo and enjoin PTI GLOBAL, INC. from transferring its assets pending the outcome of this litigation, while the lack of any such equitable remedy will create surefire opportunities for DEFENDANTS to evade court process for a second time, without DEFENDANTS suffering any consequences for their unlawful actions. If PRETEC's conduct in the first action is any indication of its level of respect for the law and for this Court, ACTICON undoubtedly will be left without an adequate remedy in the instant action as it was in the first action. Moreover, ACTICON will unreasonably be forced to continually pursue "PRETEC," in its various corporate transformations, in order to obtain any legal redress regarding its complaints filed against PRETEC/PTI GLOBAL, INC.

**D.     A Temporary Restraining Order or Preliminary Injunction
         Will Not Disserve the Public Interest.**

Enjoining PTI GLOBAL, INC. from transferring its assets to another company or the INDIVIDUAL DEFENDANTS carries no conceivable risk or detriment to the public. The injunction will not disserve the public interest, and in fact will result in the opposite outcome, because it will prevent DEFENDANTS from avoiding their legal responsibilities and evading court process.

{00260449v1}                                                        -9-

Memo. of Points and Authorities ISO Plaintiff Acticon Technologies LLC's Ex Parte Application
for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

**E.     ACTICON is willing to Post a Bond.**

Pursuant to Fed.R.Civ.P. 65(c), ACTICON is prepared to post a bond as a condition of obtaining a temporary restraining order and preliminary injunction. Based on DEFENDANTS' flagrantly improper and unlawful conduct as described above, a nominal bond is sufficient. Even if enjoined, DEFENDANTS would still be able to operate their business to the fullest extent. A bond of $5,000 would more than cover any damages suffered or costs incurred by DEFENDANTS if DEFENDANTS are found to have been wrongfully restrained.

**F.     No Notice to DEFENDANTS is Required.**

Under Fed.R.Civ.P. 65(b), "[a] temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Pursuant to Civil Local Rule 65-1(b), however, "unless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." ACTICON has demonstrated through the facts set forth in the Declaration of Christine S. Watson that ACTICON will suffer immediate and irreparable injury before DEFENDANTS or their attorneys can be heard in opposition. In addition, ACTICON's counsel has certified to the Court in writing that ACTICON has provided notice to PTI GLOBAL, INC. of ACTICON's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction via facsimile and is attempting to serve DEFENDANTS with the SECOND COMPLAINT and all papers and pleadings associated with ACTICON's Ex Parte Application for Temporary Restraining Order and Motion for a Preliminary Injunction on the morning of October 5, 2007. *See* Watson Decl., at ¶20; *see also* Fed.R.Civ.P. 65(b) and Civil L.R. 65-1(b).

{00260449v1}                                                -10-

Memo. of Points and Authorities ISO Plaintiff Acticon Technologies LLC's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

## IV.  CONCLUSION

Based on the foregoing, ACTICON respectfully requests that the Court issue, pending a full hearing on ACTICON's motion for preliminary injunction, an Order (i) enjoining and restraining DEFENDANTS, together with all of their officers, agents, servants, employees, representatives, attorneys and assigns and all other persons, firms or companies in active concert or participation with them from directly or indirectly:

    a.    Transferring, selling, hypothecating or otherwise moving or removing any assets (including cash and any other monetary sums) of Defendant PTI GLOBAL, INC. to the DEFENDANTS or any defendant's parent companies, subsidiaries, officers, directors, attorneys, agents, affiliates or anyone acting in concert with any defendant;

    b.    Transferring, selling, hypothecating or otherwise moving or removing any of the Accused Products to the DEFENDANTS or any defendant's parent companies, subsidiaries, officers, directors, attorneys, agents, affiliates or anyone acting in concert with any defendant; and

    c.    Transferring, selling, hypothecating or otherwise moving or removing any assets (including cash and any other monetary sums) of Defendant PTI GLOBAL, INC. to any business entity or individual, except for the transferring, selling, moving or removing of assets that ordinarily occurs in the normal course of business; and

(ii) setting a date and time for a hearing on ACTICON's Motion for Preliminary Injunction, as set forth in the accompanying Proposed Temporary Restraining Order and Order to Show Cause for Preliminary Injunction.

Dated: October 4, 2007                              CARR & FERRELL *LLP*

                                                          By:  /s/ Christine S. Watson
                                                                ROBERT J. YORIO
                                                                COLBY B. SPRINGER
                                                                CHRISTINE S. WATSON

                                                               Attorneys for Plaintiff
                                                               ACTICON TECHNOLOGIES LLC

{00260449v1}                -11-

Memo. of Points and Authorities ISO Plaintiff Acticon Technologies LLC's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)