1  ROBERT J. YORIO (SBN 93178)
   yorio@carrferrell.com
2  COLBY B. SPRINGER (SBN 214868)
   cspringer@carrferrell.com
3  CHRISTINE S. WATSON (SBN 218006)
   cwatson@carrferrell.com
4  CARR & FERRELL *LLP*
   2200 Geng Road
5  Palo Alto, California 94303
   Telephone: (650) 812-3400
6  Facsimile:  (650) 812-3444

7  Attorneys for Plaintiff
   ACTICON TECHNOLOGIES LLC

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

12

13  ACTICON TECHNOLOGIES LLC,                CASE NO. C 07-4507 JF (HRL)

14            Plaintiff,

15       v.                                  **[PROPOSED] TEMPORARY
                                             RESTRAINING ORDER AND
16  PRETEC ELECTRONICS CORPORATION, a        ORDER TO SHOW CAUSE FOR
    dissolved California corporation; PTI    PRELIMINARY INJUNCTION**
17  GLOBAL, INC., a California corporation;
    CHIU FENG CHEN, an individual; GORDON
18  YU, an individual; TOMMY HO, an individual;
    ROBERT WU, an individual; GRACE YU, an
19  individual; KUEI LU, an individual; and DOES
    1 through 20,
20
            Defendants.
21

22       Having reviewed Plaintiff ACTICON TECHNOLOGIES LLC's ("ACTICON") Complaint

23  and its Ex Parte Application for Temporary Restraining Order and Motion for Preliminary

24  Injunction, its Memorandum of Points and Authorities in Support of ACTICON's Ex Parte Motion

25  for Temporary Restraining Order and Motion for Preliminary Injunction, the supporting

26  Declaration of Christine S. Watson dated October 4, 2007, and the exhibits attached thereto, and

27  upon all other papers and proceedings herein, the Court hereby issues this Temporary Restraining

28  Order and Order to Show Cause for a Preliminary Injunction.  It appears from ACTICON's written

1    submissions and declarations that ACTICON will suffer immediate and irreparable injury before

2    the adverse parties can be heard in opposition.  Further, because of the nature of the allegedly

3    fraudulent acts, notice to the adverse party is not required.  Pursuant to Fed.R.Civ.P. 65, the

4    grounds for this Order, as set forth in ACTICON's Complaint, brief, declaration and exhibits are as

5    follows:

6     1.   Plaintiff ACTICON is a limited liability company, which has its principal place of business

7       in Suffern, New York.  ACTICON is the owner of the entire right, title and interest in U.S.

8       Patent Nos. 4,603,320 (the "'320 Patent"); 4,543,450 (the "'450 Patent"); 4,972,470 (the

9       "'470 Patent"); and 4,686,506 (the "'506 Patent") (collectively, the "Patents-in-Suit"),

10      which describe various forms of electronic connectors.

11     2.   Defendant PRETEC ELECTRONICS CORPORATION ("PRETEC") was a California

12       corporation, until its dissolution on or about November 28, 2006.  Defendant PTI GLOBAL,

13       INC. is a California corporation, which was formerly known as Pretec Technology, Inc. and

14       has its principal place of business in Fremont, California.  PRETEC designed,

15       manufactured, marketed, distributed, imported, sold and/or offered for sale in the United

16       States PCMCIA, CompactFlash and Secure Digital I/O form factor electronic connectors

17       prior to its dissolution and that PTI GLOBAL, INC. continues to operate PRETEC's

18       business, selling PRETEC brand name products on its web site, from its Amazon.com

19       online marketplace storefront and from its principal place of business.

20     3.   The Court has personal jurisdiction over each of the defendants ("DEFENDANTS") based

21       upon the fact that each defendant resides and/or conducts business in or around Fremont,

22       California.  This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and

23       1338(a) because the Complaint alleges infringement claims under the United States Patent

24       Act (35 U.S.C. § 271 *et seq.*).

25     4.   On August 1, 2006, ACTICON filed a patent infringement action titled, *Acticon*

26       *Technologies LLC v. Pretec Electronics Corp., et al.*, in the United States District Court for

27       the Northern District of California, Case No. C 06-4679 JF (HRL) ("FIRST

28       COMPLAINT").   In a series of improper actions, PRETEC evaded court process by failing

to respond to the FIRST COMPLAINT, failing to appear at the Initial Case Management Conference which had been re-scheduled at PRETEC's request after the entry of PRETEC's default, filing for corporate dissolution without responding to the FIRST COMPLAINT or notifying the Court or counsel for ACTICON and continuing to do business subsequent to its dissolution as PTI GLOBAL, INC.

5.  It is likely that ACTICON will be able to establish that PRETEC improperly filed for dissolution with the California Secretary of State on or about November 28, 2006.

6.  PRETEC transferred its assets to Pretec Technology, Inc., which changed its name to PTI GLOBAL, INC. one month before PRETEC filed for dissolution, without receiving a reasonably equivalent value in exchange for the transfer and engaged in a transaction for which its remaining assets were unreasonably small in relation to the transactions. Despite PRETEC's dissolution, PRETEC's products continue to be sold by PTI GLOBAL, INC.

7.  A plaintiff is entitled to preliminary injunctive relief when it demonstrates (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest by granting the injunction.

8.  Alternatively, a plaintiff is entitled to preliminary injunctive relief when it demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor.

9.  ACTICON is likely to succeed on the merits of its fraudulent transfer of assets claim under California Civil Code Section 3439 and improper dissolution claim under California Corporations Code Section 1903(c).

10. DEFENDANTS' acts described above will cause immediate and irreparable injury, loss and harm to ACTICON unless such acts are immediately enjoined and restrained by Order of this Court.

11. The balance of hardships favors enjoining and restraining DEFENDANTS' acts described above since ACTICON will be immediately and irreparably injured if DEFENDANTS are

1   not restrained and enjoined.  There is relatively little to no harm or prejudice that PTI

2   GLOBAL, INC. will suffer if it is restrained and enjoined from transferring its assets to any

3   other entity or the INDIVIDUAL DEFENDANTS, except for those sales, removals or

4   transfers which ordinarily occur during the normal course of business, during the pendency

5   of this litigation.

6   12. Preserving the status quo by restraining and enjoining DEFENDANTS' acts described

7   above advances the public interest of upholding legal process in the court system.

8   **THEREFORE, IT IS HEREBY ORDERED** that from the effective date of this Order,

9   DEFENDANTS, together with all their officers, agents, servants, employees, representatives,

10  attorneys and assigns, and all other persons, firms or companies in active concert or participation

11  with them are temporarily restrained from directly or indirectly:

12  a.   Transferring, selling, hypothecating or otherwise moving or removing any assets

13       (including cash and any other monetary deposits or accounts) of Defendant PTI

14       GLOBAL, INC. to the DEFENDANTS or any defendant's parent companies,

15       subsidiaries, officers, directors, attorneys, agents, affiliates or anyone acting in concert

16       with any defendant;

17  b.   Transferring, selling, hypothecating or otherwise moving or removing any of the

18       Accused Products to the DEFENDANTS or any defendant's parent companies,

19       subsidiaries, officers, directors, attorneys, agents, affiliates or anyone acting in concert

20       with any defendant; and

21  c.   Transferring, selling, hypothecating or otherwise moving or removing any assets

22       (including cash and any other monetary deposits or accounts) of Defendant PTI

23       GLOBAL, INC. to any business entity or individual, except for transactions occurring in

24       the ordinary course of business.

25  **IT IS FURTHER ORDERED** that DEFENDANTS or their attorneys show cause on the

26  _____ of October, 2007, at _____ o'clock, __.m., or as soon thereafter as counsel can be heard, in

27  Courtroom 3, United States District Court, 280 South First Street, Fifth Floor, San Jose, California

28  95113, why an Order should be issued granting ACTICON a preliminary injunction, pursuant to

Rule 65 of the Federal Rules of Civil Procedure, enjoining and restraining DEFENDANTS, together with all of their officers, agents, servants, employees, representatives, attorneys and assigns and all other persons, firms or companies in active concert or participation with them from directly or indirectly:

a. Transferring, selling, hypothecating or otherwise moving or removing any assets (including cash and any other monetary deposits or accounts) of Defendant PTI GLOBAL, INC. to the DEFENDANTS or any defendant's parent companies, subsidiaries, officers, directors, attorneys, agents, affiliates or anyone acting in concert with any defendant;

b. Transferring, selling, hypothecating or otherwise moving or removing any of the Accused Products to the DEFENDANTS or any defendant's parent companies, subsidiaries, officers, directors, attorneys, agents, affiliates or anyone acting in concert with any defendant; and

c. Transferring, selling, hypothecating or otherwise moving or removing any assets (including cash and any other monetary deposits or accounts) of Defendant PTI GLOBAL, INC. to any business entity or individual, except for transactions occurring in the ordinary course of business.

**IT IS FURTHER ORDERED** that this Order shall be effective upon the posting of security by ACTICON in the amount of $_____, for the payment of such costs and damages as may be incurred or suffered by DEFENDANTS if DEFENDANTS are found to have been wrongfully restrained.

**IT IS FURTHER ORDERED** that DEFENDANTS serve any papers in opposition to ACTICON's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction by hand upon Carr & Ferrell LLP, 2200 Geng Road, Palo Alto, California 94303, attorneys for ACTICON, at or before _____ o'clock, __.m., on October _____, 2007.

**IT IS FURTHER ORDERED** that service of a copy of this Order and the papers annexed thereto on the DEFENDANTS should be deemed sufficient if served on or before October _____, 2007, upon DEFENDANTS at PTI GLOBAL, INC.'s principal place of business, as follows: 231

1   Whitney Place, Fremont, California, 94539.

2

3

4   Dated:  October _____, 2007          _____

5                                             HON. JEREMY FOGEL
                                              United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Temporary Restraining Order and Order to Show Cause for Preliminary Injunction
C 07-4507 JF (HRL)