LINDA SHAO (CA 182768)
LAW OFFICE OF LINDA SHAO, APLC
28 North First Street, Suite 618
San Jose, CA 95131
Phone: 408-873-3888
Fax:    408-873-3889
Attorney for Defendant PTI Global Inc.
Limited Scope of Representation for filing this Opposition only
Specially appearing only

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC<br><br>  Plaintiff,<br><br>vs.<br><br>PRETEC ELECTRONICS CORPORATION, et al.<br><br>  Defendants | Case No. C07-4507BZ<br><br>**DECLARATION OF LINDA SHAO SUPPORTING PTI GLOBAL INC'S OPPOSITION TO PLAINTIFF'S EX PARTE MOTION FOR TRO and MOTION FOR PRELIMINARY INJUNCTION** |

I, Linda Shao, declare that:

1. I am duly licensed to practice law in the State of California and this District. I have personal knowledge of the facts stated herein.

2. I was retained this late morning to help out the emergency situation of Defendant PTI Global, Inc. as being the due date for filing opposition to Plaintiff's Ex Parte Motion for TRO. My representation is with limited scope only to respond to this motion at this time.

3. Before noon, I called Mr. Robert Yorio, Esq. in an effort to save litigation costs. He admitted to me that Local Rule 65-1 was not complied with. He admitted that there were defendants not served with his motion and complaint. He refused to hear me about the defects contained in the Complaint which I believe will justify a Rule 12 motion. I gave him my phone number and my email address. He said that he would email to me the proofs of service.

4.  As I did not finish my conversation this morning with Mr. Yorio about asking him to take the motion off calendar, I called him and left messages to him at least two times afterwards.

5.  Having heard no response from him, I sent a letter to him at 3:04 p.m. A true and accurate copy of my letter is attached hereto as **EXHIBIT 3**.

6.  After I faxed to him, I received a fax from his office showing only one proof of service---only PTI Global, Inc. was served. This confirms my understanding that all other defendants were not served.

7.  From my reading of the Complaint, Plaintiff's Complaint is defective on its face for the very basic reason that Plaintiff misled the Court that Pretec Electronics Corporation is the same as Pretec Technology Inc. (the latter is the true predecessor of PTI Global, Inc.) and speculate that there were manufacturing equipments, remaining corporate funds or assets being transferred from Pretec Electronics Corporaiton to PTI Global, Inc. Plaintiff's counsel made a correct statement of Paragraph 35 but in Paragraphs 19 (Complaint, Page 7, Lines 5-8), Paragraph 16 (Complaint, Page 4, Line 19), Paragraph 15 (Complaint, Page 4, Line 12) made inconsistent statement of fact by mistaking Pretec Electronics Corporation being the predecessor of PTI Global, Inc. There were many speculations contained in the Complaint. For example, they speculated PTI Global, Inc.'s change of corporate name being related to Plaintiff's filing of Statement of non-objection to Defendant's ex parte motion to change date in the first Complaint. In actuality, I see no logic for such inference and the date of endorsement by Secretary of State is not in the control of the applicants such that Plaintiff's speculation of the dates for PTI's filing Certificate of Amendment of Articles of Incorporation being also October 27, 2006 does not make any sense.

8.  Plaintiff's motion made it a big deal on a press release of Exhibit G attached to the Complaint. I conducted a minimal investigation and found out that Plaintiff misled the Court by imputing the brand name of products of "Pretec" to be a product produced by PTI Global, Inc. and

speculating that the press release has relation to the dissolved Pretec Electronics Corporation. I read the press release and investigated with minimal efforts and found that all of the products referenced in the press release has nothing to do with Plaintiff's alleged patents. I went to the contact information of the site of www.pretec.com. It only took me less than a minute and I was able to confirm that the contact information of the web site is entirely in Taiwan. Attached hereto in **EXHIBIT 4** is a true and accurate copy of the contact information of the website referred to in the "Pretec" press release. The press release also mentioned that Pretec trademark was used for more than one hundred patented products. My understanding from reading the Complaint is, Plaintiff's alleged patent only has 3.

9. I was informed and believe that PTI Global, Inc. is only a distributor of Plaintiff and therefore their phone number is shown on the second page of the press release. However, such press release is completely irrelevant to Plaintiff's patent infringement claims.

10. This morning, I tried to explain the above to Mr. Yorio. Unfortunately, he refused to listen and hung up on me. Defendant PTI Global, Inc. suffered damages for being forced to file this Opposition and respectfully request attorneys' fees and costs for Plaintiff's knowing violation of Civil Local Rule 65-1.

11. I obtained an LL.B. degree from National Taiwan University in 1986 and a J.D. degree from University of Iowa in 1989. I have more than 18 years' litigation experience. I am pro tem of the State Court of California in Santa Clara County since about 1999. I tried to meet or confer with Plaintiff's counsel to avoid this litigation costs to no avail. Despite Plaintiff's lead counsel's acknowledging of violation of Local Rule 65-1, he persisted on maintaining this motion in complete disregard of my two follow-up phone calls and my letter requesting such motion be off calendar. My hourly rate is $275 which is very reasonable considering my reputation and standing in the community. I have reasonably spent at least 10 hours intensively in interviewing

1  client, reading paper for the purpose of preparing this opposition. In response to this frivolous
2  motion, my client reasonably spent at least $2,750.
3  I swear under the penalty of perjury under the laws of the United States that the foregoing is true
4  and correct to the best of my knowledge. Executed in San Jose, California on October 10, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　　　／s/
　　　　　　　　　　　　　　　　　　　　　　　　　Linda Shao

11  I declare under the penalty of perjury under the laws of the United States that the foregoing is true
12  and correct. Executed in San Jose, California on October 10, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　／s/
　　　　　　　　　　　　　　　　　　　　　　　Linda Shao