LINDA SHAO (CA 182768)
LAW OFFICE OF LINDA SHAO, APLC
28 North First Street, Suite 618
San Jose, CA 95131
Phone:  408-873-3888
Fax:    408-873-3889
Attorney for Defendant PTI Global Inc.
Limited Scope of Representation for filing this Opposition only
Specially appearing only

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>vs.<br><br>PRETEC ELECTRONICS CORPORATION, et al.<br><br>Defendants | Case No. C07-4507BZ<br><br>**DEFENDANT PTI GLOBAL, INC.'S OPPOSITION TO TO PLAINTIFF'S EX PARTE MOTION FOR TRO AND MOTION FOR PRELIMINARY INJUNCTION** |

**I.     INTRODUCTION**

Plaintiff's motion was filed in violation of Civil Local Rule 65-1 in failing to give notice to all parties before submission to the Court.  Thus, based on procedure due process, this motion must be denied.

Moreover, the motion was untimely and laches for delaying for one year such that the motion should be denied.  Plaintiff misinterpreted the alleged email of Mr. Ho as an agreement to provide sales information for the dissolved corporation Pretec Electronics Corporation.  However, the email never stated such a promise argued by Plaintiff.  Such contact was unethical as Mr. Ho as an employee of Pretec Electronics Corporation had an attorney representing him.  Plaintiff was tardy in seeking relief and further misinterpreted Defendant PTI Global, Inc. as a corporation created **after** the alleged improper dissolution.  In actuality, the alleged conspiracy and improper dissolution is a mere speculation without any foundation nor any supporting evidence.  This motion must be denied as an injunctive relief cannot be issued based on speculation.

Further, the Complaint is defective on its face such that it is subject to Rule 12's attack. PTI Global, Inc. is merely a distributor for the products under the trademark of Pretec, which are manufactured by a company in Taiwan. PTI Global, Inc. has no manufacturing business. Plaintiff misinterpret Pretec lines of product as developed and manufactured by Pretec Electronics Corporation which is again based on speculation. The alleged News Release of "Pretec" as shown in Exhibit G indicated clearly that the product lines belongs to www.pretec.com. The undersigned visited the website and found the contact information being in Taiwan. Not only the manufacture of "Pretec" is mistaken by Plaintiff to be Defendant PTI Global, Inc., none of the products of "Pretec" mentioned in the Exhibit G attached to the Complaint has anything to do with the patents of Plaintiff. Products are wrong. Company was wrong. Plaintiff simply filed a frivolous complaint that should be dismissed. There is **no** affidavit provided to the Court in support of this motion to prove that all Pretec products infringe the patent of Plaintiff. Plaintiff's complaint used the Press Release to suggest infringement of Pretec. Nevertheless, such Press Release is simply **irrelevant** to its Complaint.

Further, without a finding that the defendants in the first Complaint, i.e., Acticon Technologies, LLC. V. Pretec Electronics Corporation and C-One Technology Corporation infringes patents of Plaintiff, Plaintiff has no standing to proceed with holding individual defendants liable, to speculate improper transfer without minimal investigation, and to pursue TRO or preliminary injunction one year after the First Complaint. Plaintiff only obtained a default entered as against one defendant in the First Complaint. Entering default does not involve any findings of facts or decisions on the merits for the First Complaint.

Plaintiff did not explain why Plaintiff did not sue C-One Technology Corporation in the Second Complaint was not mentioned at all in this motion?

As PTI Global, Inc. is established years ahead of the time of the dissolution of Pretec

Electronics Corporation, and there was no funding of PTI Global, Inc. ever came from Pretec Electronics Corporation, the alleged improper dissolution and fraudulent transfer were simply speculation of Plaintiff such that Plaintiff is unlikely to prevail on the merits of the alleged fraudulent transfer or improper dissolution causes of action.

## II. LAW AND ARGUMENTS

### A. PLAINTIFF'S MOTION FOR TRO FAILED TO COMPLY WITH LOCAL RULE 65-1 THAT IT MUST BE DENIED

Civil Local Rule 65-1(b) mandates Plaintiff to serve all parties before they filed with the Court. It states that "Unless relieved by order of a Judge for good cause shown, **on or before the day of an ex parte motion for a temporary restraining order,** counsel applying for the temporary restraining order **must deliver notice of such motion to opposing counsel or party."** [Civil Local Rule 65-1(b); emphasis added]

Here, all of the eight (8) defendants were included as the opposing parties of Plaintiff's ex parte motion for TRO. However, only one party was served. That is, PTI Global, Inc. Plaintiff, without ensuring all parties were served but went ahead filing their ex parte motion, in knowing violation of Rule 65-1. (Declaration of Linda Shao) Thus, the motion should be denied.

### B. PLAINTIFF'S MOTION FOR PRELIMINAY INJUNCTION SHOULD BE DENIED UNDER CIVIL LOCAL RULE 65-2 FOR FAILURE TO COMPLY WITH RULE 7-1 AND 7-2 AS THEY DID NOT SERVE ALL DEFENDANTS

As the TRO must be denied under Local Rule 65-1, regarding Plaintiff's remaining action—motion for preliminary injunction, Local Rule 65-2 should apply. Local Rule 65-2 prescribes that a motion for preliminary injunction unaccompanied by a TRO will be governed by Rule 7-2. Rule 7-2 requires the motion be served and therefore, for the same reason that the motion is not served upon other 6 or 7 defendants, this motion should not be set for hearing and should be denied.

### C. PLAINTIFF'S MOTION FOR TRO AND PRELIMINARY INJUNCTION SHOULD BE DENIED FOR BEING LACHES AND UNTIMELY

In the prior lawsuit with the same subject matter and claim in Acticon Technologies LLC v. Pretec Electronics Corporation and C-One Corporation, Case Number of C06-4679, default was entered only as against Pretec Electronics Corporation.  However, as admitted by Plaintiff, both lawsuits have the same subject matter.  Nevertheless, Plaintiff did **not** pursue any restraining order on August 1, 2006 when it filed the first Complaint.  There is no exigent circumstances existing that may warrant issuance of a TRO **after** Plaintiff has delayed for over one year to pursue a TRO based on the alleged patent infringement.   And, this time, Plaintiff did not pursue a claim against C-One Corporation and did not explain why Plaintiff failed to so pursue.  There is no affidavit about what are the causes of action for the First Complaint. There could be statute of limitation issue for Plaintiff to allege patent infringement, presuming the second Complaint has merits.

After the alleged dissolution of Pretec Electronics Corporation as shown in Paragraph 5 of the Complaint, Plaintiff waited for an additional 9 months to file this Complaint on August 30, 2007.  Plaintiff further held on the Complaint, did not serve it, for about 36 days.  While the case law has established that more than 3 months are already late, Plaintiff delayed pursuing its injunctive relief by more than a year such that this motion must be denied.

        **D. THE COMPLAINT IS SUBJECT TO DISMISSAL UNDER RULE 12 AND SUBJECT TO SANCTIONS UNDER RULE 11 AND PLAINTIFF IS UNLIKELY TO WIN ON THE MERITS OF THE COMPLAINT SUCH THAT THE TRO SHOULD NOT BE ISSUED**

                1.    **The alleged press release shown in Exhibit G attached to the Complaint is irrelevant to the law suit at all**

With minimal investigation, a reasonable person will find that Exhibit G attached to the Complaint which appeared to be the essence of Plaintiff's Complaint, actually is irrelevant to the Complaint for two reasons:  www.pretec.com is not the website of PTI Global, Inc., nor the website of Pretec Electronics Corporation.  The undersigned visited that website, with only less

than a minute, the website is found to have a contact information in Taiwan. **None** of the products mentioned in the press release as shown in Exhibit G has anything to do with the patents of Plaintiff. Defendant PTI Global does not do any manufacturing but the Second Complaint alleged manufacturing which is false and misleading. (Decl. Tom) Plaintiff may speculate that there were factory machines like equipment that were transferred by the dissolved corporation to PTI Global, Inc. Did they ever investigate what kind of assets Pretec Electronics Corporation had before the corporation was dissolved? A default entry does not equate to a judgment. Why did Plaintiff sue C-One Corporation in the First Complaint but did not pursue further against C-One Corporation and only obtained a default against Pretec Electronics Corporation is hided and unexplained by Plaintiff.

   With minimal investigation, Plaintiff should be able to find that there is no manufacturing equipment on the premises of either Pretec Electronics Corporation or PTI Global, Inc. They only do sales. (Decl. Tom)

     Plaintiff, without conducting minimal investigation, speculate that a press release of "Pretec" signifies a revival of Pretec Electronics Corporation and misinterpret Pretec Electronic Corporation's dissolution was fraudulent and that corporation is still alive was too naïve and irresponsible. Plaintiff speculation that a press release for new produce under the trademark of Pretec must be the product of Pretec Electronics Corporation is erroneous. Plaintiff further speculate the "Pretec" is "PTI Global, Inc." based on this press release is further illogical and without any foundation.

     The contact information clearly shows that the products referred by the "Pretec" press release are all from Taiwan. Such information can easily obtained just by go to the website stated in the press release, i.e., www.pretec.com. Therefore, Paragraph 92 of the Complaint alleging that

such a press release was issued by Pretec Electronics Corporation, a California corporation, is misleading.

As Plaintiff already alleged that the website for Defendant PTI Global, Inc. is www.ptiglobalusa.com as shown in Paragraph 58 of the Complaint, Plaintiff should know that www.pretec.com has nothing to do with PTI Global, Inc.

**2.    The reading of Complaint Paragraph 33 does not show Defendant Tommy Ho agreed to provide sales information for the alleged accused products to Plaintiff and does not provide any justification for Plaintiff's delay in pursuing default judgment in the first case.**

Plaintiff alleged that Defendant Tommy HO, as an agent for Defendant Pretec Electronic Corporation conspired to do fraudulent transfer and improper dissolution of Pretec Electronic Corporation because Tommy Ho induced Plaintiff into delaying the proceeding which ended up dissolution of Pretec Electronics Corporaiton. Accordingly, in Paragraph 34 of the Complaint, Plaintiff alleged that Defendant Tommy Ho had an "agreement" based on October 26, 2007's email from Mr. Ho. However, the alleged quoted portion of the email as shown on Paragraph 33 does not show any agreement. It only states that "**If we agree,** then we will prepare the past years of sale information." Thus, Plaintiff's using Tommy HO's alleged email of October 26, 2007 (which should be 2006) to support its theory of improper dissolution and fraudulent transfer and to be Plaintiff's counsel's justification not to seek entry of default judgment in a timely manner is without merits. Further, it is unethical for Plaintiff's counsel to contact an opposing party corporate key employee when the opposing party corporation was represented by counsel. Attorney Watson's November 15's email could be self-serving. Therefore, Plaintiff is unlikely to win on the alleged two causes of action for improper dissolution and fraudulent transfer.

**3.    Plaintiff erroneously equate PTI GLOBAL's distribution of products bearing the trademark and brandname of Pretec as being a manufacturer of such products.**

PTI Global, Inc. is a distributor and does sales only. (Decl. Tom). A major product line of its distribution is the brand name of Pretec. As mentioned above, www.pretec.com clearly stated the manufacturer and the corporation that owns that website being a Taiwan corporation. PTI Global, Inc.'s phone number and site may shown when Plaintiff's attorney does some research. However, Plaintiff's attorney neglect a fact that showing where to buy such products does not mean that the location the public may purchase the products is definitely the manufacturer. The reason why a search of Pretec products will show PTI Global, Inc. is very simple--- PTI Global, Inc. distributes the product lines with a brand name and trademark of Pretec. As shown in the press release, there are more than 100 patents of Pretec lines of products. And, Plaintiff's alleged patents are only 3. Therefore, selling Pretec's brand products should not make PTI automatically liable for Plaintiff's alleged patent infringement.

### E. THERE WAS NO SHOWING OF IRREPARABLE HARM

Plaintiff's own website showed that it collects royalties from many corporations. Thus, its damages can be measured by money. It is not something like Defendant steal its invention and therefore, there is no irreparable harm that requires an injunctive relief.

### F. THE PROPOSED ORDER CONTAINS MISLEADING FACTS AND CONTAINS A REQUEST NOT SUPPORTED BY ANY ALLEGATION OF GOOD CAUSE

The proposed Order contain misleading facts as follows:

1. Paragraph 2: by mistakenly presumed the product lines of "PRETEC" are manufactured by Pretec Electronics Corporation and further misinterpreted PTI's distribution of products bearing the trademark of "PRETEC" as successor of Pretec Electronics Corporation.

2. Paragraph 4: by alleging that "In a series of improper actions, PRETEC evaded court process by failing to respond to the FIRST COMPLAINT." While the Court

granted their motion to continue CMC, the Court considers good cause for them to be able to participate the proceeding and thus, it is improper to label the Court's Order as improper action.

3. Paragraph 6: there was no such alleged transfer of funds nor any manufacturing equipment as speculated by Plaintiff. Please see Declaration of Mr. Chi Lin Tom. The requested order that Defendants serve opposition to this motion by a certain date as shown in the proposed order Page 5, lInes 22-25 is improper as there was never any good cause or request made in the application.

### G. PLAINTIFF AND ITS ATTORNEY SHOULD BE SANCTIONED FOR KNOWING VIOLATION OF LOCAL RULE 65-1 AND FOR THEIR MAINTAINING THIS MOTION IN VIOLATION OF LOCAL RULE 65-1

Please see Declaration of Linda Shao

### H. IF THE COURT SHOULD GRANT ANY INJUNCTIVE RELIEF, DEFENDANT REQUESTS THAT PROPER AMOUNT OF BOND SHOULD BE ISSUED

As Plaintiff alleges patent infringement by 3 patents while Pretec brandname has more than 100 patents, PTI Global, Inc. will suffer business loss as the general public will be confusing that all patents of Pretec being under litigation. The harm that will be suffered by PTI Global, Inc. will be substantially more than the alleged royalties collection damages made by Pretec. Therefore, a minimum $500,000 bond is requested, if the Court should consider issuing any injunctive relief.

Dated: October 11, 2007                    Law Offices of Linda Shao, APLC

By: /s/ Linda Shao
Linda Shao, Esq.
Attorney for Defendant PTI Global, Inc.
Limited Scope of Representation for this Opposition only
Specially appearing only