|   |   |
|---|---|
| 1 | LINDA SHAO (CA 182768) |
|   | LAW OFFICE OF LINDA SHAO, APLC |
| 2 | 28 North First Street, Suite 618 |
|   | San Jose, CA 95131 |
| 3 | Phone: 408-873-3888 |
|   | Fax:   408-873-3889 |
| 4 | Attorney for Defendant PTI Global Inc. |
|   | Limited Scope of Representation for filing this Opposition only |
| 5 | Specially appearing only |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| ACTICON TECHNOLOGIES LLC | Case No. C07-4507BZ |
|---|---|
| Plaintiff, | |
| vs. | **OBJECTION TO EVIDENCE CONTAINED IN "DECLARATION OF CHRISTINE S. WATSON IN SUPPORT OF PLAINTIFF ACTICON TECHNOLOGIES LLC'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION"** |
| PRETEC ELECTRONICS CORPORATION, et al. | |
| Defendants | |

**TO THE COURT AND PLAINTIFF AND ITS ATTORNEY OF RECORD:**

Defendant PTI Global, Inc. objects to evidence contained in **"DECLARATION OF CHRISTINE S. WATSON IN SUPPORT OF PLAINTIFF ACTICON TECHNOLOGIES LLC'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION"**

1.  Paragraph 8, Page 3, Lines 8 through 13: "On October 24, 2006, Defendant TOMMY HO contacted me via telephone. The following day, in a telephone conference between TOMMY HO and myself, TOMMY HO requested a description of the "Accused Products" in the FIRST COMPLAINT (which consisted of PCMCIA, CompactFlash and Secure Digital I/O from factor electronic connectors) and agreed to provide ACTICON with six years of annual sales information for PRETEC's Accused Products."

GROUND FOR OBJECTION:

  a.  Hearsay, FRE 801. Such oral promise was not mentioned in the

    Complaint. Such contacts, if true, violated California Business and

Profession Code to have contacts with a party when the party was represented by Counsel.  Mr. Ho was alleged to be a key employee of Defendant Pretec Electronics Corporation which was represented by counsel as admitted by Mr. Watson in Page 4, Lines 22-23.

      b.      Settlement discussion shall not be introduced into evidence

2. Paragraph 10: "Based on Defendant TOMMY HO's agreement on behalf of PRETEC to provide sales information for the Accused Products to ACTICON, ACTICON agreed not to seek entry of default judgement against PRETEC and did not oppose PRETEC's Motion to Change Time and filed a Statement of Non-Opposition to Pretec's Motion to Change Time on October 27, 2006…"

GROUND FOR OBJECTION:

    A.    Hearsay, FRE 801.

    B.    Misrepresentation and misleading statement. FRCP Rule 60 (misrepresentation), FRE 403 (misleading):  It is because as shown by Paragraph 9 of the same declaration, the alleged written email does not support an existence of the alleged agreement.

    C.    Settlement discussion shall not be introduced into evidence

3. Paragraph 11, Page 3, Lines 26-27: "That same day, October 27, 2006, a company named Pretec Technology, Inc., who was not named a defendant in the FIRST COMPLAINT, filed a Certificate of Amendment of Articles of Incorporation with the California Secretary of State to change its corporate name…"

GROUND FOR OBJECTION:

Misrepresentation and misleading statement. FRCP Rule 60 (misrepresentation), FRE 403 (misleading) and lack of personal knowledge:  The declarant has no personal knowledge of when Pretec Technology, Inc. did the action of filing with the Secretary of State.

4. Paragraph 13, Page 4, Lines 17-22: "I never heard from PRETEC or TOMMY HO subsequent to the correspondence described in Paragraph 9 above. On November 15, 2006, I sent a follow-up email to TOMMY HO regarding his representations that he would provide PRETEC's sales figures to ACTICON and indicating that I was unable to reach him via telephone, but I never received any response to my e-mail. A true and correct copy of the November 15, 2006 e-mail is attached hereto as Exhibit "F.""

GROUND FOR OBJECTION:

    a. Hearsay, FRE 801 regarding Mr. Ho's agreement to provide sales figures

    b. Misrepresentation and misleading statement. FRCP Rule 60 (misrepresentation), FRE 403 (misleading) regarding existence of Mr. Ho's agreement: It is because as shown by Paragraph 9 of the same declaration, the alleged written email does not support an existence of the alleged agreement.

    c. Exhibit F is self-serving.

    d. Such contacts is unethical as Mr. Ho was represented by counsel.

5. Paragraph 15, Page 5, Lines 5-7: "PRETEC, who supposedly dissolved in November 2006, issued a press release on April 4, 2007, announcing its new Rugged Industrial CompactFlash card. A true and correct copy of the press release is attached as Exhibit "H""

GROUND FOR OBJECTION:

    a. Irrelevant
    b. Speculation and without personal knowledge: Mr. Watson's presumption that "PRETEC press release" is new product manufactured by Pretec Electronics Corporation is pure speculation.
    c. Misrepresentation and misleading statement. FRCP Rule 60 (misrepresentation), FRE 403 (misleading). In actuality, neither Pretec Electronics Corporation nor PTI Global, Inc. did or does any manufacturing.

www.pretec.com is not the website of PTI Global, Inc., nor the website of Pretec Electronics Corporation. **None** of the products mentioned in the press release as shown in Exhibit G has anything to do with the patents of Plaintiff. Defendant PTI Global does not do any manufacturing . (Decl. Tom) There was no funds transferred from Pretec Electronics Corporation to PTI Global Inc. (Decl. Tom) PTI Global, Inc. only does sales. (Decl. Tom)

Plaintiff, without conducting minimal investigation, speculate that a press release of "Pretec" signifies a revival of Pretec Electronics Corporation and misinterpret Pretec Electronic Corporation's dissolution was fraudulent and that corporation is still alive was too naïve and irresponsible.  Plaintiff speculation that a press release for new produce under the trademark of Pretec must be the product of Pretec Electronics Corporation is erroneous.  Plaintiff further speculate the "Pretec" is "PTI Global, Inc." based on this press release is further illogical and without any foundation.

The contact information clearly shows that the products referred by the "Pretec" press release are all from Taiwan.  Such information can easily obtained just by go to the website stated in the press release, i.e., www.pretec.com.  Therefore, allegation that such a press release was issued by Pretec Electronics Corporation, a California corporation, is misleading.

As Plaintiff already alleged that the website for Defendant PTI Global, Inc. is www.ptiglobalusa.com as shown in Paragraph 58 of the Complaint, Plaintiff should know that www.pretec.com has nothing to do with PTI Global, Inc.

WHEREFOR, Defendant PTI Global, Inc. respectfully moves the Court to strike the objected portion from admitting into evidence in consideration of Plaintiff's ex parte motion for TRO and motion for preliminary injunction.  There is no expert witness testifying patent infringement and no finding of patent infringement. Thus, this motion should be denied in its entirety.

Dated: October 11, 2007                    Law Offices of Linda Shao, APLC

                                           By:  /s/ Linda Shao
                                           Linda Shao, Esq.
                                           Attorney for Defendant PTI Global, Inc.
                                           Limited Scope of Representation for this
                                           Opposition only
                                           Specially appearing only