**E-Filed 10/15/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>PRETEC ELECTRONICS CORPORATION, et al.,<br><br>　　　　　　　Defendants. | Case Number C 07-4507 JF (HRL)<br><br>ORDER[1] DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION |

　　　　The Court has received Plaintiff's application for a temporary restraining order ("TRO") filed October 4, 2007 and Defendants' opposition thereto filed October 11, 2007. The Court concludes the application is appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the application for a TRO will be denied, and Plaintiff's motion for preliminary injunction will be set for hearing on November 9, 2007 at 9:00 a.m.

---

　　　　[1] This disposition is not designated for publication and may not be cited.

## I. BACKGROUND

On August 1, 2006, Plaintiff Acticon Technologies LLC ("Acticon") filed a complaint for patent infringement in this Court against Defendant Pretec Electronics Corp. ("Pretec Electronics") and other defendants ("Defendants"). *See Acticon Technologies L.L.C. v. Pretec Electronics Corp.*, et al., Case No. C 06-4679 JF (HRL) (the "first complaint"). On September 19, 2006, this Court entered default judgment in favor of Acticon because Defendants failed to respond to the complaint. Subsequently, the parties agreed to continue a scheduled case management conference and not enforce the default based on alleged representations made by a Pretec employee that Pretec Electronics would provide Plaintiff with sales information concerning the accused products. On October 27, 2006, a company called Pretec Technology, Inc. ("Pretec Technology") filed a Certificate of Amendment of Articles of Incorporation with the California Secretary of State, for the purpose of changing its corporate name to PTI Global, Inc. ("PTI"). On November 28, 2006, Pretec Electronics filed a Certificate of Dissolution. Pretec Electronics failed to appear at the rescheduled case management conference on February 2, 2007.

On August 20, 2007, Acticon filed a second complaint (the "second complaint") alleging that prior to Pretec Electronics' corporate dissolution on November 28, 2006, Pretec Electronics made, used, imported, distributed, offered for sale or sold certain products in the United States that infringe upon Acticon's patent. The second complaint alleges that Defendants fraudulently transferred or conspired fraudulently to transfer Pretec Electronics' assets to PTI for the purpose of avoiding liability under the first complaint and to continue conducting business as PTI. *See Acticon Technologies L.L.C. v. Pretec Electronics Corp.*, et al., Case No. C 07-4507 JF (HRL)

On October 4, 2007, Acticon filed the instant application for a TRO. Acticon seeks to enjoin Defendants from transferring, selling, hypothecating or otherwise moving or removing assets or accused products of Defendant PTI Global, Inc. to Defendants or any of Defendants' parent companies, subsidiaries, officers, directors, attorneys, agents, or affiliates, or to anyone acting in concert with any defendant or to any business entity or individual, except for the transferring, selling, moving or removing of assets that ordinarily occurs in the normal course of business.

**DISCUSSION**

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp.2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

Acticon has filed its application for a TRO more than a month after filing its second complaint. The second complaint alleges that the named defendants fraudulently transferred or conspired fraudulently to transfer Pretec Electronics assets to PTI Global, Inc. (formerly Pretec Technology, Inc.) for the purpose of avoiding liability on the first complaint and to continue conducting business as PTI Global, Inc. Acticon does not explain why it did not seek a TRO sooner, nor has it shown that Pretec Electronics in fact has transferred any assets to PTI. Defendants assert that PTI was established years before the dissolution of Pretec Electronics and that no part of PTI's funds are derived from Pretec Electronics. Defendants argue that Acticon's arguments are based on speculation and do not establish that Acticon is likely to succeed on the merits.

Based on the limited evidence before it, the Court is not persuaded that Acticon will suffer irreparable injury if a TRO is not issued immediately. The Court is to prepared to hear Acticon's motion for a preliminary injunction in the near future. Accordingly, the application will be denied.

Case No. C 07-4507 JF (HRL)
ORDER DENYING PLAINTIFF'S APPLICATION FOR TRO ETC.
(JFLC3)

# III. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that:

(1)   Acticon's application for a TRO is DENIED;

(2)   Acticon's motion for preliminary injunction is set for hearing on November 9, 2007 at 9:00 a.m. Each party may file a supplemental brief in support of or in opposition to the motion for preliminary injunction, not to exceed fifteen (15) pages in length, on or before November 2, 2007.

DATED:  October 15, 2007

_____
JEREMY FOGEL
United States District Judge

1  Copies of Order served on:

2

3  cwatson@carrferrell.com

4  shaoyitai@yahoo.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C 07-4507 JF (HRL)
ORDER DENYING PLAINTIFF'S APPLICATION FOR TRO ETC.
(JFLC3)