ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
COLBY B. SPRINGER (SBN 214868)
cspringer@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Plaintiff
ACTICON TECHNOLOGIES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC., a California corporation; CHIU FENG CHEN, an individual; GORDON YU, an individual; TOMMY HO, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20,<br><br>Defendants. | CASE NO. C 07-4507 JF (HRL)<br><br>**PLAINTIFF ACTICON TECHNOLOGIES LLC'S OPPOSITION TO DEFENDANT PTI GLOBAL, INC.'S MOTION TO CHANGE TIME**<br><br>Date:          November 9, 2007<br>Time:          9:00 a.m.<br>Judge:         Hon. Jeremy Fogel<br>Courtroom: 3, Fifth Floor |

Plaintiff Acticon Technologies LLC ("Acticon") hereby files its opposition to Defendant

PTI Global, Inc.'s Motion to Change Time.  PTI Global, Inc.'s motion should be denied on the

grounds that Acticon is likely to suffer irreparable injury if the hearing on its Motion for

Preliminary Injunction does not take place on Friday, November 9, 2007, and that PTI Global,

Inc.'s motion lacks any basis for the relief sought since PTI Global, Inc. is already represented by

counsel in this case.

{00260449v1}

## I.    INTRODUCTION

Defendant PTI Global, Inc.'s Motion to Change Time should be denied because (1) Plaintiff Acticon is likely to suffer irreparable injury if the Court does not hear its Motion for Preliminary Injunction on November 9, 2007, as scheduled, since the harm which Acticon requests the Court to enjoin – the fraudulent transfer of assets from PTI Global, Inc. to another company, individual or the other named defendants in this case – is exactly what a continuance of the hearing would allow; (2) PTI Global, Inc. already has obtained counsel, Ms. Linda Shao; and (3) Chi-Lin Tom, the alleged General Manager of PTI Global, Inc. is prohibited from representing the corporation *pro se*.

## II.    ARGUMENT

**A.    PTI Global, Inc. Filed the Same "Motion to Change Time" That Pretec Electronics Corporation Filed in *Acticon Technologies, LLC. v. Pretec Electronics Corporation, et. al.*, Case No. C 06-4679 JF (HRL) in Order to Gain Time to Improperly Dissolve Pretec Electronics Corporation and Fraudulently Transfer Pretec's Assets to PTI Global, Inc. Before Making A Formal Appearance Before the Court.**

For the <u>second</u> time, Defendant PTI Global, Inc. ("PTI Global"), which Acticon alleges in its Complaint to be the successor corporation to Pretec Electronics Corporation ("Pretec"), is attempting to mislead the Court into granting a continuance of a hearing date on the false basis that it is attempting to obtain counsel in the case.  No good cause exists, however, to justify such a continuance and PTI Global lacks a good faith basis for its request.

The Motion to Change Time filed by PTI Global in this case is virtually identical to the Motion to Change Time filed by Pretec Electronics Corporation in *Acticon Technologies LLC v. Pretec Electronics Corporation, et. al.*, Case No. 06-4679 JF (HRL) (*Pretec I*).  *See* Motion to Change Time in *Pretec I*, dated October 19, 2006, attached as Exhibit A to the Declaration of Christine S. Watson ("Watson Decl."); *see* Motion to Change Time, filed October 26, 2007, in this case, attached as Exhibit B to the Watson Decl.[1]

In *Pretec I*, Tommy Ho, Operations Manager of Pretec, who is a defendant in the instant case, filed a Motion to Change Time on behalf of Pretec and subsequently contacted counsel for

---

[1]    The Docket in this case does not reflect a docket entry number for PTI Global's Motion to Change Time and does not indicate that the motion was filed electronically.

1    Acticon to discuss possible resolution of the case. Complaint, at ¶¶31-33. The Court granted

2    Pretec's motion and within one month of the Court's Order, Pretec filed for corporate dissolution,

3    without notifying the Court or contacting counsel for Acticon. Complaint, at ¶¶36-37. During that

4    same period of time, another corporation, Pretec Technology, Inc., changed its name to PTI Global,

5    Inc. Complaint, at ¶35. Corporate Statements of Information filed with the California Secretary of

6    State demonstrate that Tommy Ho, the individual who filed the Motion to Change Time in *Pretec I*,

7    was both the Operations Manager of Pretec <u>and</u> an officer and/or director of Pretec Technology,

8    Inc. (now PTI Global, Inc.) *See* Exhibit O to the Declaration of Christine S. Watson filed in

9    support of Acticon's Ex Parte Application for Temporary Restraining Order and Motion for

10   Preliminary Injunction (Docket Entry 9).

11          The Complaint in the instant case alleges that Pretec improperly filed for dissolution and

12   fraudulently transferred its assets to PTI Global, Inc. in order to avoid liability in *Pretec I*. If the

13   Court grants PTI Global, Inc.'s motion, which is almost exactly the same as the motion that Pretec

14   filed in *Pretec I*, PTI Global, Inc. will be afforded yet another opportunity to transfer and conceal

15   its assets in order to avoid liability. This is the very result which Acticon seeks to prevent in its

16   Motion for Preliminary Injunction. While the Court did not find circumstances warranting the

17   immediate relief of a Temporary Restraining Order, the Court did grant a briefing schedule and

18   hearing date for Acticon's Motion for Preliminary Injunction[2]. The briefing schedule and hearing

19   date should not be disturbed in light of the fact that there is a substantial probability that Acticon

20   will face the same situation in this case that it faced in *Pretec I* if the dates are continued. Waiting

21   an additional sixty days for a hearing on Acticon's motion defeats the entire purpose of the motion

22   and will cause Acticon undue prejudice and irreparable harm, especially when the premise for PTI

23   Global, Inc.'s motion is entirely false.

24

25

26   _____

27   [2]   The parties may submit briefs not to exceed fifteen (15) pages in support of or in opposition to
         the Plaintiff's Motion for Preliminary Injunction by Friday, November 2, 2007. The hearing on
28       the motion is scheduled for Friday, November 9, 2007, at 9:00 a.m.

1    **B.    PTI Global, Inc. Is Represented By Counsel.**

2        PTI Global is currently represented by counsel Ms. Linda Shao.  Ms. Shao filed an

3    opposition to Acticon's Ex Parte Application for Temporary Restraining Order and Motion for

4    Preliminary Injunction.  In addition, Ms. Shao has been communicating with counsel for Acticon

5    regarding this case.  *See* Exhibit 3 to the Declaration of Linda Shao Supporting PTI Global, Inc.'s

6    Opposition to Plaintiff's Ex Parte Motion for TRO and Motion for Preliminary Injunction.  Ms.

7    Shao has not sought withdrawal as counsel for PTI Global, Inc., and continues to represent PTI

8    Global in this case.  Consequently, there is no basis for granting PTI Global an additional sixty

9    days to obtain counsel before considering Acticon's Motion for Preliminary Injunction.

10
11   **C.    Chi-Lin Tom, General Manager of PTI Global, Inc.,
         Cannot Represent the Corporation *Pro Se*.**

12       The Court should deny PTI Global, Inc.'s motion on the grounds that the motion was

13   improperly filed by the corporation itself rather than through its counsel, Ms. Linda Shao.

14   "[O]fficers of a *corporation* cannot represent the corporation 'pro se'; nor can the partners of a

15   *partnership*.  Such entities must appear through counsel."  *Rowland v. California Men's Colony*

16   (1993) 506 U.S. 194, 202; Local Rule 3-9(b) ("A corporation, unincorporated association,

17   partnership or other such entity may appear only through a member of the bar of this Court"); *see*

18   *also* Schwarzer, Tashima & Wagstaffe, *Fed. Civ. Proc. Before Trial*, §7:49:3 (The Rutter Group

19   2007).

20                                **III.    CONCLUSION**

21       Based on the foregoing, Acticon respectfully requests that the Court deny PTI Global, Inc.'s

22   Motion to Change Time.

23                                        Respectfully submitted,

24   Dated:  October 30, 2007            CARR & FERRELL *LLP*

25
26                                By:  /s/ Christine S. Watson
                                      ROBERT J. YORIO
27                                    COLBY B. SPRINGER
                                      CHRISTINE S. WATSON

28                                    Attorneys for Plaintiff
                                      ACTICON TECHNOLOGIES LLC