ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
COLBY B. SPRINGER (SBN 214868)
cspringer@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Plaintiff
ACTICON TECHNOLOGIES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC,<br><br>                    Plaintiff,<br><br>           v.<br><br>PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC., a California corporation; CHIU FENG CHEN, an individual; GORDON YU, an individual; TOMMY HO, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20,<br><br>                    Defendants. | CASE NO. C 07-4507 JF (HRL)<br><br>**SUPPLEMENTAL DECLARATION OF CHRISTINE S. WATSON IN SUPPORT OF PLAINTIFF ACTICON TECHNOLOGIES LLC'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:        November 9, 2007<br>Time:        9:00 a.m.<br>Judge:       Hon. Jeremy Fogel<br>Courtroom:   3, Fifth Floor |

I, the undersigned, CHRISTINE S. WATSON, declare as follows:

1.       I am an attorney admitted to practice before all of the courts of the State of California. I am an associate with the firm of Carr & Ferrell *LLP*, the attorneys of record for plaintiff Acticon Technologies LLC ("ACTICON"). I make this declaration in support of Acticon's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction and Supplemental Brief in support of Ex Parte Application for Temporary Restraining Order and

{00260467v1}                                       -1-
Supp. Decl. of Christine S. Watson ISO Plaintiff Acticon Technologies LLC's Ex Parte Application
for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

1   Motion for Preliminary Injunction.  I am one of the attorneys responsible for representing

2   ACTICON in this action, and the facts set out herein are within my personal knowledge, or are

3   based on documents in my possession and other information to which I have access in the course of

4   my duties.  If called upon to do so I could and would testify to the truth thereof.

5       2.      On October 5, 2007, I received a voicemail from Leodis Matthews, an attorney with

6   Matthews & Partners, who called on behalf of PTI Global, Inc. regarding the status of ACTICON's

7   Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction.

8       3.      I did not receive any communication from Mr. Matthews, via telephone, e-mail or

9   otherwise, after my correspondence with him on October 5, 2007.

10      4.      On October 10, 2007, Robert J. Yorio, a partner with my law firm and attorney of

11  record for ACTICON, sent Mr. Matthews an e-mail inquiring whether Mr. Matthews or Linda Shao

12  represented PTI Global, Inc.  Neither Mr. Yorio nor I received an e-mail from Mr. Matthews in

13  response to our inquiry.

14      5.      Attached as Exhibit "A" is a true and correct copy of the Ex Parte Reexamination

15  Certificates for United States Patent Nos. 4,603,320 and 4,972,470.

16      6.      Attached as Exhibit "B" is a true and correct copy of the October 5, 2007 e-mail

17  exchange between me and Leodis Matthews.

18      7.      Attached as Exhibit "C" is a true and correct copy of the October 11, 2007 letter

19  from Robert J. Yorio to Linda Shao.

20      8.      Attached as exhibit "D" is a true and correct copy of the October 12, 2007 e-mail

21  from Chi-Lin Tom to me.

22      9.      Attached as Exhibit "E" is a true and correct copy of the Acclaim Innovations LLC's

23  Motion for Entry of Default and Default Judgment in *Lexar Media, Inc. v. Pretec Electronics*

24  *Corporation*, Case No. 00-4770 MJJ.

25      10.     Attached as Exhibit "F" is a true and correct copy of the Order filed October 24,

26  2007, in *Sandisk Corp. v. Memorex Products, Inc.*, Case No. 01-4063 VRW.

27      11.     Attached as Exhibit "G" is a true and correct copy of the WHOIS record for the

28  registrant of www.pretec.com.

{00260467v1}                                              -2-
Supp. Decl. of Christine S. Watson ISO Plaintiff Acticon Technologies LLC's Ex Parte Application
for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

1    12.    Attached as Exhibit "H" is a true and correct copy of the Notice Vacating Motions

2   Hearing on Acclaim Innovations LLC's Motion for Entry of Default and Default Judgment in *Lexar*

3   *Media, Inc. v. Pretec Electronics Corporation*, Case No. 00-4770 MJJ.

4

5    I declare under penalty of perjury under the laws of the State of California that the

6   foregoing is true and correct.

7    Executed this __[2nd]__ day of November, 2007, at Palo Alto, California.

8

9
    _/s/ Christine S. Watson_
10                    CHRISTINE S. WATSON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00260467v1}                                    -3-
Supp. Decl. of Christine S. Watson ISO Plaintiff Acticon Technologies LLC's Ex Parte Application
for Temporary Restraining Order and Motion for Preliminary Injunction – C 07-4507 JF (HRL)

**EXHIBIT A**

Case 5:07-cv-04507-JF    Document

US004603320C1

## (12) EX PARTE REEXAMINATION CERTIFICATE (5199th)

# United States Patent

Farago

(10) **Number:** US 4,603,320 C1

(45) **Certificate Issued:** Sep. 13, 2005

(54) **CONNECTOR INTERFACE**

(75) Inventor: **Steven Farago**, Mount Kisco, NY (US)

(73) Assignee: **Acticon Technologies LLC**, Monsey, NY (US)

**Reexamination Request:**
No. 90/006,857, Nov. 10, 2003

**Reexamination Certificate for:**

| | |
|---|---|
| Patent No.: | **4,603,320** |
| Issued: | **Jul. 29, 1986** |
| Appl. No.: | **06/484,823** |
| Filed: | **Apr. 13, 1983** |

(51) **Int. Cl.**[7] ................................................. H03M 9/00

(52) **U.S. Cl.** ........................ 341/89; 341/100; 341/101; 361/685; 439/65

(58) **Field of Search** ................................ 341/100, 101; 439/389, 391, 393, 620, 621, 622

(56) **References Cited**

### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 3,327,174 | A | * | 6/1967 | Barre et al. ................. 361/744 |
| 3,395,400 | A | * | 7/1968 | De Witt et al. ............. 341/100 |
| 3,406,368 | A | * | 10/1968 | Curran ........................ 439/79 |
| 3,408,612 | A | * | 10/1968 | Bute et al. ................... 439/68 |
| 3,437,882 | A | * | 4/1969 | Cayzer ...................... 361/791 |
| 3,573,799 | A | * | 4/1971 | Drinnan et al. .............. 341/81 |
| 3,643,135 | A | * | 2/1972 | Devore et al. .............. 361/730 |
| 3,646,573 | A | * | 2/1972 | Holmes, Jr. ............. 178/4.1 R |
| 3,790,858 | A | * | 2/1974 | Brancaleone et al. ..... 174/260 |
| 3,863,226 | A | * | 1/1975 | Ryburn ....................... 710/71 |
| 3,903,404 | A | * | 9/1975 | Beall et al. ............... 361/687 |
| 3,946,379 | A | * | 3/1976 | Lippman ..................... 341/100 |
| 3,997,879 | A | * | 12/1976 | Markley et al. ............. 714/24 |
| 4,023,144 | A | * | 5/1977 | Koenig ...................... 710/71 |
| 4,024,505 | A | * | 5/1977 | Sperling ..................... 710/2 |
| 4,031,371 | A | * | 6/1977 | DeVries .................... 361/686 |
| 4,034,346 | A | * | 7/1977 | Hostein ..................... 710/106 |

(Continued)

### FOREIGN PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| JP | 56061856 | A | * | 5/1981 | ........... H04L/11/00 |
| JP | 57087255 | A | * | 5/1982 | ........... H04L/11/00 |
| JP | 58047352 | A | * | 3/1983 | ........... H04L/13/00 |

### OTHER PUBLICATIONS

Whittaker, "A mass–termination, filtered connector for RS232–C circuits", Thirteenth Annual Connector Symposium Proceeding 1980, pp. 197–204.*

(Continued)

*Primary Examiner*—Howard Williams
(74) *Attorney, Agent, or Firm*—Paul J. Lerner

(57) **ABSTRACT**

A connector interface for enabling communications between first and second data handling systems wherein the data in the first system is arranged in a first type of format and the data in the second system is arranged in a second type of format, includes a connector housing with first and second sets of electrical contact elements exposed at different portions of the housing. Circuitry contained entirely within the housing operates to convert data transmitted to the first set of contact elements from the first data handling system into corresponding data in the second type of format for transmission to the second data handling system through the second set of contact elements, and to convert data transmitted to the second set of contact elements from the second data handling system into corresponding data in the first format for transmission to the first data handling system. One set of electrical contact elements may, for example, be arranged to extend out from the connector housing in two parallel rows to allow the elements to be directly connected to corresponding terminals arranged in a dual in line configuration on an outside printed circuit board. The connector arrangement greatly simplifies the design and construction of data processing systems requiring specific interfaces between certain parts of the systems, such as between data terminal equipment and data communication equipment employing serial binary data interchange.





## US 4,603,320 C1

Page 2

### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 4,038,642 | A | * | 7/1977 | Bouknecht et al. ........... 710/20 |
| 4,048,673 | A | * | 9/1977 | Hendrie et al. ............. 710/305 |
| 4,053,950 | A | * | 10/1977 | Bourke et al. ............... 710/22 |
| 4,054,947 | A | * | 10/1977 | Shanks et al. ............... 710/16 |
| 4,065,662 | A | * | 12/1977 | Garczynski et al. ........ 235/419 |
| 4,079,372 | A | * | 3/1978 | Koenig ..................... 341/100 |
| 4,115,849 | A | * | 9/1978 | Johnson et al. ............. 370/464 |
| 4,115,856 | A | * | 9/1978 | Labeye-Voisin et al. .... 710/106 |
| 4,124,888 | A | * | 11/1978 | Washburn ..................... 710/8 |
| 4,124,889 | A | * | 11/1978 | Kaufman et al. ............... 710/2 |
| 4,127,896 | A | * | 11/1978 | Raslavsky, III .......... 703/26 |
| 4,137,559 | A | * | 1/1979 | Reuting ..................... 361/735 |
| 4,150,438 | A | * | 4/1979 | Dorey et al. .............. 710/105 |
| 4,152,750 | A | * | 5/1979 | Bremenour et al. ......... 361/686 |
| 4,206,962 | A | * | 6/1980 | Shue et al. ................ 439/620 |
| 4,217,624 | A | * | 8/1980 | Tuck ......................... 361/686 |
| 4,242,721 | A | * | 12/1980 | Krolak et al. ............... 361/686 |
| 4,245,300 | A | * | 1/1981 | Kaufman et al. .............. 710/1 |
| 4,246,637 | A | * | 1/1981 | Brown et al. ............... 710/62 |
| 4,250,407 | A | * | 2/1981 | Dorey et al. ............... 326/47 |
| 4,250,563 | A | * | 2/1981 | Struger ..................... 710/63 |
| 4,253,143 | A | * | 2/1981 | Onodera et al. ............ 708/108 |
| 4,253,146 | A | * | 2/1981 | Bellamy et al. ............. 709/226 |
| 4,254,462 | A | * | 3/1981 | Raymond et al. ........... 710/63 |
| 4,261,035 | A | * | 4/1981 | Raymond ................... 709/236 |
| 4,275,455 | A | * | 6/1981 | Bartlett ..................... 700/1 |
| 4,277,646 | A | * | 7/1981 | Sams ................... 379/93.05 |
| 4,293,924 | A | * | 10/1981 | Struger et al. ............. 710/14 |
| 4,309,754 | A | * | 1/1982 | Dinwiddie, Jr. .......... 710/307 |
| 4,315,308 | A | * | 2/1982 | Jackson ..................... 710/33 |
| 4,328,484 | A | * | 5/1982 | Denecke ..................... 341/64 |
| 4,333,696 | A | * | 6/1982 | O'Neill et al. .............. 439/61 |
| 4,348,636 | A | * | 9/1982 | Doundoulakis ........... 714/46 |
| 4,350,973 | A | * | 9/1982 | Petryk, Jr. ................ 398/202 |
| 4,354,268 | A | * | 10/1982 | Michel et al. .............. 714/724 |
| 4,361,955 | A | * | 12/1982 | Lancaster .................. 29/884 |
| 4,367,374 | A | * | 1/1983 | Serrano ..................... 379/442 |
| 4,375,103 | A | * | 2/1983 | Arneth et al. .............. 375/358 |
| 4,395,610 | A | * | 7/1983 | Downs et al. ............. 200/292 |
| 4,398,780 | A | * | 8/1983 | Novotny et al. ........... 439/284 |
| 4,401,351 | A | * | 8/1983 | Record ..................... 439/61 |
| 4,403,111 | A | * | 9/1983 | Kelly ..................... 178/69 R |
| 4,404,651 | A | * | 9/1983 | Grudowski ................ 710/19 |
| 4,409,587 | A | * | 10/1983 | Scott ....................... 341/97 |
| 4,426,166 | A | * | 1/1984 | Bowling .................... 400/62 |
| 4,428,043 | A | * | 1/1984 | Catiller et al. ............ 709/250 |
| 4,428,044 | A | * | 1/1984 | Liron ....................... 714/12 |
| 4,432,604 | A | * | 2/1984 | Schwab .................... 385/60 |
| 4,434,472 | A | * | 2/1984 | Kachun ................... 345/565 |
| 4,443,850 | A | * | 4/1984 | Harris ...................... 710/23 |
| 4,443,865 | A | * | 4/1984 | Schultz et al. ............ 712/242 |
| 4,443,884 | A | * | 4/1984 | Swarz ...................... 375/377 |
| 4,445,213 | A | * | 4/1984 | Baugh et al. .............. 370/405 |
| 4,445,215 | A | * | 4/1984 | Svendsen ................... 370/517 |
| 4,447,804 | A | * | 5/1984 | Allen ...................... 341/100 |
| 4,451,884 | A | * | 5/1984 | Heath et al. ............... 710/24 |
| 4,477,862 | A | * | 10/1984 | Gonzales ................. 361/686 |
| 4,480,885 | A | * | 11/1984 | Coppelman ............... 439/159 |
| 4,490,775 | A | * | 12/1984 | Quan ....................... 361/686 |
| 4,493,028 | A | * | 1/1985 | Heath ....................... 710/1 |
| 4,498,716 | A | * | 2/1985 | Ward ....................... 439/55 |
| 4,509,113 | A | * | 4/1985 | Heath ...................... 710/66 |
| 4,514,823 | A | * | 4/1985 | Mendelson et al. .......... 710/2 |
| 4,516,171 | A | * | 5/1985 | Abe et al. ................. 382/245 |
| 4,525,802 | A | * | 7/1985 | Hackamack ............... 361/683 |
| 4,534,011 | A | * | 8/1985 | Andrews et al. ........... 710/58 |
| 4,556,953 | A | * | 12/1985 | Caprio et al. ............. 710/301 |
| 4,571,456 | A | * | 2/1986 | Paulsen et al. ........... 379/457 |
| 4,597,631 | A | * | 7/1986 | Flores ..................... 385/53 |

### OTHER PUBLICATIONS

Hodgetts, "A Shieleded Computer Interface connector", Fourteenth Annual Connector Symposium Proceedings, 1981, pp. 113–118.*

Rowe, "Give your Computeran RS–232C interface", Electornics Australia, vol. 41, No. 9, pp. 81, 83, 84, 139.*

Author Unknown, "Modem Survey", Datamation, vol. 25, No. 3, pp. 167–226.*

Goldman, "Modems–Integral Approach Gains Momentum," Data Communications User, Dec. 1975, p. 31.*

Hewlett–Packard Inc., "Operating Note Model 15104A 15115A 15116A", 1982.*

Magazine of Direct Marketing, Nov. 1982, p. 1291, "The Business Compurter Network Corp has introduced the 'Network Inquirer,' a handheld computer that enables users to access hundreds of public databases by selecting the network desired fro a list . . . ".*

Repko, M., "The Standard Interface", Systems International, vol. 9, No. 6, Jun. 1981, pp. 40–42.*

Polecat, H., "Universal VDU interface," Electronic Product Design, vol. 2 No. 2, Feb. 1981, p. 23.*

Commodore Business Machines, Inc. "VIC–20 The friendly computer VICMODEM," 1982.*

Smith, A.E., "You Can Take It With You," Business Computer Systems, vol. 1, No. 1, Sep. 1981, pp. 94–99.*

Hewlett–Packard HP 82950A Modem Owner's Manual Series 80, Jan. 1982.

Photocopy of a photograph of the circuit board from a HP 82950 modem.

Radio Shack TRS–80 Color Computer Disk System Owner's Manual and Programming Guide, Copyright 1981.

Radio Shack TRS–80 Micro Computer System Expansion Interface Catalog No. 26–1140/1141/1142, Copyright 1979.

Hewlett Packard HP 82938A HP–IL Interface Owner's Manual Series 80, Jan. 1982.

* cited by examiner

US 4,603,320 C1

**1**

**EX PARTE
REEXAMINATION CERTIFICATE
ISSUED UNDER 35 U.S.C. 307**

NO AMENDMENTS HAVE BEEN MADE TO
THE PATENT

**2**

AS A RESULT OF REEXAMINATION, IT HAS BEEN
DETERMINED THAT:

The patentability of claims **1–23** is confirmed.

\* \* \* \* \*

US004972470C1

## (12) EX PARTE REEXAMINATION CERTIFICATE (5028th)

# United States Patent
Farago

(10) **Number:** US 4,972,470 C1
(45) **Certificate Issued:** Nov. 30, 2004

(54) **PROGRAMMABLE CONNECTOR**

(75) Inventor: **Steven Farago**, Mount Kisco, NY (US)

(73) Assignee: **Acticon Technologies LLC**, Monsey, NY (US)

**Reexamination Request:**
No. 90/006,859, Nov. 10, 2003

**Reexamination Certificate for:**
Patent No.: **4,972,470**
Issued: **Nov. 20, 1990**
Appl. No.: **07/083,258**
Filed: **Aug. 6, 1987**

(51) **Int. Cl.**[7] .................................................. H04L 9/00
(52) **U.S. Cl.** .......................... 713/192; 310/71; 380/266
(58) **Field of Search** ........................... 710/2, 8, 11, 14, 710/62, 63, 70, 71; 380/52, 266; 439/189, 955; 341/100, 101; 370/366; 713/192

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,327,174 | A | 6/1967 | Barre et al. |
| 3,395,400 | A | 7/1968 | De Witt et al. |
| 3,406,368 | A | 10/1968 | Curran |
| 3,408,612 | A | 10/1968 | Bute et al. |
| 3,437,882 | A | 4/1969 | Cayzer |
| 3,573,799 | A | 4/1971 | Drinnai et al. |
| 3,643,135 | A | 2/1972 | Devore et al. |
| 3,646,573 | A | 2/1972 | Holmes, Jr. |
| 3,790,858 | A | 2/1974 | Brancaleone et al. |
| 3,863,226 | A | 1/1975 | Ryburn |
| 3,903,404 | A | 9/1975 | Beall et al. |
| 3,946,379 | A | 3/1976 | Lippman |
| 3,997,879 | A | 12/1976 | Markley et al. |
| 4,023,144 | A | 5/1977 | Koenig |
| 4,024,505 | A | 5/1977 | Sperling |
| 4,031,371 | A | 6/1977 | DeVries |
| 4,034,346 | A | 7/1977 | Hostein |
| 4,038,642 | A | 7/1977 | Bouknecht et al. |
| 4,048,673 | A | 9/1977 | Hendrie et al. |
| 4,053,950 | A | 10/1977 | Bourke et al. |
| 4,054,947 | A | 10/1977 | Shanks et al. |
| 4,065,662 | A | 12/1977 | Garczynski et al. |

(List continued on next page.)

FOREIGN PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| EP | 0077657 | * | 4/1983 | ............. G06F/3/04 |
| EP | 0157113 | | 9/1985 | |
| EP | 0206259 | * | 12/1986 | ........... G06F/13/10 |
| GB | 2130025 | | 5/1984 | |
| GB | 2130818 | | 6/1984 | |
| JP | 56061856 | | 5/1981 | |
| JP | 57087255 | | 5/1982 | |
| JP | 58047352 | | 3/1983 | |
| JP | 59157738 | | 9/1984 | |
| JP | 60110059 | | 6/1985 | |

OTHER PUBLICATIONS

"110 baud serial interface," Magga, W.S., *New Electronics,* vol. 18, No. 18, p. 29, abstract only, Sep. 17, 1985.

"A mass–termination, filtered connector for RS–232–C circuits," Whittaker, B.F., *Thirteenth Annual Connector Symposium Proceedings,* pp. 197–204, abstract only, 1980.

"A parallel–to–serial printer port adapter," Austerlitz, H., *BYTE,* vol. 10 ,No. 9, pp. 257–260, abstract only, Sep. 1985.

(List continued on next page.)

*Primary Examiner*—Fritz M. Fleming

(57) **ABSTRACT**

A configurable connector between two or more devices with at least one of the devices being capable of programming the connector through an interface therewith. The connector contains programmable electronic circuitry capable of being instructed by the device whereby the connector assumes a desired connecting configuration and/or function. In one embodiment the connector is programmed to inquire and determine the configuration of the device to which it is connected. With the results of its analysis the connector adapts the necessary timing, pin-outs, voltages, and other parameters to assure proper communication between the connected devices. In other embodiments the connector contains electronic components to add specific functions for data exchange, such as data buffering, data encryption and the like. In addition, the connector is programmable with interchangeable pin designations thereby obviating the need for rewiring for different applications and physical connections.



# US 4,972,470 C1

Page 2

## U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,079,372 | A | 3/1978 | Koenig |
| 4,115,849 | A | 9/1978 | Johnson et al. |
| 4,115,856 | A | 9/1978 | Labeye-Voisin et al. |
| 4,124,888 | A | 11/1978 | Washburn |
| 4,124,889 | A | 11/1978 | Kaufman et al. |
| 4,127,896 | A | 11/1978 | Raslavsky, III |
| 4,137,559 | A | 1/1979 | Reuting |
| 4,150,438 | A | 4/1979 | Dorey et al. |
| 4,152,750 | A | 5/1979 | Bremenour et al. |
| 4,181,933 | A | 1/1980 | Benysek |
| 4,209,841 | A | 6/1980 | Bambara et al. |
| 4,217,624 | A | 8/1980 | Tuck |
| 4,242,721 | A | 12/1980 | Krolak et al. |
| 4,245,300 | A | 1/1981 | Kaufman et al. |
| 4,246,637 | A | 1/1981 | Brown et al. |
| 4,250,407 | A | 2/1981 | Dorey et al. |
| 4,250,563 | A | 2/1981 | Struger |
| 4,253,143 | A | 2/1981 | Onodera et al. |
| 4,253,146 | A | 2/1981 | Bellamy et al. |
| 4,254,462 | A | 3/1981 | Raymond et al. |
| 4,261,035 | A | 4/1981 | Raymond |
| 4,271,518 | A | * 6/1981 | Birzele et al. ............. 714/781 |
| 4,275,455 | A | 6/1981 | Bartlett |
| 4,277,646 | A | 7/1981 | Sams |
| 4,281,315 | A | * 7/1981 | Bauer et al. .......... 340/825.52 |
| 4,293,924 | A | 10/1981 | Struger et al. |
| 4,309,754 | A | 1/1982 | Dinwiddie, Jr. |
| 4,315,308 | A | 2/1982 | Jackson |
| 4,328,484 | A | 5/1982 | Denecke |
| 4,333,696 | A | 6/1982 | O'Neill et al. |
| 4,348,636 | A | 9/1982 | Doundoulakis |
| 4,349,870 | A | * 9/1982 | Shaw et al. .................. 712/38 |
| 4,350,973 | A | 9/1982 | Petryk, Jr. |
| 4,354,268 | A | 10/1982 | Michel et al. |
| 4,361,955 | A | 12/1982 | Lancaster |
| 4,367,374 | A | 1/1983 | Serrano |
| 4,375,103 | A | 2/1983 | Arneth et al. |
| 4,395,610 | A | 7/1983 | Downs et al. |
| 4,398,780 | A | 8/1983 | Novotny et al. |
| 4,401,351 | A | 8/1983 | Record |
| 4,403,111 | A | 9/1983 | Kelly |
| 4,404,651 | A | 9/1983 | Grudowski |
| 4,409,587 | A | 10/1983 | Scott |
| 4,426,166 | A | 1/1984 | Bowling |
| 4,428,043 | A | 1/1984 | Catiller et al. |
| 4,428,044 | A | 1/1984 | Liron |
| 4,432,604 | A | 2/1984 | Schwab |
| 4,434,472 | A | 2/1984 | Kachun |
| 4,443,850 | A | 4/1984 | Harris |
| 4,443,865 | A | 4/1984 | Schultz et al. |
| 4,443,884 | A | 4/1984 | Swarz |
| 4,445,213 | A | 4/1984 | Baugh et al. |
| 4,445,215 | A | 4/1984 | Svendsen |
| 4,447,804 | A | 5/1984 | Allen |
| 4,451,884 | A | 5/1984 | Heath et al. |
| 4,463,421 | A | 7/1984 | Laws |
| 4,477,862 | A | 10/1984 | Gonzales |
| 4,480,885 | A | 11/1984 | Coppelman |
| 4,485,439 | A | * 11/1984 | Rothstein .................... 710/63 |
| 4,489,419 | A | 12/1984 | Wang |
| 4,490,775 | A | 12/1984 | Quan |
| 4,493,028 | A | 1/1985 | Heath |
| 4,498,716 | A | 2/1985 | Ward |
| 4,509,113 | A | 4/1985 | Heath |
| 4,514,823 | A | 4/1985 | Mendelson et al. |
| 4,516,173 | A | 5/1985 | Abe et al. |
| 4,525,802 | A | 7/1985 | Hackamack |
| 4,534,011 | A | 8/1985 | Andrews et al. |
| 4,543,450 | A | 9/1985 | Brandt |
| 4,556,953 | A | 12/1985 | Caprio et al. |

| | | | |
|---|---|---|---|
| 4,571,456 | A | 2/1986 | Paulsen et al. |
| 4,579,407 | A | 4/1986 | Shimada |
| 4,582,324 | A | * 4/1986 | Koza et al. ................... 463/16 |
| 4,593,959 | A | 6/1986 | Simms |
| 4,597,631 | A | 7/1986 | Flores |
| 4,603,320 | A | 7/1986 | Farago |
| 4,607,170 | A | 8/1986 | Wickman |
| 4,607,379 | A | 8/1986 | Marshall, Jr. et al. |
| 4,630,198 | A | * 12/1986 | I-Yuan ....................... 711/118 |
| 4,633,489 | A | 12/1986 | Morishita |
| 4,639,863 | A | 1/1987 | Harrison et al. |
| 4,641,263 | A | 2/1987 | Perlman et al. |
| 4,670,855 | A | 6/1987 | Caprio et al. |
| 4,683,550 | A | 7/1987 | Jindrick et al. |
| 4,688,170 | A | * 8/1987 | Waite et al. ................... 703/27 |
| 4,689,023 | A | 8/1987 | Strong, III et al. |
| 4,691,350 | A | 9/1987 | Kleijne et al. |
| 4,691,355 | A | 9/1987 | Wirstrom et al. |
| 4,694,492 | A | 9/1987 | Wirstrom et al. |
| 4,703,198 | A | 10/1987 | Porter et al. |
| 4,723,195 | A | 2/1988 | Mizzi et al. |
| 4,742,477 | A | 5/1988 | Phillips et al. |
| 4,744,006 | A | 5/1988 | Duffield |
| 4,749,362 | A | 6/1988 | Hoffman et al. |
| 4,761,768 | A | * 8/1988 | Turner et al. ......... 365/185.22 |
| 4,771,378 | A | 9/1988 | Halford |
| 4,780,883 | A | 10/1988 | O'Connor et al. |
| 4,847,863 | A | 7/1989 | Watson |
| 4,852,041 | A | 7/1989 | Nakano |
| 4,898,547 | A | 2/1990 | Bottoms et al. |

## OTHER PUBLICATIONS

"A shielded computer interface connector," Hodgetts, M.A., *Fourteenth Annual Connectors and Interconnections Symposium Proceedings,* pp. 113–118, abstract only, 1981.

"An RS232 to centronics–converter," *Practical Electronics,* vol. 21, No. 9, pp. 46–49, abstract only, Sep., 1985.

"Chips Inside Connector Cut Costs, Save Space," Electronics, pp. 25, abstract only, Jan. 13, 1986.

"Give your computer an RS–232C interface," Rowe, J., *Electronics Australia,* vol. 41, No. 9, pp. 81, 83–84, 139, abstract only, 1979.

"Interfacing for data acquisition," Clune, T.R., *BYTE,* vol. 10, No. 2, pp. 269–282, abstract only, Feb. 1985.

"Low–cost parallel to serial converter," Gareb, R., *Electronics Australia,* vol. 45, No. 7, pp. 96–99, abstract only, Jul. 1983.

"Making a DIN about connections (S5/8 serial interface)," Hardie, A; Chapman, P, *Computing, The Magazine,* p. 23, abstract only, Oct. 18, 1984.

"Modern Survey," Datamation, vol. 25, No. 3, pp. 167–226, abstract only, Mar. 1979.

"Modems," Which Computer?, pp. 131–141, abstract only, Sep. 1985.

"Modems—Integral Approach Gains Momentum," Goldman Norman, Data Communications User, pp. 31, abstract only, Dec. 1975.

"Operating Note model 15104A 15115 A 15116A," Hewlett Packard, Inc., 1982.

"Parallel to serial converter," Penfold, R.A., *Practical Electronics,* vol. 20, No. 9, pp. 17–20, abstract only, Sep. 1984.

"RS232/Centronics converter," *Elektor,* vol. 10, No. 10, pp. 58–63, abstract only, Oct. 1984.

"Serial to parallel—a flexible utility box," Wilcox, A.D., *Dr. Dobb's Journal,* vol. 8, No. 8 pp. 28–35, abstract only, Aug. 1983.

# US 4,972,470 C1

Page 3

"Something Substantial: The Access Matrix Transportable Computer," Bassett, S.B., Small Business Computers Magazine, vol. 7, No. 4, pp. 42–45, abstract only, Oct. 1983.

"The Business Computer Network Corp has introduced the 'Network Inquirer,' a handheld computer that enables users to access hundreds of public databases by selecting the network desired from a list and pressing an appropriate selection number," Magazine of Direct Marketing, pp. 1291, abstract only, Nov. 1982.

"The microcomputer RS232C interface system," Malcome–Lawes, D.J., *Laboratory Microcomputer,* vol. 3, No. 3, pp. 89–100, abstract only, 1984.

"The modem for the house telephone," HC Mein Home Computer, No. 9, pp. 36–42, abstract only, Sep. 1984.

"The standard interface," Repko, M., *Systems International,* vol. 9, No. 6, pp. 40–42, abstract only, Jun. 1981.

"UART forms RS–232C/Centronics interface," Perianayagam, K.S., Kalyanaramudu, United Kingdom, *EDN,* vol. 30, No. 27, pp. 263–264, abstract only, Dec. 12, 1985.

"Universal RS232C cable," Vaidya, D.M., *Microprocessors and Microsystems,* vol. 9, No. 5, pp. 231–233, abstract only, Jun. 1985.

"Universal VDU interface," Polecat, H., *Electronic Product Design,* vol. 2, No. 2, p. 23, abstract only, Feb. 1981.

"Vic–20 The friendly computer VICMODEM," Commodore Business Machines, Inc. copyright 1982.

"You Can Take It with You," Smith, Amy E., Business Computer Systems, vol. 1, No. 1, pp. 94–99, abstract only, Sep. 1981.

National Semiconductor PC1645OC/NS16450, PC8250A/ INS8250A, Universal Asynchronous Receiver/Transmitter, Jul. 1990.

Martin S. Michael, A Comparison of the INS8250, NS16450 and NS16550AF Series of UARTs, National Semiconductor Application Note 493, Apr. 1989.

Radio Shack TRS–80 Color Computer Disk System Owner's Manual and Programming Guide, Copyright 1981.

Radio Shack Service Manual TRS–80 Color Computer Disk Interface Catalog No. 26–3022, 1/82.

Radio Shack TRS–80 Micro Computer System Expansion Interface Catalog No. 26–1140/1141/1142, Copyright 1979.

Radio Shack TRS–80 Hardware TRS–80 RS–232–C Interface Catalog No. 26–1145, no date provided.

Hewlett–Packard HP 82938A HP–IL Interface Owner's Manual Series 80, Jan. 1982.

* cited by examiner

US 4,972,470 C1

**1**

**EX PARTE
REEXAMINATION CERTIFICATE
ISSUED UNDER 35 U.S.C. 307**

NO AMENDMENTS HAVE BEEN MADE TO
THE PATENT

**2**

AS A RESULT OF REEXAMINATION, IT HAS BEEN
DETERMINED THAT:

The patentability of claims **1–13** is confirmed.

\*   \*   \*   \*   \*

**EXHIBIT B**

**Christine Watson**

| | |
|---|---|
| **From:** | leesq@aol.com |
| **Sent:** | Friday, October 05, 2007 4:14 PM |
| **To:** | Christine Watson |
| **Cc:** | Robert Yorio |
| **Subject:** | Re: Acticon v. Pretec |

Christine - thank you, I look forward to speak with you next week.

Best regards,
Lee Matthews
Sent from my BlackBerry® wireless device

-----Original Message-----
From: "Christine Watson" <cwatson@carrferrell.com>

Date: Fri, 5 Oct 2007 15:21:09
To:<leesq@aol.com>
Cc:"Robert Yorio" <RYorio@carrferrell.com>
Subject: Acticon v. Pretec

Mr. Matthews-

From your voicemail message today, I understand that you represent PTI Global, Inc.  We
are not appearing in Judge Fogel's courtroom today (10/5), rather we filed our Ex Parte
Application for Temporary Restraining Order and Motion for Preliminary Injunction with the
court today.  We also served all pleadings and papers associated with the application and
motion (including the Complaint and Summons in this case) on your client, PTI Global,
Inc., today.  Currently, no hearing is scheduled regarding the matter; if we learn that
Judge Fogel requires a hearing, we will notify you.

Best regards,

----------------

 ==================================================
Christine S. Watson
Attorney at Law  <http://www.carrferrell.com/>

Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303

(650) 812-3439 Direct
(650) 812-3444 Fax
CWatson@CarrFerrell.com <mailto:CWatson@CarrFerrell.com> Download my vCard -->
==================================================

----------------
 The information contained in this electronic mail message and any attachments hereto is
privileged and confidential information intended only for the use of the individual or
entity named above or their designee. If the reader of this message is not the intended
recipient, you are hereby notified that any dissemination, distribution or copy of this
communication is strictly prohibited. If you have received this communication in error,
please immediately notify us by return message or by telephone, and delete the original
message from your mail system. Thank you.



**EXHIBIT C**

# CARR & FERRELL LLP
## ATTORNEYS AT LAW

WRITER'S DIRECT DIAL NUMBER
(650) 812-3453

October 11, 2007

**VIA FACSIMILE**

Linda Shao
Law Offices of Linda Shao
28 North First Street, Suite 618
San Jose, California  95113

Re:    *Acticon Technologies LLC v. Pretec Electronics Corporation, et al.*
       Case No. C 07-4507 JF (HRL)

Dear Ms. Shao:

This letter will respond to your October 10, 2007 correspondence.  Your letter is inappropriate in the extreme, and flatly misstates several points discussed in our conversation yesterday.  As you are well aware, I firmly disagreed with your contention that Local Rule 65-1 was not complied with.  We followed the Federal Rules of Civil Procedure and the applicable Local Rule.  I told you that in the conversation, and do not misstate comments that I make.

It was your contention, and yours alone, that Local Rule 65-1 requires all defendants to be served with process prior to the filing of an application for a temporary restraining order.  That is not the case.

Addressing the point exactly, Local Rule 65-1(b) states that <u>notice</u> of an application or motion for a temporary restraining order be sent to opposing counsel or the party.  That notice was delivered by facsimile to your client on the day of the filing of the application and this issue was verified in the supporting declaration of Christine S. Watson at paragraph 20.

In addition, you informed me of your view of certain facts that you believe to be different than those facts noted in our motion papers.  While you are entitled to present your point of view, the facts set forth in the application, and the supporting declaration and exhibits are taken from court records, actual actions and conduct of your client and its predecessor and matters in the public record, including advertising representations by your client on its own website.  These matters were verified and the application was presented after a diligent inquiry into the relevant facts.

As I also indicated in that conversation, we are not going to withdraw the application for the reasons that I mentioned, and if your client wishes to oppose the application, it is free to do so.

---

2200 GENG ROAD, PALO ALTO, CALIFORNIA 94303
TELEPHONE (650) 812-3400, FACSIMILE (650) 812-3444
CarrFerrell.com


EXHIBIT __C__

{00261541v1}

Linda Shao
October 11, 2007
Page 2


Just make sure that you do not misstate any aspect of the discussion that we had yesterday.

Govern yourself accordingly.

                                        Very truly yours,

                                        CARR & FERRELL *LLP*

                                        *[signature: Robert J. Yorio]*

                                        ROBERT J. YORIO

/cmb

cc:  Christine Watson

**EXHIBIT D**

**Christine Watson**

| | |
|---|---|
| **From:** | Chi-Lin Tom [chilint@ptiglobalusa.com] |
| **Sent:** | Friday, October 12, 2007 5:53 PM |
| **To:** | Christine Watson |
| **Cc:** | management |
| **Subject:** | Acticon vs. PTI |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Attorney Watson:

My name is Chi-Lin Tom, General Manager of PTI Global Inc. Attorney Linda Shao has represented us on opposition of TRO and we are still looking for an attorney but we can start the conversation.

PTI is a distributor and focus on Flash memory products. We would like to know which products PTI has infringement to your IP? Where can you buy those products? Once we have those information and we can review it and go from there.

Your earliest response is highly appreciated.

Regards,
Chi-Lin


EXHIBIT___D

1   MATTHEW D. POWERS (Bar No. 104795)
    matthew.powers@weil.com
2   STEVEN CHERENSKY (Bar No. 168275)
    steven.cherensky@weil.com
3   RIP FINST (Bar No. 234478)
    rip.finst@weil.com
4   WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
5   Redwood Shores, CA  94065
    Telephone: (650) 802-3000
6   Facsimile: (650) 802-3100

7   ANITA E. KADALA (admitted *pro hac vice*)
    anita.kadala@weil.com
8   WEIL, GOTSHAL & MANGES LLP
    Houston Office
9   700 Louisiana, Suite 1600
    Houston, TX 77002
10  Telephone: (713) 546-5000
    Facsimile: (713) 224-9511

11  Attorneys for Plaintiff
    ACCLAIM INNOVATIONS, LLC
12

13                      UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15                       SAN FRANCISCO DIVISION

16

17  ACCLAIM INNOVATIONS, LLC,          Case No. 00-CV-4770 MJJ

18              Plaintiff,             **ACCLAIM INNOVATIONS, LLC'S**
                                       **MOTION FOR ENTRY OF DEFAULT**
19  v.                                 **AND DEFAULT JUDGMENT**

20  PRETEC ELECTRONICS CORP.; PNY      Date:     August 14, 2007
    TECHNOLOGIES, INC.; MEMTEK         Time:     9:30 a.m.
21  PRODUCTS, INC.; and C-ONE          Place:    Courtroom 11, 19th Floor
    TECHNOLOGY CORP.
22                                               Honorable Martin J. Jenkins
                Defendants.
23

24

25

26

27

28

EXHIBIT ___**E**___                -CV-4770 MJJ
                                    #264232

1

**NOTICE OF MOTION AND MOTION**

2          PLEASE TAKE NOTICE that on August 14, 2007, at 9:30 a.m., or as soon

3   thereafter as this matter may be heard, in Courtroom 11 of the United States District Court for the

4   Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San

5   Francisco, California 94102, Acclaim Innovations, LLC ("Acclaim") will move and hereby does

6   move for entry of default and default judgment against defendant Pretec Electronics Corp.

7   ("Pretec").

8          This Motion is based upon this Notice of Motion and Motion, the Memorandum of

9   Points and Authorities set forth below, the declaration of Rip Finst, the complete records and files

10  of this action, the arguments of counsel, such additional evidence as the Court may consider, and

11  all matters of which the Court may take judicial notice.

12

**RELIEF SOUGHT**

13          Pursuant to Federal Rules of Civil Procedure 16(f) and 55, Acclaim respectfully

14  requests that the Court strike Pretec's answer and enter default and default judgment against

15  Pretec.

16

**MEMORANDUM OF POINTS AND AUTHORITIES**

17          For over one year, Pretec has, in violation of the Court's Order, failed to obtain

18  counsel. Pretec also has not made an appearance or attended a status conference in this case since

19  June 2006. Pretec has simply shown no interest in participating in this action and defending itself

20  against Acclaim's claims of patent infringement. The Court has discretion to enter judgment by

21  default (Fed. R. Civ. P. 55(b)(2)), and where, as here, a party has disregarded a Court Order to

22  retain counsel and repeatedly failed to appear, entry of default and default judgment pursuant to

23  Federal Rules of Civil Procedure 16(f) and 55(b)(2) is – and should be – granted.[1]  *Ringgold*

24  *Corp. v. Worrall*, 880 F.2d 1138, 1141 (9th Cir. 1989) (affirming district court's grant of motion

25  for default and default judgment where plaintiffs did not comply with Court order granting

26  ───────────────────

27  [1] "Rule 16(f) expressly provides for imposing sanctions on disobedient or recalcitrant parties....
    [ ] Furthermore, [Rule 16(f)'s] explicit reference to sanctions reinforces the rule's intention to
    encourage forceful judicial management."  Fed. R. Civ. P. 16(f) advisory committee's note on

28  1983 amend.

1    motion for withdrawal that instructed plaintiffs to obtain new counsel and for plaintiffs' "repeated

2    failure to attend pretrial conferences, [and] otherwise participate in or remain informed about the

3    litigation").  Further, Federal Rule of Civil Procedure 16(f) authorizes the Court to enter default

4    against a party who disobeys a scheduling or pretrial order, as Pretec has done here.[2]

5        **A.    Pretec Has Repeatedly Violated The Court's Orders And Has Not
             Participated In This Case For More Than A Year**

6

7            On May 30, 2006, the Court granted Mount & Stoelker's motion to withdraw as

8    counsel for Defendants Pretec, PNY Technologies, Inc. and C-One Technology Corp. ("C-One")

9    (Docket No. 325).  The Court's Order further directed Pretec and C-One "to assign replacement

10   counsel within 30 days of the date of this order."  C-One, appearing *pro per*, filed a Motion To

11   Reconsider Motion on June 12, 2006 requesting that the Court reconsider its order granting

12   Mount & Stoelker's motion to withdraw as counsel (Docket No. 332).  On the same date, Pretec

13   filed a Notice Of Joinder joining C-One's Motion (Docket No. 333).  In its Motion, C-One (and,

14   thereby, Pretec) requested "60 days to retain a new counsel."  Docket No. 332 at 4.  However,

15   more than ten months later, neither C-One nor Pretec had retained counsel.  Thus, on April 16,

16   2007, the Court entered an Order instructing Pretec and C-One to file a response within 10 days

17   "which: (1) addresses the merits of the Motion To Withdraw As Counsel, to the extent that C-One

18   and/or Pretec continue to oppose that motion, and/or (2) clarifies for the Court whether and on

19   what timeline C-One and Pretec intend to retain new counsel to represent them in this action."

20   Docket No. 381.  Neither Pretec nor C-One filed a response, and, on May 14, 2007, the Court

21   thereby denied their motion for reconsideration.  *See* Docket No. 385.  Further, Pretec and C-One

22   did not appear for a Court-ordered status conference on June 5, 2007.  *See* Docket No. 387.

23   Consequently, on June 8, 2007, the Court issued an order to show cause why the defendants failed

24   to appear at the status conference and warned that "[f]ailure to respond may result in the Court

25   striking each defendant's answer and entry of default."  Docket No. 389.  Pretec did not file a

26

27   [2] "Among the sanctions authorized by [Rule 16(f)] are:… default judgment…and charging a
28   party, his attorney, or both with the expenses, including attorney's fees, caused by
     noncompliance."  Fed. R. Civ. P. 16(f) advisory committee's note on 1983 amend.

1    response by the June 29 deadline.[3]

2    Pretec has had thirteen months to retain new counsel, but, in violation of the

3    Court's Order and in contradiction of its representations to the Court and Acclaim, has not done

4    so and has proffered no basis for its continuing failure to retain counsel.  Moreover, Pretec has

5    repeatedly failed to respond to the Court's Orders (*see, e.g.*, Docket Nos. 381, 389) and did not

6    appear for a status conference intended to cover "all remaining issues in this matter."  *See* Docket

7    No. 385   Pretec's failure to appear has, *inter alia*, and as the Court noted (*see id.*), precluded

8    Acclaim from meeting and conferring with Pretec on remaining pretrial deadlines, including

9    additional discovery, and has prejudiced Acclaim's right to resolution of its claims.

10    Given Pretec's repeated and long-standing non-compliance with the Court's Orders

11    and failure to participate in any proceedings, Acclaim requested nearly eight months ago that the

12    Court enter an order to show cause why default judgment should not be entered against

13    defendants Pretec and C-One.  *See* Joint Statement of Case Status (Docket No. 348) at 2:23-3:2

14    Acclaim renewed its request on November 30, 2006.  Joint Status Conference Statement (Docket

15    No. 350) at 4:20-26.  At the December 5, 2006 status conference, the Court stated that it would

16    issue an order to show cause why default judgment should not be entered against Pretec and

17    C-One.  Finst Decl, ¶ 2.  This issue was revisited at status conferences on January 17, 2007 (*id*. at

18    ¶ 3) and June 5, 2007 (Docket No. 387).  Further, the Court issued two orders expressly warning

19    Pretec that its failure to appear and respond would result in entry of default.  *See* Order Granting-

20    In-Part And Denying-In-Part Motion For Reconsideration (Docket No. 381) at 2:14-17; Order to

21    Show Cause (Docket No. 389) at 1:20-21.  Thus, the Court has for many months extended every

22    accommodation to Pretec.  However, the time is ripe to enter default and terminate this action

23    without further delay.

24    **B.    Entry Of Default And Default Judgment Is Warranted**

25    The Court must consider five factors in deciding whether to declare a default

26    judgment: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

27    manage its docket; (3) the risk of prejudice to the [party seeking default]; (4) the public policy

28    ---
[3] C-One, represented by new counsel, filed a response (Docket No. 391).

1   favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions."

2   *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (affirming district court's

3   entry of default judgment against party who failed to appear and refused to comply with court

4   orders).

5           Where, as here, "a court order is violated, the first two factors support [default]

6   and the fourth factor cuts against a default.  Therefore, it is the third and fifth factors that are

7   decisive." *Id*.  Regarding the third factor, the risk of prejudice to Acclaim is substantial.  This

8   action is seven years old, and Acclaim has settled with defendants PNY and Memtek.  However,

9   Acclaim has and continues to incur significant expense by diligently pursuing its claims against a

10  defendant that has willfully and in bad faith refused to participate for more than one year.  Pretec

11  remains untouchable unless, as the Court noted, it appears with counsel.[4]  *See* Further Order Re:

12  Motion To Reconsider (Docket No. 385) at 1:23-24 (citing Local Rule 3-9(b) and *United States v.*

13  *High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993)).  Pretec's actions have

14  precluded Acclaim (and the Court) from meaningfully proceeding with this action, thus, causing

15  significant prejudice to Acclaim.  *See Adriana Intern. Corp.*, 913 F.2d at 1412 (stating that the

16  moving party "suffers prejudice if the [the other party's] actions impair the [moving party's]

17  ability to go to trial or threaten to interfere with the rightful decision of the case.").  Further,

18  Pretec's refusal to comply with the Court's Orders, which were intended to facilitate resolution of

19  this action, have interfered with Acclaim's right to timely adjudication of its claims.  *See id*.

20  (finding that party's "continuing refusal to comply with court-ordered production of documents

21  constitutes an interference with the rightful decision of the case").  Moreover, Pretec's

22  infringement of Acclaim's patents has harmed and continues to harm Acclaim.  Unless default

23  and default judgment is entered, Pretec's absence will continue to needlessly prejudice Acclaim.

24  Indeed, under circumstances less egregious than those here, the Court in *Adriana* concluded that

25  ――――――――――――――
26  [4] Pretec, however, cannot insulate itself from entry of default and default judgment by claiming a
    lack of counsel.  The Court's rationale in *Ringgold Corp.*, 880 F.2d at 1141-1142, applies with
27  equal force here: "Even before [Pretec's] counsel withdrew, [Pretec] had a duty to keep track of
    the progress of their lawsuit.  They are considered to have notice of all facts known to their
    lawyer-agent. ... **Once counsel withdrew, their duty to keep track of their lawsuit became**
28  **that much greater**."  (emphasis added)  Thus, entry of default judgment should not – indeed,
    cannot – come as a surprise to Pretec.

1    the moving party had established prejudice.  *See id*.

2          Regarding the fifth factor, the Court has previously considered – and instituted –

3    less drastic sanctions.  *See id*. (setting forth three-part analysis for determining whether district

4    court "properly considered the adequacy of less drastic sanctions").  As stated above, the issue of

5    default has been discussed with the Court for many months (most recently at a status conference

6    Pretec willfully refused to attend), and the Court has at least twice issued Orders warning that the

7    sanction of default was viable and available.  The Court already sanctioned Pretec for its flagrant

8    disregard of the Court's Orders, including striking without prejudice Pretec's Motion for Summary

9    Judgment of Invalidity.  *See* Docket No. 385.  Despite the fact that the Court ordered Pretec to

10   retain counsel more than one year ago and has already sanctioned Pretec, Pretec continues to

11   blatantly defy the Court's requests.  Indeed, Pretec has been silent and not even proffered an

12   excuse for its continuing failure to make an appearance.  Thus, it is highly unlikely that any

13   sanction less than entry of default and default judgment will notice Pretec of the severity of its

14   improper and abusive conduct in these proceedings.

15         Finally, in contrast to the Court's decision in *Adriana*, here, the fourth factor is

16   favored.  Although there may be a general policy in favor of granting decisions on the merits,

17   Pretec's absence has significantly frustrated – indeed, stalled – this action and, thus, a decision on

18   the merits is impossible and impractical.  Thus, each and every factor, favors immediate entry of

19   default and default judgment against Pretec.

20                                **CONCLUSION**

21         For each of the aforementioned reasons, Acclaim respectfully requests that the

22   Court strike Pretec's answer and enter default and default judgment against Pretec.

23   Dated: July 10, 2007                    WEIL, GOTSHAL & MANGES LLP

24

25                                By:  _____*/s/ Steven Cherensky*_____
                                          STEVEN S. CHERENSKY
26                                        Attorneys for Plaintiff,
                                          ACCLAIM INNOVATIONS, LLC
27

28

**EXHIBIT F**

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  SANDISK CORP,                          No  C  01-4063  VRW

12          Plaintiff,                     ORDER

13

14          v

15  MEMOREX PRODUCTS, INC, et al,

16          Defendants.
    _____/

17

18

19          Plaintiff Sandisk Corp ("Sandisk") filed a motion for

20  summary judgment of infringement against defendant Pretec

21  Electronics Corp ("Pretec") on September 6, 2007.  Doc #474.  This

22  motion was to be heard on October 25, 2007.  Pretec failed to file

23  an opposition on or before October 4, 2007 as required by Civ Local

24  Rule 7-3(a).  Accordingly, on October 9, 2007, the court vacated

25  the October 25, 2007 hearing and ordered Pretec to show cause by

26  October 12, 2007 why Sandisk's motion should not be treated as

27  unopposed and granted.  Doc #489.  Pretec has been represented in

28  this action by the law firm of Mount & Stoelker.



EXHIBIT___F

**United States District Court**
For the Northern District of California

On October 12, 2007, the law firm of Matthews & Partners filed a request on Pretec's behalf seeking leave "to make a special appearance until a substitution of attorney [could] be accomplished" and further requesting "an extension of 5 business days, to and including October 19, 2007, within which to file a response to the OSC."  Doc #490.

The same day, the court entered an order giving Pretec until October 19, 2007 within which time to (1) enter an appearance and substitution of counsel, and (2) respond to the order to show cause of October 9, 2007.  Pretec failed to comply.

Accordingly, the clerk is DIRECTED to enter default as to defendant Pretec Electronics Corp pursuant to FRCP 55(a).  The trial, currently scheduled to commence on November 14, 2007, is VACATED.

SO ORDERED.

_____

VAUGHN R WALKER

United States District Chief Judge

2

**EXHIBIT G**

 NetworkSolutions.    Login         Customer Service       Your cart is empty
                                           Call us toll free

# WHOIS Search Results



Available **pretec** extensions:

| .tv | .bz |
|-----|-----|
| ☐ | ☐ |

[ **Order Selected Domain(s)** ➤ ]

### Your WHOIS Search Results



**pretec.com**
Services from Network Solutions:

Certified Offer Service - Let us help you get this domain name!

Backorder - Try to get this name when it becomes available.

Private Registration - Keep personal information for this domain private.

SSL Certificates - Get peace of mind with a secure certificate.

Visit AboutUs.org for more information about PRETEC.COM  AboutUs: PRETEC.COM

**Registrant:**                          Make this info private
PTI Global Inc.
231 Whitney Place
Fremont, CA 94539
US

**Domain Name:** PRETEC.COM

**Administrative Contact :**
PTI Global Inc.
chilint@ptiglobalusa.com
231 Whitney Place
Fremont, CA 94539
US
Phone: 510-249-9055
Fax: 510-249-9015

**Technical Contact :**
., Hostmaster
chilint@ptiglobalusa.com
231 Whitney Place
Fremont, CA 94539
US
Phone: 510-249-9055
Fax: 510-249-9015

**Record expires on** 03-Dec-2010
**Record created on** 04-Dec-1995
**Database last updated on** 27-Jun-2006

**Domain servers in listed order:**      Manage DNS

NS3.WORLDNIC.COM                         205.178.190.2
NS4.WORLDNIC.COM                         205.178.189.2

Show underlying registry data for this record

**Current Registrar:** NETWORK SOLUTIONS, LLC.
**IP Address:** 61.218.104.237 (ARIN & RIPE IP search)
**IP Location:** TW(TAIWAN)-T'AI-PEI-TAIPEI
**Record Type:** Domain Name





**SAVE over 70%**
when you TRANSFER
your domains to
Network Solutions — your
trusted domain name provider!
[ Go ➤ ]

**Choose Your Domain Name Provider Wisely** and **Transfer Domains for $9.99/yr**

Learn the do's and don'ts of
search engine optimization.
**Download** our *Guide to Getting
Found Online* now.

 EXHIBIT ___G___

| | |
|---|---|
| **Server Type:** | IIS 6 |
| **Lock Status:** | clientTransferProhibited |
| **Web Site Status:** | Active |
| **DMOZ** | 1 listings |
| **Y! Directory:** | see listings |
| **Web Site Title:** | Untitled Document |
| **Secure:** | No |
| **E-commerce:** | No |
| **Traffic Ranking:** | 1 |
| **Data as of:** | 21-Nov-2006 |



**Search »**

your domain name registration be included in a public database known as WHOIS. To learn about actions you can take to protect your WHOIS information visit www.internetprivacyadvocate.org.

NOTICE AND TERMS OF USE: You are not authorized to access or query our WHOIS database through the use of high-volume, automated, electronic processes or for the purpose or purposes of using the data in any manner that violates these terms of use. The Data in Network Solutions' WHOIS database is provided by Network Solutions for information purposes only, and to assist persons in obtaining information about or related to a domain name registration record. Network Solutions does not guarantee its accuracy. By submitting a WHOIS query, you agree to abide by the following terms of use: You agree that you may use this Data only for lawful purposes and that under no circumstances will you use this Data to: (1) allow, enable, or otherwise support the transmission of mass unsolicited, commercial advertising or solicitations via direct mail, e-mail, telephone, or facsimile; or (2) enable high volume, automated, electronic processes that apply to Network Solutions (or its computer systems). The compilation, repackaging, dissemination or other use of this Data is expressly prohibited without the prior written consent of Network Solutions. You agree not to use high-volume, automated, electronic processes to access or query the WHOIS database. Network Solutions reserves all rights and remedies it now has or may have in the future, including, but not limited to, the right to terminate your access to the WHOIS database in its sole discretion, for any violations by you of these terms of use, including without limitation, for excessive querying of the WHOIS database or for failure to otherwise abide by these terms of use. Network Solutions reserves the right to modify these terms at any time.

**SEARCH AGAIN**

**Enter a search term:**

e.g. networksolutions.com

**Search by:**
- ○ **Domain Name**
- ○ **NIC Handle**
- ○ **IP Address**

**Search »**



**PerformanceClicks™ from Network Solutions**
Create and manage your pay per click advertising from as low as **$125/month** plus **$99 one time set-up fee**



**Need to get your business online?**
Our professional designers can build a custom Web site for your business.
$11.95/month, plus a $499.00 design fee

  

"An outstanding customer service experience"
J.D. Power and Associates

© Copyright 2007 Network Solutions. All rights reserved.

**EXHIBIT H**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**LEXAR MEDIA, INC. , et al.,**                    No. **C 00-4770 MJJ**

                    Plaintiff,                    **CLERK'S NOTICE**
                                                  **VACATING**
    v.                                            **MOTIONS HEARING**

**PRETEC ELECTRONICS CORP., et al.,**

                    Defendants,
————————————————————————/

        (Plaintiff is required to serve, and file proof of service with the Court, any party involved not
        listed on the attached notice of electronic filing)

        YOU ARE NOTIFIED THAT the Court has VACATED the motions hearing previously
scheduled for Tuesday, August 14, 2007 at 9:30 a.m. before the Honorable Martin J. Jenkins.  The
matter has been deemed submitted on the papers.

Dated:  8/13/07                                   FOR THE COURT,

                                                  Richard W. Wieking, Clerk

                                                  By:_____
                                                      Edward Butler
                                                      Courtroom Deputy

