1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**11/13/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC, | Case Number C 07-4507 JF |
| Plaintiff, | ORDER[1] GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| v. | |
| PRETEC ELECTRONICS CORPORATION, et al., | [docket no. 7] |
| Defendants. | |

Plaintiff Acticon Technologies, LLC ("Acticon") moves for a preliminary injunction enjoining Defendants Pretec Electronics Corporation ("Pretec"), et al., (collectively "Defendants") from transferring, selling or otherwise moving or removing any corporate assets of Defendant PTI Global, Inc. ("PTI Global") to any business entity or individual, including Defendants Chiu Feng Chen, Tommy Ho, Kuei Lu, Grace Yu, Gordon Yu and Robert Wu (collectively "individual Defendants"), except in the normal course of business. Defendant PTI Global opposes the motion.[2] For the reasons set forth below, the motion will be granted.

---

[1] This disposition is not designated for publication and may not be cited.

[2] Although an attorney filed initial written opposition on behalf of PTI Global, PTI Global currently is not represented by counsel and thus lacks capacity to defend the instant action. PTI Global has requested at least two extensions of time but it has not explained why it presently is

# I. BACKGROUND

On August 1, 2007, Acticon filed a complaint for patent infringement in this Court against Pretec and other defendants. *See Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL) (the "first complaint"). On September 19, 2006, this Court entered a default judgment in favor of Acticon because the Defendants named in the first complaint failed to respond. Subsequently, the parties agreed to continue a scheduled case management conference, and Acticon agreed not to enforce the default judgment, based on alleged representations made by a Pretec employee that Pretec would provide Acticon with sales information concerning the accused products. On October 27, 2006, a company called Pretec Technology Inc. ("Pretec Technology") filed a Certificate of Amendment of Articles of Incorporation with the California Secretary of State, for the purpose of changing its corporate name to PTI Global, Inc. On November 28, 2006, Pretec filed a Certificate of Dissolution. Pretec failed to appear at the rescheduled case management conference on February 2, 2007.

On August 20, 2007, Acticon filed a second complaint (the "second complaint") alleging that prior to Pretec's corporate dissolution on November 28, 2006, Pretec made, used, imported, distributed, offered for sale or sold certain products in the United States that infringe upon Acticon's patents. The second complaint alleges that Defendants fraudulently transferred or conspired fraudulently to transfer Pretec's assets to PTI Global for the purpose of avoiding liability on the first complaint and to continue conducting business as PTI Global. *See Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 07-4507 JF (HRL).

On October 4, 2007, Acticon filed the instant motion for a preliminary injunction. Acticon seeks to enjoin PTI Global from transferring, selling, hypothecating or otherwise moving or removing assets or accused products of PTI Global to Defendants or any of Defendants' parent companies, subsidiaries, officers, directors, attorneys, agents, or affiliates, or to anyone acting in concert with any Defendant or to any business entity or individual , except in the normal course of business. The Court heard oral argument on November 9, 2007.

---

unrepresented.

Case No. C 07-4507 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
(JFLC3)

## II. DISCUSSION

A party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

Acticon asserts three claims for relief based upon patent infringement, improper corporate dissolution, and fraudulent transfer. Acticon asserts that it is likely to succeed on the merits on all of these claims. Acticon also asserts that unless the status quo is preserved, it will suffer irreparable injury because PTI Global may engage in further fraudulent asset transfers, dissolution activities, or delay tactics, such as filing motions for extensions of time or for further continuances.

PTI Global contends that Acticon's motion for a preliminary injunction should be denied for several reasons. First, PTI Global argues that Acticon failed to serve all of the parties properly. Acticon admits that it has not been able to serve any Defendants other than PTI Global. However, Acticon claims that Defendants purposely have been evading service. Acticon faxed a notice to PTI Global on October 4, 2007, a day before it filed the instant motion, and it attempted to serve all Defendants in the case. PTI Global received the motion and filed an opposition. Acticon's motion seeks to enjoin PTI Global. Under the circumstances, the Court concludes that Acticon has complied substantially with the Court's local rules and will address the motion on the merits.

**A. Likelihood of Success on the Merits**

1.  Claims for patent infringement

Acticon's complaint and motion allege that the patents-in-suit, entitled "Connector Interface" U.S. Patent No. 4,630,320 ("'320 Patent"), "Integrated Connector and Modem" U.S. Patent No. 4,543,450 ("'450 Patent"), "Programmable Connector" U.S. Patent No. 4,972,470

1    ("'470 Patent") and "Multiple Connector Interface" U.S. Patent No. 4,686,506 ("'506 Patent"),

2    involve various electronic connectors that convert signals between a computer and certain

3    external devises, and that prior to or on about November 28, 2007, Pretec made, used, imported,

4    distributed, offered for sale and/or sold certain products in the United States that infringe upon

5    these patents.  Supp. Brief ISO Motion, p.2.  Acticon alleges that "many of the products available

6    on Pretec's and PTI Global's web sites, as well as PTI Global's online storefront in

7    Amazon.com's marketplace represent Accused Products . . . which are products involving

8    electronic connectors . . . ."  Brief ISO Motion, p. 2-3.

9         PTI Global's liability turns on whether it manufactures, distributes, offers to see or sells

10    infringing products.  In its opposition, PTI Global focuses exclusively on the manufacturing

11    element of the alleged infringement, without addressing the issue of whether it distributes, offers

12    to sell, or sells infringing products.  PTI Global admittedly sells Pretec electronic connector

13    products.  PTI Global does not challenge the validity of the patents.  Acticon has entered into

14    several licenses with other companies involving at least one of the patents in suit, and the '470

15    and '320 patents were successfully re-examined before the United States Patent and Trademark

16    Office.  Accordingly, Acticon has demonstrated a likelihood of success with regards to the patent

17    infringement claims.

18         2.    Improper Dissolution Claim

19         Acticon alleges that Pretec filed its corporate dissolution to avoid the default judgment

20    against it in the first litigation, and that Pretec has continued to do business as PTI Global.  PTI

21    Global claims that Acticon's allegations are based on speculation.  However, PTI Global does

22    not dispute the fact that Pretec was dissolved during litigation, or that PTI Global is doing

23    business in the same location, under the same brand name and from the same web site.

24    Accordingly, Acticon has demonstrated a likelihood of success on this claim.

25         3.    Fraudulent Transfer Claim

26         Acticon alleges that Pretec transferred assets to PTI Global in a effort to avoid liability in

27    the first litigation.  Acticon argues that PTI Global and the individual Defendants cannot escape

28    liability merely because PTI Global and Pretec have different names.  It asserts that it under

4

1  California law, PTI Global should be held responsible for the patent infringement liability of

2  Pretec.  The evidence supporting this claim includes the following:  PTI Global was listed on

3  Pretec's website as Pretec's United States headquaters; PTI Global is the registrant of

4  www.pretec.com; PTI Global occupies the same physical space that Pretec previously occupied;

5  and PTI Global and Pretec largely have the same officers and directors.  Based on this evidence,

6  Acticon asserts that it likely will prove that Pretec transferred substantially all of its assets to PTI

7  Global, that PTI Global did not assume Pretec debts or liabilities and that PTI Global carries on

8  the same business that Pretec conducted prior to Pretec's dissolution.

9      PTI Global argues that PTI Global was established years before of the dissolution of

10 Pretec and that Pretec did not provide any funding of PTI Global.  However, Acticon does not

11 claim that Pretec funded PTI Global.  Rather, Acticon asserts that Pretec has continued to

12 function as PTI Global in order to avoid liability.  Indeed, Pretec's opposition papers admit that

13 PTI Global continues to sell Pretec's products.  Accordingly, Acticon has demonstrated a

14 likelihood of success regarding this claim.

15     **B.  Possibility of Irreparable Injury**

16     Acticon asserts that it will suffer irreparable injury if this motion is denied.  PTI Global

17 argues that Acticon collects royalties from many corporations and thus that money damages will

18 be adequate.  However, based on the circumstances of the Pretec dissolution and PTI Global's

19 conduct in the present litigation there appears to be a significant likelihood that Acticon may not

20 be able to recover any damages from PTI Global.  Acticon thus has made a showing of the

21 possibility of irreparable injury.

22     **C.     Bond**

23     Acticon argues that a bond of $5,000 is appropriate in this case.  Defendants assert that

24 the bond should be set at $500,000.  The purpose of the preliminary injunction in the instant case

25 is to prohibit the transfer of PTI Global's assets to any third parties, including the individual

26 Defendants in this case, during the course of the litigation.  An injunction will not prohibit PTI

27 Global from operating as a business.  Accordingly, the Court concludes that a nominal bond is

28 appropriate.

Case No. C 07-4507 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
(JFLC3)

**IV. ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that the instant motion is GRANTED; and it is further ORDERED that PTI Global is enjoined from:

(1) Transferring, selling, hypothecating or otherwise moving or removing any assets (including cash and any other monetary sums) of PTI Global to the Defendants or any Defendant's parent companies, subsidiaries, officers, directors, attorneys, agents, affiliates or anyone acting in concert with any Defendant;

(2) Transferring, selling, hypothecating or otherwise moving or removing any of the Accused Products to the Defendants or any of Defendant's parent companies, subsidiaries, officers, directors, attorneys, agents affiliates or anyone acting in concert with any Defendant; and

(3) Transferring, selling, hypothecating or otherwise moving or removing any assets (including case and any other monetary sums) of PTI Global to any business entity or individual, except in the normal course of business.

The issuance of this injunction shall be conditioned upon the posting of a bond in the amount of $5,000.

DATED: November 13, 2007.

JEREMY FOGEL
United States District Judge

Case No. C 07-4507 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
(JFLC3)

1    This Order has been served upon the following persons:

2

3    Christine S. Watson
     cwatson@carrferrell.com

4

5    Linda Yi Tai Shao
     shaoyitai@yahoo.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7