**Danning Jiang, Esq. (CA BAR No. 196985)**
Djiang@jianglawgroup.com
**LAW OFFICES OF DANNING JIANG**
**271 North First Street**
**San Jose, California 95113**
**Tel.: (408) 299-0800**
**Fax: (408) 299-0300**

**Attorneys for Special Appearing Defendant**
**Grace Yu**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC, ) | CASE NO.  C 07-4507 JF (HRL) |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OF POINTS AND |
| Vs. ) | AUTHORITIES IN SUPPORT OF |
| ) | MOTION TO DISMISS BY |
| PRETEC ELECTRONICS ) | SPECIAL APPEARING |
| CORPORATION, a dissolved California ) | DEFENDANT GRACE YU FOR |
| corporation; PTI GLOBAL, INC., a ) | INSUFFICIENCY SERVICE OF |
| California corporation; CHIU FENG ) | SUMMONS AND COMPLAINT |
| CHEN, an individual; GORDON YU, an ) | [FRCP Rule 12(b)(5)] |
| individual; TOMMY HO, an individual; ) | |
| ROBERT WU, an individual; GRACE YU, ) | Dated: January 25, 2008 |
| an individual; and DOES 1 through 20, ) | Time:    9:00 a.m. |
| ) | Place:   280 S. First St., Courtroom 3 |
| Defendants. ) | San Jose, CA 95113 |
| ) | Judge: Hon. Jeremy Fogel |

      Special appearing defendant Grace Yu ("Defendant") submits her Memorandum of Points and Authorities in Support of Motion to Dismiss for Insufficiency Service of Summons and Complaint as followings:

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF YU'S MOTION TO DISMISS [FRCP 12(b)(5)]    Page 1

**SUMMARY OF ARGUMENT**

The purported substituted service of summons and complaint by plaintiff's server is false. "Gabriel Hernandez" is not a resident of Defendant's home. In fact, Defendant does not know "Gabriel Hernandez" at all. The action against Defendant must be dismissed.

**RELEVANT FACTS**

The summons and complaint were filed to the Court on or about August 30, 2007. Defendant was named as one of the defendants in this action. Plaintiff alleges Counts II to VI against Defendant, among other defendants, for patent infringement based on alter ego and vicarious liability, fraudulent transfer, conspiracy to fraudulent transfer of assets, and improper dissolution.

Plaintiff's server alleges that he/she served the Summons and Complaint on Defendant on or about November 12, 2007, by leaving copies to "Gabriel Hernandez, at 40250 San Sebastian Place, Fremont, CA 94539, at 12:10 PM". The server also alleges that "Gabriel Hernandez" is a person of "**discretion then residing therein**". *See* Exhibit 1 (Proof of Service).

Defendant resides at 40250 San Sebastian Place, Fremont, CA 94539. However, she does not know the person "Gabriel Hernandez". She does not have a person named "Gabriel Hernandez" living in her residence at all. (Decl. Yu, ¶5.) Defendant has never been personally delivered with a copy of plaintiff's summons or complaint. She has never authorized any one to receive service of process on her behalf. (Decl. Yu, ¶6.)

Based on information and belief, Defendant believes that the Proof of Service was falsely made by plaintiff's server. (Decl. Yu, ¶7.)

**ARGUMENT**

**I.    Legal Standards regarding FRCP Rule 12(b)(5) motions:**

A motion to dismiss lies for defects in the manner of service (insufficiency of service). FRCP Rule 12(b)(5). When the service of process is properly challenged, the party on whose behalf service was made has the burden to establish its validity. *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.* (5th Cir. 1981) 635 F2d 434, 435; *Norlock v. City of*

*Garland* (5th Cir. 1985) 768 F2d 654, 656.

Defendant's motion must be supported by declaration or other form of admissible evidence establishing the lack of proper service. *In re Med-Atlantic Petroleum Corp.* (BC SD NY 1999) 233 BR 644, 662. If a Rule 12(b)(5) motion is granted, the court may either dismiss the action or retain the action and quash the service. *Montalbano v. Easco Hand Tools, Inc.* (2nd Cir. 1985) 766 E2d 737, 740.

## II.  The service of summons and complaint must be quashed per FRCP Rule 4(e)(2) because "Gabriel Hernandez" is not a resident in Defendant's home:

FRCP Rule 4(e) states in part:

```
"(e) Service Upon Individuals Within a Judicial District
of the United States.

Unless otherwise provided by federal law, service upon an
individual from whom a waiver has not been obtained and
filed, other than an infant or an incompetent person, may
be effected in any judicial district of the United States:

(1) …

(2) by delivering a copy of the summons and of the
complaint to the individual personally or by leaving
copies thereof at the individual's dwelling house or usual
place of abode with some person of suitable age and
discretion then residing therein or by delivering a copy
of the summons and of the complaint to an agent authorized
by appointment or by law to receive service of process."
```
(Emphasis added.)

"The person with whom summons is left must be a resident of defendant's 'usual place of abode.' I.e., substituted service requires that the summons be left with someone else who also resides there." Schwartzer, Tashima & Wagstaffe, <u>Rutter Group Practice Guide: Fed. Proc. Before Trial</u> ¶5:186603, p.5-40 (citing FRCP Rule 4(e)(2)).

As shown in plaintiff's proof of service, plaintiff's server attempted a substituted service on Defendant on November 12, 2007. The server allegedly delivered copies of the summons and complaint to a person named "Gabriel Hernandez". He alleges that the delivery took place at "40250 San Sebastian Place, Fremont, CA 94539", which Defendant admitted to be her residence. (Decl. Yu, ¶5.) The server further state that "Gabriel Hernandez" is a person

of "**discretion then residing therein**". *See* Exhibit 1.

As declared by Defendant, she does not know a person "Gabriel Hernandez". There is not such a person residing at her home at all. (Decl. Yu, ¶5.) No one has ever delivered a copy of the summons and complaint to her. She has not authorized any one to accept service of process on her behalf. (Decl. Yu, ¶6.) She believes that the Proof of Service was falsified by plaintiff's server. (Decl. Yu, ¶7.)

Therefore, plaintiff's alleged substituted service on Defendant is defective as the alleged person of "Gabriel Hernandez" is not a resident in Defendant's home. Evidence shows that the Proof of Service was falsified by plaintiff's server. The alleged service of summons and complaint on Defendant must be quashed.

### III. The complaint shall be dismissed as plaintiff has failed to properly serve summons and complaint on Defendant:

If a Rule 12(b)(5) motion is granted, the court may either dismiss the action or retain the action and quash the service. *Montalbano v. Easco Hand Tools, Inc.*, *Supra*, at 740. Plaintiff has failed to serve its summons and complaint on Defendant for months. More importantly, plaintiff's server submitted to the Court a falsely made Proof of Service, stating that "Gabriel Hernandez" is a resident of Defendant's home. Such a practice demonstrates a bad litigation tactic on the part of plaintiff. The Court shall dismiss this action against Defendant.

### CONCLUSION

Based on the foregoing, Defendant respectfully moves the Court to grant this motion and quash plaintiff's alleged service of summons and complaint on Defendant. Further, Defendant respectfully requests the Court to dismiss this action against Defendant due to plaintiff's bad faith litigation tactic.

Dated: December 3, 2007              **LAW OFFICES OF DANNING JIANG**

                                     By: /s/ Danning Jiang
                                     DANNING JIANG, Esq.
                                     Attorneys for special appearing defendant
                                     GRACE YU