1  ROBERT J. YORIO (SBN 93178)
   yorio@carrferrell.com
2  COLBY B. SPRINGER (SBN 214868)
   cspringer@carrferrell.com
3  CHRISTINE S. WATSON (SBN 218006)
   cwatson@carrferrell.com
4  CARR & FERRELL *LLP*
   2200 Geng Road
5  Palo Alto, California 94303
   Telephone: (650) 812-3400
6  Facsimile:  (650) 812-3444

7  Attorneys for Plaintiff
   ACTICON TECHNOLOGIES LLC
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13  ACTICON TECHNOLOGIES LLC,              CASE NO. C 07-4507 JF (HRL)

14          Plaintiff,

15      v.                                 **PLAINTIFF ACTICON
                                           TECHNOLOGIES LLC'S
16  PRETEC ELECTRONICS CORPORATION, a      ADMINISTRATIVE MOTION
    dissolved California corporation; PTI  FOR AUTHORIZATION TO
17  GLOBAL, INC., a California corporation; SERVE COMPLAINT AND
    CHIU FENG CHEN, an individual; GORDON  SUMMONS BY ALTERNATIVE
18  YU, an individual; TOMMY HO, an individual; MEANS AND EXTENSION OF
    ROBERT WU, an individual; GRACE YU, an TIME TO COMPLETE SERVICE**
19  individual; KUEI LU, an individual; and DOES
    1 through 20,
20
            Defendants.
21

22

23

24

25

26

27

28

## I.    INTRODUCTION

ACTICON filed the Complaint in this action on August 20, 2007.  Therefore, pursuant to Fed.R.Civ.P. 4(m), December 28, 2007 is the deadline for ACTICON to serve its Complaint and Summons on all of the defendants in the case.

Since filing the Complaint, ACTICON has been able to serve two of the eight defendants[1] in this action:  Defendant PTI GLOBAL, INC. and Defendant GRACE YU.  Based on the remaining defendants' actions to evade service of process and due to the unknown whereabouts of four of the remaining defendants, ACTICON has been prevented from serving the Complaint and Summons on the remaining defendants.

Under the circumstances, ACTICON respectfully requests that the Court extend the time to complete service of process for sixty (60) days and to authorize ACTICON to effect service on the Defendants CHIU FENG CHEN, KUEI LU and GORDON YU through the combined alternative methods of (1) mailing the Complaint and Summons and (2) leaving a copy of the Complaint and Summons at the these defendants' last known residences and to effect service on Defendants TOMMY HO and ROBERT WU by mailing the Complaint and Summons to PTI GLOBAL, INC. or by publication.  As discussed below, given the facts of this case, these alternative methods to personal service are sufficient to comply with the due process requirement that a method of service must be likely to result in the defendant receiving actual notice.  *See Mullane v. Central Hanover Bank & Trust Co.*, (1950) 339 U.S. 306, 314-315 (due process requires that "notice [be] reasonably calculated, *under all the circumstances*, to appraise interested parties of pendency of the action and afford them opportunity to present their objections") (emphasis added).

## II.    FACTS

ACTICON served Defendant PTI GLOBAL, INC. with the Complaint and Summons on October 5, 2007, through personal service on Chi-Lin Tom, PTI GLOBAL, INC.'s General Manager.  *See* Proof of Service of Process, attached as Exhibit B to the Declaration of Christine Watson ("Watson Decl.").  With the assistance of a private investigator, ACTICON located the

---

[1] Defendant PRETEC ELECTRONICS CORPORATION is a dissolved corporation.  Exhibit F to Complaint (Docket No. 1).

1  residential addresses for three defendants, GRACE YU, KUEI LU and CHIU FENG CHEN.

2  Watson Decl., at ¶4.  On November 12, 2007, ACTICON served Defendant GRACE YU by

3  substitute service at her admitted home address, 40250 San Sebastian Place, Fremont, California

4  94539[2].  *See Declaration Re: Due Diligence* for Grace Yu ("Yu Decl."), attached as Exhibit B to

5  the Watson Decl.; *see also* Declaration of Grace Yu in Support of Motion to Dismiss, at ¶¶4, 5

6  (Docket No. 38).

7       Although ACTICON located a residential address for Defendant KUEI LU, this defendant

8  has evaded ACTICON's multiple service attempts.  Eleven attempts were made to serve KUEI LU

9  at her address between the dates of October 5, 2007 and November 18, 2007.  *See Declaration Re:*

10  *Due Diligence* for Kuei Lu ("Lu Decl."), attached as Exhibit C to the Watson Decl.  On the second

11  service attempt at KUEI LU's residence, KUEI LU's son answered the door.  *Id.*  Subsequently, on

12  each of the nine further attempts to serve KUEI LU, the defendant and the occupants of her

13  residence refused to answer the door even though on at least five of those occasions, multiple cars

14  were parked outside the residence, which suggests that the house was occupied.  *See id.*

15       In addition, ACTICON located a residential address for Defendant CHIU FENG CHEN,

16  however, this defendant allegedly no longer resides at that address.  *See Declaration Re: Due*

17  *Diligence* for Chiu Feng Chen ("Chen Decl."), attached as Exhibit D to the Watson Decl.  Three

18  attempts were made to serve Defendant CHIU FENG CHEN at the same residential address.  *See*

19  Chen Decl.  On the second attempt, the process server was informed by the occupant of the

20  apartment unit that CHIU FENG CHEN was a former tenant of the unit.  *See* Chen Decl.

21  ACTICON does not possess any other residential address for CHIU FENG CHEN.  Watson Decl.,

22  at ¶6.

23       The remaining defendants are individuals who include TOMMY HO, ROBERT WU and

24  GORDON YU and for whom ACTICON has been unable to locate contact or residence

25  information.  ACTICON believes that GORDON YU is related to Defendant GRACE YU through

26  a marital, familial or other close relationship since the two defendants share the same last name,

27

28  [2] Defendant YU filed a motion to dismiss based on insufficient service of summons on December 3, 2007, which is scheduled to be heard before this Court on January 25, 2008.

1    were both listed as officers of Pretec Electronics Corporation and have both resided – and may

2    continue to reside – at the same address, 40250 San Sebastian Place, Fremont, California 94539,

3    which GRACE YU admits is currently her residential address.  *See Declaration of Grace Yu*, at ¶5

4    (Docket No. 38); *see* Statement of Information dated June 20, 2005, attached as Exhibit E to the

5    Watson Decl.

6                                    **III.    ARGUMENT**

7    **A.    Service By Publication, Mail Or Leaving A Copy Of The Complaint
            And Summons At The Remaining Defendants' Respective Last**
8            **Known Addresses Meets Constitutional Due Process Requirements.**

9            Due process requires that "[t]he means employed [to effect service of process] must be such

10    as one desirous of actually informing the (defendant) might reasonably adopt to accomplish it."

11    *Mullane v. Central Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 315.  Due process does not

12    require, however, personal service in every case or that the method utilized is most likely to reach

13    the defendant.  *Green v. Lindsey* (1982) 456 U.S. 444, 455.  Rather, the method need only be

14    "reasonably likely" to provide notice of the proceedings involving the defendant's interests and an

15    opportunity to be heard.  *Id.*; *see also Mullane*, 339 U.S. at 314.  Moreover, "extraordinary" efforts

16    to locate a defendant are not required and a plaintiff must simply undertake reasonably diligent

17    efforts to locate a defendant.  *Mennonite Board of Missions v. Adams* (1983) 462 U.S. 791, 798

18    (plaintiff need not hire a private investigator to locate the defendant).

19            In this case, ACTICON hired a private investigator to locate the individual defendants.  Of

20    the three individual defendants ACTICON succeeded in locating, ACTICON has only been able to

21    serve one of them, GRACE YU.  Defendant KUEI LU has been evading service as demonstrated in

22    Section II above and CHIU FENG CHEN is allegedly no longer residing at the apartment last

23    known to be this defendant's address.  ACTICON is not constitutionally required to make

24    extraordinary efforts exceeding those which it has already diligently pursued.  Service by mail is an

25    appropriate and reasonable method of service based on the circumstances of this case.

26    **B.    The Circumstances Of This Case Render Personal Service
            As Set Forth In Fed.R.Civ.Proc. 4(e)(2) Impossible.**
27

28            "*Strict compliance* is required with the rules governing manner of service."  Schwarzer,

1   Tashima & Wagstaffe, Cal.Prac.Guide, *Federal Civil Procedure Before Trial*, §5:166 (The Rutter

2   Group 2007).  Federal Rule of Civil Procedure 4(e)(2) requires service of the complaint and

3   summons by delivering copies of the documents to the defendants personally or by leaving the

4   copies with persons of suitable age and discretion residing at the defendants' usual places of abode.

5   However, with respect to Defendants TOMMY HO and ROBERT WU, personal service or leaving

6   copies of the documents at their respective residences has been made impossible without

7   conducting extraordinary investigations into their locations, which ACTICON is not required to do.

8          ACTICON requests authorization to serve Defendants TOMMY HO and ROBERT WU by

9   U.S. mail in envelopes addressed to the Defendants in care of PTI GLOBAL, INC.  Both

10  defendants were officers or directors of PRETEC ELECTRONICS CORPORATION and PTI

11  GLOBAL, INC., which is the alleged successor corporation to PRETEC ELECTRONICS

12  CORPORATION and which is believed to be located at PRETEC ELECTRONICS

13  CORPORATION's pre-dissolution address.  ACTICON also requests authorization to serve

14  Defendants TOMMY HO and ROBERT WU by publication, as permitted by Fed.R.Civ.P. 4(e)(1)

15  and California Code of Civil Procedure §415.50.  While this method of service would satisfy due

16  process, it does not satisfy the statutory requirements of Fed.R.Civ.P. 4(e)(2), however, and as a

17  result, ACTICON is required to seek relief from the Court.

18         In addition, Defendant KUEI LU's persistent evasion of process as demonstrated by her and

19  her family's refusal to answer the door on nine separate service attempts after receiving notice that

20  the process server was trying to locate her makes personal service or service on a person of suitable

21  age and discretion residing at her home virtually impossible.

22          Finally, ACTICON recently discovered that Defendant GORDON YU's address as of June

23  20, 2005, was 40250 San Sebastian Place, Fremont, California  94539, which is the admitted

24  residential address of GRACE YU.  *See* Exhibit E to the Watson Decl.; *see* Watson Decl., at ¶7.

25  Consequently, ACTICON requests that service of the Complaint and Summons on GORDON YU

26  through the alternative methods of mailing and leaving a copy at the 40250 San Sebastian Place

27  address be permitted.

28

IV.    CONCLUSION

Based on the foregoing, ACTICON respectfully requests that the Court extend the time to complete service of process for sixty days and authorize ACTICON to serve the Complaint and Summons in this action on Defendants CHIU FENG CHEN, KUEI LU and GORDON YU by U.S. mail and by leaving a copy of the Complaint and Summons at the last known addresses for these defendants.  In addition, ACTICON requests that the Court authorize ACTICON to serve the Complaint and Summons in this action on Defendants TOMMY HO and GORDON YU by mail to PTI GLOBAL, INC.'s address and by publication.

Respectfully submitted,

Dated:  December 18, 2007                CARR & FERRELL *LLP*


By: /s/ Christine S. Watson
ROBERT J. YORIO
COLBY B. SPRINGER
CHRISTINE S. WATSON

Attorneys for Plaintiff
ACTICON TECHNOLOGIES LLC

Plaintiff's Administrative Motion for Alternative Service and Extension of Time
C 07-4507 JF (HRL)

1  CASE NAME: *Acticon Technologies v. Pretec Electronics, et al.*    CASE NO. C 07-4507 JF (HRL)

2                                              PROOF OF SERVICE

3          I am a citizen of the United States. My business address is 2200 Geng Road, Palo Alto,

4  California 94303.  I am employed in the county of Santa Clara where this service occurs.  I am over
   the age of 18 years and not a party to the within cause.  I am readily familiar with my employer's
5  normal business practice for collection and processing of correspondence for mailing with the U.S.

6  Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the
   same day as the day of collection in the ordinary course of business.

7          On the date set forth below, following ordinary business practice, I served a true copy of the

8  foregoing document(s) described as PLAINTIFF ACTICON TECHNOLOGIES LLC'S
   ADMINISTRATIVE MOTION FOR AUTHORIZATION TO SERVE COMPLAINT AND
9  SUMMONS BY ALTERNATIVE MEANS AND EXTENSION OF TIME TO COMPLETE
10 SERVICE

11     ☒   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
             placed in the United States mail at Palo Alto, California.
12

13 David J. Sasseen, Esq.
   Law Offices of E & Sasseen
14 84 W. Santa Clara Street, Suite 560
   San Jose, CA 95113-1812
15 Attorneys for Defendant
   PTI GLOBAL, INC.
16

17     ☒   *(Federal)*  I declare that I am employed in the office of a member of the bar of
             this court at whose direction the service was made.
18

19     Executed on December 18, 2007, at Palo Alto, California.
20

21                                                                  Matthew Peterson
22

23

24

25

26

27

28