**E-filed 12/20/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| ACTICON TECHNOLOGIES LLC, | Case Number C 07-4507 JF |
|---|---|
| Plaintiff, | ORDER[1] GRANTING PLAINTIFF'S MOTION FOR AUTHORIZATION TO SERVE COMPLAINT AND SUMMONS BY ALTERNATIVE MEANS AND EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS |
| v. | |
| PRETEC ELECTRONICS CORPORATION, et al., | |
| Defendants. | |
| | [docket no. 43] |

Plaintiff Acticon Technologies, LLC ("Acticon") filed the complaint in this action on August 20, 2007. Pursuant to Fed. R. Civ. P. 4(m), the last date for serving the complaint and summons on Defendants is December 28, 2007. Since filing the complaint, Acticon has been able to serve only two of the eight named Defendants: PTI Global, Inc. and Grace Yu.[2] Acticon asserts that it has been unable to serve the remaining Defendants because they either have evaded service or their whereabouts are unknown. Acticon moves to extend the time to complete service

---

[1] This disposition is not designated for publication and may not be cited.

[2] Defendant Pretec Electronics Corporation ("(Pretec") is a dissolved corporation.

Case No. C 07-4507 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR AUTHORIZATION TO SERVED COMPLAINT AND SUMMONS BY ALTERNATIVE MEANS AND EXTENSION OF TIME TO COMPLETE SERVICE
(JFLC3)

of process by sixty (60) days and for an order authorizing it to effect service on Defendants by alternative means. For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

On August 1, 2006, Acticon filed a complaint for patent infringement in this Court against Pretec and other defendants. *See Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL). On September 19, 2006, this Court entered a default judgment in favor of Acticon because the Defendants named in the first complaint failed to respond. Subsequently, the parties agreed to continue a scheduled case management conference, and Acticon agreed not to enforce the default judgment, based on alleged representations made by a Pretec employee that Pretec would provide Acticon with sales information concerning the accused products. On October 27, 2006, a company called Pretec Technology Inc. ("Pretec Technology") filed a Certificate of Amendment of Articles of Incorporation with the California Secretary of State, for the purpose of changing its corporate name to PTI Global, Inc. On November 28, 2006, Pretec filed a Certificate of Dissolution. Pretec failed to appear at the rescheduled case management conference on February 2, 2007.

On August 20, 2007, Acticon filed a second complaint alleging that prior to Pretec's corporate dissolution on November 28, 2006, Pretec made, used, imported, distributed, offered for sale or sold certain products in the United States that infringe upon Acticon's patents. The second complaint alleges that Defendants fraudulently transferred or conspired fraudulently to transfer Pretec's assets to PTI Global for the purpose of avoiding liability on the first complaint and to continue conducting business as PTI Global. *See Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 07-4507 JF (HRL).

Acticon served Defendant PTI Global, Inc. with the complaint and summons on October 5, 2007, through personal service on Chi-Lin Tom, PTI Global, Inc.'s General Manager. With the assistance of a private investigator, Acticon located the residential addresses for three other Defendants: Grace Yu, Kuei Lu, and Chiu Feng Chen. Acticon served Defendant Grace Yu by substituted service at her home address on November 12, 2007. However, it was unable to effect

2

Case No. C 07-4507 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR AUTHORIZATION TO SERVE COMPLAINT AND SUMMONS BY ALTERNATIVE MEANS AND EXTENSION OF TIME TO COMPLETE SERVICE
(JFLC3)

service on either Kuei Lu or Chiu Feng Chen. As to Defendant Kuei Lu, eleven attempts were made to serve her at her home address between October 5, 2007 and November 18, 2007. In connection with at least nine attempts, the Defendant and other occupants of the home refused to answer the door. As to Defendant Chiu Feng Chen, the process server was informed by the occupant of the apartment unit that Chiu Feng Chen was a former tenant of the unit.

The remaining defendants—Tommy Ho, Robert Wu, and Gordon Yu—are individuals. Acticon alleges it has been unable to locate contact or residence information for these Defendants. Tommy Ho and Robert Wu were officers and directors of Pretec. Acticon believes that Gordon Yu is related to Defendant Grace Yu through familial or other close relations as these two defendants share the same last name, both were listed as officers of Pretec, and both resided at the same address.

## II. DISCUSSION

Due process of law requires that defendants be afforded notice of proceedings involving their interest and an opportunity to be heard. Generally, this requires "notice reasonably calculated, under all the circumstance, to appraise interested parties of pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). A plaintiff must undertake reasonably diligent efforts to locate a defendant, but "extraordinary" efforts are not required. *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798 (1983). For example, a plaintiff need not hire a private investigator to locate a defendant. *Id.*

In the instant case, Acticon has hired a private investigator to locate the individual Defendants. Of the three individual Defendants it has succeeded in locating, Acticon has only been able to serve one of them, Grace Yu. Acticon's request for service by mail upon the remaining two Defendants Kuei Lu and Chiu Feng Chen that it has located through a private investigator is reasonable in this circumstance. Acticon has been unable to locate addresses for Tommy Ho or Robert Wu, even through extraordinary means, and thus requests service by publication and by sending notice to PTI Global, Inc. These Defendants were officers and

3

Case No. C 07-4507 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR AUTHORIZATION TO SERVE COMPLAINT AND SUMMONS BY ALTERNATIVE MEANS AND EXTENSION OF TIME TO COMPLETE SERVICE
(JFLC3)

1  directors of Pretec.  PTI Global, Inc. is the alleged successor corporation to Pretec and is located
2  at the same address that formerly housed Pretec.  Accordingly, service by mail and publication of
3  summons as to these two Defendants as requested by Acticon also is reasonable.  Finally,
4  Acticon requests approval of service by alternative means upon Defendant Gordon Yu at the
5  address Acticon has discovered for him, which is the admitted residential address of Grace Yu,
6  40250 San Sebastian Place, Fremont California, 94539.  Acticon's request is reasonable.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Acticon's motion for authorization to serve the complaint and summons by alternative means and for a sixty (60) day extension of time within which to complete service of process is hereby GRANTED.  The Court authorizes Acticon to effect service on Chiu Feng Chen, Kuei Lu, and Gordon Yu through the combined alternative methods of (1) mailing the complaint and summons and (2) leaving a copy of the complaint and summons at these Defendants' last known residences; and to effect service on Defendants Tommy Ho and Robert Wu by mailing the complaint and summons to PTI Global, Inc. and by publication.

DATED: December 20, 2007

JEREMY FOGEL
United States District Judge

Case No. C 07-4507 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR AUTHORIZATION TO SERVE COMPLAINT AND SUMMONS BY ALTERNATIVE MEANS AND EXTENSION OF TIME TO COMPLETE SERVICE
(JFLC3)

1  This Order has been served upon the following persons:

Christine S. Watson
cwatson@carrferrell.com

Linda Yi Tai Shao
shaoyitai@yahoo.com

5

Case No. C 07-4507 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR AUTHORIZATION TO SERVE COMPLAINT AND
SUMMONS BY ALTERNATIVE MEANS AND EXTENSION OF TIME TO COMPLETE SERVICE
(JFLC3)