1  ROBERT J. YORIO (SBN 93178)
   yorio@carrferrell.com
2  COLBY B. SPRINGER (SBN 214868)
   cspringer@carrferrell.com
3  CHRISTINE S. WATSON (SBN 218006)
   cwatson@carrferrell.com
4  CARR & FERRELL *LLP*
   2200 Geng Road
5  Palo Alto, California 94303
   Telephone: (650) 812-3400
6  Facsimile:  (650) 812-3444

7  Attorneys for Plaintiff
   ACTICON TECHNOLOGIES LLC
8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                             SAN JOSE DIVISION

12

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC., a California corporation; CHIU FENG CHEN, an individual; GORDON YU, an individual; TOMMY HO, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20,<br><br>          Defendants. | CASE NO. C 07-4507 JF (HRL)<br><br>**PLAINTIFF ACTICON TECHNOLOGIES LLC'S OPPOSITION TO DEFENDANT GRACE YU'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF SUMMONS AND COMPLAINT**<br><br>Date:       January 25, 2008<br>Time:       9:00 a.m.<br>Courtroom:  3<br>Judge:      Hon. Jeremy Fogel |

       Plaintiff Acticon Technologies LLC ("Acticon") hereby files its opposition to Defendant Grace Yu's Motion to Dismiss for Insufficiency of Service of Summons and Complaint. Defendant Yu's motion should be denied on the grounds that the process server adequately effected substitute service on Defendant Yu by serving Gabriel Hernandez, the person in charge of her residence at the time of service, at her admitted home address.

## I. INTRODUCTION

Defendant Yu's motion is based on two grounds: (1) Gabriel Hernandez, upon whom substitute service was effected, is not a person of suitable discretion residing at 40250 San Sebastian Place in Fremont, California and (2) the process server falsified the Proof of Service. Neither of these grounds is supported by evidence sufficient to render service of process on Defendant Yu defective. First, the Declaration Re: Due Diligence regarding attempts at service of process on Grace Yu demonstrates that Gabriel Hernandez, who was in charge of Defendant Yu's residence during her absence, properly received substitute service of the Summons and Complaint. *See* the Process Server's Declaration Re: Due Diligence regarding Grace Yu ("Due Diligence Declaration"), attached to the Declaration of Robert Yorio ("Yorio Decl.") as Exhibit "A." Second, Defendant Yu's allegation that she "believe[s] that the Proof of Service was falsely made by plaintiff's server" is just an argument, and not an admissible statement of fact. Without more, this bare allegation is inadequate to defeat service of process on Defendant Yu.

## II. ARGUMENT

**A.   Service Of The Complaint And Summons On Defendant Grace Yu Was Sufficient.**

There were three unsuccessful attempts by Western Attorney Services to serve Defendant Yu at her admitted residence located at 40250 San Sebastian Place in Fremont, California. On the fourth attempt, the process server effected substitute service on Gabriel Hernandez. *See* Due Diligence Declaration. Specifically, the process server declared in the Due Diligence Declaration under penalty of perjury that,

> "I effected substituted service by leaving documents with Gabriel Hernandez, who informed me that he is taking care of the house while Grace is away." Yorio Decl., Exhibit "A".

As discussed below, substituted service on Gabriel Hernandez, the person in charge of Defendant Yu's residence in her absence, is sufficient to meet both the due process requirements of the Constitution and the statutory requirements of Fed.R.Civ.P. 4(e)(2).

In addition, there is no evidence whatsoever that the process server falsified the Return of Service, which states the method of service employed by the process server and the name of the person with whom the summons and complaint were left. *See* Proof of Service of Summons and

1 Complaint on Defendant Grace Yu ("Return of Service"), attached to the Yorio Decl. as Exhibit
2 "B" (Docket No. 34). As discussed in Section III(A)(i) below, the Return of Service is prima facie
3 evidence of how service was effected.

4 Defendant Yu's motion is simply a calculated method to avoid court process in this action,
5 similar to that of her previous employer, Defendant Pretec Electronics Corporation, of which the
6 Court is well-aware, in *Acticon Technologies LLC v. Pretec Electronics Corporation, et al.*, Case
7 No. C 06-4679 JF (HRL). Accordingly, the Court should deny Defendant Yu's motion on both
8 grounds.

9        **i.**      **The Return of Service is prima facie evidence of how service was effected.**

10 A process server's return is generally accepted as prima facie evidence of the manner in
11 which service was effected, "which can only be overcome by strong and convincing evidence."
12 *O'Brien v. R.J. O'Brien & Assocs., Inc.* (7th Cir. 1993) 998 F.2d 1393, 1398. Unless the alleged
13 defect of service is established on the face of the return, a defendant's motion to dismiss or quash
14 service must be supported by a *declaration or other form of admissible evidence* that establishes
15 lack of proper service. *See* Schwarzer, Tashima & Wagstaffe, Cal.Prac.Guide, *Federal Civil*
16 *Procedure Before Trial*, §§5:349-345 (The Rutter Group 2007).

17 In this case, the Return of Service is prima facie evidence that service of process was
18 effected by leaving "copies thereof at the defendant's dwelling house or usual place of abode with a
19 person of suitable age and discretion then residing therein." *See* Return of Service. The name of
20 the person with whom the summons and complete were left is "Gabriel Hernandez, at 40250 San
21 Sebastian Place, Fremont, CA 94539, at 12:10 p.m." *Id*. Consequently, the Return of Service,
22 which is corroborated by the Due Diligence Declaration, constitutes prima facie evidence that
23 substitute service of Defendant Yu was properly effected on Gabriel Hernandez.

24 The only evidence that Defendant Yu submits in an attempt to establish lack of proper
25 service is, "I do not know a person of 'Gabriel Hernandez' and I do not have a person named
26 'Gabriel Hernandez' living in my residence at all" and "I have never been personally delivered a
27 copy of plaintiff's summons or complaint." Declaration of Grace Yu in Support of Motion to
28 Dismiss ("Yu Declaration"), at ¶¶5, 6 (Docket 38). Importantly, the Yu Declaration fails to deny

knowledge and receipt of the Summons and Complaint from someone.  Defendant Yu had to have received a copy from some individual in some manner in order for her to have retained counsel and filed the present motion within 21 days of the date of service set forth in the Due Diligence Declaration.  The only person who had a connection to defendant Yu and had copies of the Summons and Complaint was Gabriel Hernandez.  Accordingly, Defendant Yu's declaration does not constitute "strong and convincing evidence" of improper service, especially in light of her co-defendants' attempts to evade service as described in Plaintiff's previous pleadings filed in this case and the fact that Defendant Yu was the Secretary and a Director of Defendant Pretec Electronics Corporation, the company which dissolved without notifying Plaintiff's counsel or the Court while the first *Acticon Technologies LLC v. Pretec Electronics Corporation* case was pending (Case No. C 06-4679 JF (HRL)).  *See* Exhibit E (Statement of Information dated June 20, 2005), attached to the Declaration of Christine Watson in Support of Plaintiff's Administrative Motion (Docket No. 45).  Moreover, Defendant Yu's declaration is flatly contradicted by the Due Diligence Declaration which states that Gabriel Hernandez, who was at Defendant Yu's residence on the date of service, was in charge of Yu's residence while she was away.

        **ii.**    **Substitute service on Gabriel Hernandez meets the Constitutional requirements of due process.**

Due process requires that "[t]he means employed [to effect service of process] must be such as one desirous of actually informing the (defendant) might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 315.  Due process does not require, however, personal service in every case or that the method utilized is most likely to reach the defendant.  *Green v. Lindsey* (1982) 456 U.S. 444, 455.  Rather, the method need only be "reasonably likely" to provide notice of the proceedings involving the defendant's interests and an opportunity to be heard.  *Id.*; *see also Mullane*, 339 U.S. at 314.  Substitute service, also specifically proscribed in the Federal Rules of Civil Procedure (discussed below), satisfies due process in this respect.

Courts have held substitute service on a maid residing at a defendant's home proper and that such a person is "clearly 'a person of suitable age and discretion.'"  *Barclays Bank of New York v.*

*Goldman* (D.C.N.Y. 1981) 517 F.Supp. 403.  Here, Gabriel Hernandez, whom Defendant Yu placed in charge of her residence during her absence, was a person of suitable age and discretion. Certainly the person to whom Defendant Yu entrusted the care of her home, which would include duties such as collecting mail and taking and delivering messages, qualifies as a person appropriate to receive substitute service.  This is especially true under the circumstances because it is reasonably likely that given Gabriel Hernandez's relationship with Defendant Yu he would provide notice of the proceedings to her when she returned to her residence.  Therefore, any concerns of notice or fairness have been adequately met.

### iii. Substitute service on Gabriel Hernandez satisfies the requirements of Fed.R.Civ.P. 4(e)(2).

Federal Rule of Civil Procedure 4(e)(2) requires service of the complaint and summons by delivering copies of the documents to the defendant personally or by leaving copies with persons of suitable age and discretion residing at the defendant's usual place of abode.  "It has been held that if the procedure set out in Rule 4(e)(2) is followed properly, the service will be effective even though the defendant did not actually receive the papers.  This result is consistent with existing precepts of due process under the Constitution."  4A Wright & Miller, *Federal Practice and Procedure*:  Civil 3d §1096 (2002); *see also Smith v. Kincaid* (6th Cir. 1957) 249 F.2d 243.

Here, the process server left the Complaint and Summons with the person who stated that he was in charge of Defendant Yu's residence at the time of service, Gabriel Hernandez, who constitutes a person of suitable age and discretion.  Defendant Yu's allegation that she has "never been personally delivered a copy of plaintiff's summons or complaint" is not fatal to service as explained above.  *See* Yu Declaration, at ¶6.  Consequently, service of process on Defendant Yu was proper and Defendant Yu's motion to dismiss or quash service should be denied.

**B.   No Evidence Exists That The Process Server Falsified The Proof Of Service.**

While the plaintiff bears the burden of establishing validity of service where service of process is properly challenged, here, Defendant Yu has inadequately challenged service of process with an unsupported *belief* that the Return of Service was falsified.  *See Aetna Business Credit, Inc.v. Universal Décor & Interior Design, Inc.* (5th Cir. 1981) 635 F.2d 434, 435.  Moreover, the

process server's return generally is accepted as prima facie evidence of the manner in which service was effected, "which can only be overcome by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Assocs., Inc.* (7th Cir. 1993) 998 F.2d 1393, 1398. Defendant Yu has failed to set forth any evidence that the Return of Service was falsified.

No inconsistencies exist between the signed declaration on the Return of Service and the Due Diligence Declaration. *See* Return of Service; *see* Due Diligence Declaration. Since Defendant Yu has failed to properly challenge service of process, her motion should be denied on this ground.

**C.     Dismissal Of The Action Is An Inappropriate Remedy.**

In determining a motion to dismiss for insufficiency of service of process, a court may exercise its discretion to either dismiss the action without prejudice or retain the action and quash service of process. *Haley v. Simmons*, 529 F.2d 78, 79; Wright & Miller, *Federal Practice and Procedure*: Civil 3d §1354 (2004). However, given that dismissal would lead the plaintiff to reinstitute the suit, courts are generally reluctant to dismiss an action where, as here, there is a possibility that effective service will be completed. 5B Wright & Miller, *Federal Practice and Procedure*: Civil 3d §1354-1355 (2004). Dismissal "needlessly burdens the parties with additional expense and delay and postpones the adjudication of the controversy on its merits." *Id.*, at 1355.

*Unless Defendant Yu evades service*, there is a possibility that effective service will be completed in an additional attempt since Defendant Yu has confirmed her residential address and has admitted her knowledge of the action against her. On this basis, dismissal is inappropriate.

Furthermore, the Complaint in this case is based on the Defendants' unlawful and fraudulent conduct in connection with a previous complaint for patent infringement, *Acticon Technologies LLC v. Pretec Electronics Corporation, et al.*, Case No. C 06-4679 JF (HRL) ("First Complaint"). The Complaint alleges that the defendants each participated in the fraudulent transfer of Defendant Pretec Electronics Corporation to Defendant PTI Global, Inc. in order to avoid liability in the First Complaint and that the defendants each participated in the improper dissolution of Pretec Electronics Corporation during the action on the First Complaint. Consequently, in order to preserve the status quo during the pendency of the instant action, Acticon sought and obtained a

preliminary injunction against the defendants which enjoins them from transferring, selling, hypothecating or otherwise removing PTI Global, Inc.'s assets. If the Court were to dismiss this action, the injunction would be invalid and Acticon would likely suffer the very harm which the preliminary injunction serves to prevent. As a result, if the Court is not inclined to deny Defendant Yu's motion, Acticon respectfully requests that the Court retain this action and quash the service of summons and complaint on Defendant Grace Yu rather than dismissing the action.

### III. CONCLUSION

Based on the foregoing, Acticon respectfully requests that the Court deny Defendant Grace Yu's motion to dismiss. Should the Court decide to retain this action and quash service on Defendant Yu, Acticon respectfully requests that the Court extend the time for serving the Complaint and Summons on Defendant Yu from December 28, 2007, the last day to serve the Complaint and Summons on the defendants in this case, to thirty (30) days from the date of the Court's Order on this motion to allow Acticon to properly effect service in compliance with the time limit imposed by Federal Rule of Civil Procedure 4(m).

Respectfully submitted,

Dated: December 28, 2007              CARR & FERRELL *LLP*

By: /s/ Robert J. Yorio
ROBERT J. YORIO
COLBY B. SPRINGER
CHRISTINE S. WATSON

Attorneys for Plaintiff
ACTICON TECHNOLOGIES LLC