**Danning Jiang, Esq. (CA BAR No. 196985)**
Djiang@jianglawgroup.com
**LAW OFFICES OF DANNING JIANG**
**271 North First Street**
**San Jose, California 95113**
**Tel.: (408) 299-0800**
**Fax: (408) 299-0300**

**Attorneys for Special Appearing Defendant**
**Grace Yu**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC, ) | CASE NO.  C 07-4507 JF (HRL) |
| ) | |
| Plaintiff, ) | |
| ) | REPLY TO PLAINTIFF ACTICON |
| Vs. ) | TECHNOLOGIES LLC'S |
| ) | OPPOSITION TO DEFENDANT |
| PRETEC ELECTRONICS ) | GRACE YU'S MOTION TO |
| CORPORATION, a dissolved California ) | DISMISS FOR INSUFFICIENCY |
| corporation; PTI GLOBAL, INC., a ) | OF SERVICE OF SUMMONS AND |
| California corporation; CHIU FENG ) | COMPLAINT |
| CHEN, an individual; GORDON YU, an ) | |
| individual; TOMMY HO, an individual; ) | |
| ROBERT WU, an individual; GRACE YU, ) | Dated: January 25, 2008 |
| an individual; and DOES 1 through 20, ) | Time:   9:00 a.m. |
| ) | Place:   280 S. First St., Courtroom 3 |
| Defendants. ) |           San Jose, CA 95113 |
| ) | Judge: Hon. Jeremy Fogel |

Special appearing defendant Grace Yu ("Defendant") submits her Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss for Insufficiency of Service of Summons and Complaint as followings:

REPLY TO PLAINTIFF'S OPPOSITION TO YU'S MOTION TO DISMISS                                                                                         Page 1

**ADDITIONAL RELEVANT FACTS**

Contrary to the allegations made by Plaintiff's server, Defendant has never authorized any one at any time to take care of her household while she was away. (Supp. Decl. Yu, ¶3.) Yu has never received any summons or complaint of this case from any one. (Supp. Decl. Yu, ¶4.)

As a 50-year old and 5'5" tall Chinese lady, Defendant believes that it is ridiculous and outrageous for Plaintiff's server to make the allegations that she cohabited with a 20-year old, 5'0" height, Hispanic man. (Supp. Decl. Yu, ¶5.) Defendant believes that the Proof of Service was made by Plaintiff's server in bad faith with the intent to unfairly take litigation advantage from Defendant. (Supp. Decl. Yu, ¶6.)

**ARGUMENT**

**A.    The Service of Summons and Complaint on Defendant Grace Yu Was Insufficient:**

When the service of process is properly challenged, the party on whose behalf service was made has the burden to establish its validity. *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.* (5th Cir. 1981) 635 F2d 434, 435; *Norlock v. City of Garland* (5th Cir. 1985) 768 F2d 654, 656.

Although a return made by the process server is generally accepted as prima facie evidence of the manner in which service was effected, this cannot be the case here. The Declaration Re: Due Diligence submitted by Plaintiff's server demonstrates that the alleged substitute service to Defendant was insufficient and defective. *See* Opposition, Exhibit A.

As Plaintiff is aware of Defendant's residence, the Constitutional requirements of due process require Plaintiff to serve Defendant at her residence, either personal to Defendant or through substitute service to Defendant's real cohabitants. This is the only "reasonably likely" method to provide notice of proceedings to Defendant. However, Plaintiff failed to satisfy such requirements.

The alleged substitute service on a fictitious person of "Gabriel Hernandez" does not satisfy the requirements of FRCP Rule 4(e)(2) as Defendant does not know any person under the name of "Gabriel Hernandez" and there is no such a person resides at Defendant's

residence. The fictitious person of "Gabriel Hernandez" cannot be a person of "discretion then residing therein."

### i. The return of service was apparently falsified by Plaintiff's server:

Although Plaintiff's server attempted four times to serve Defendant at her home, the server met the alleged "Gabriel Hernandez" only once. *See* Opposition, Exhibit A. In the first three attempts, the server did not see "Gabriel Hernandez" (a Hispanic man, about 20 years old, 5'0" height) at all. On October 5, 2007 (Friday), the server met a Chinese man at his first attempt. The Chinese man did not understand English. On October 9, 2007 (Tuesday) and October 10, 2007 (Wednesday), the serve did not meet anyone at his second and third attempts, but found that no one picked up Defendant's mail for many days.

On November 12, 2007 (Monday), the server met "Gabriel Hernandez" on his fourth attempt. Even assuming that the fictitious "Gabriel Hernandez" told the server that he "is taking care of her house while Grace is away", the server still did not have a reasonable ground to believe so under the facts given by the server's return. The server had never asked "Gabriel Hernandez" why he was not at Grace's house on the other three days. The fact that no one had picked up Grace's mail for so many days also suggested that no one had been taking care of her house. The server also failed to confirm the identity of "Gabriel Hernandez" by simply asking him a question. All these facts had indicated that the return of service was falsified by Plaintiff's server.

The instant motion has nothing to do with other co-defendants' action in the case. Defendant also denies Plaintiff's allegation that she was or could have been be an alter ego of the corporate defendants. Defendant believes Plaintiff's allegation is without any evidence and it is irresponsible for Plaintiff to argue that the instant motion has any connection with other co-defendants. In addition, by the time this reply is filed, Defendant has not received any summons or complaint in this case. (Supp. Decl. Yu, ¶4.) The filing of the instant motion does not infer that Plaintiff has properly served Defendant the summons and complaint.

### ii. Substitute service on "Gabriel Hernandez" does not meet the Constitutional requirements of due process:

Although Defendant agrees that service method needs to be "reasonably likely" to provide notice of the proceedings to defendant, Defendant cannot agree that an alleged service on a fictitious person to be "reasonably likely."

The case of Barclays Bank of New York cited by Plaintiff in its Opposition shall be distinguished from the present case. First of all, Defendant does not have a maid or housekeeper. "Gabriel Hernandez" is not Defendant's housekeeper or a person "taking care of her house while Grace is away." The fact that Plaintiff's server had not met "Gabriel Hernandez" on his initial three attempts demonstrates that "Gabriel Hernandez" was not such a person. Second, "Gabriel Hernandez" was a falsified person. Defendant does not know any one under such name and it is impossible that there has ever been such a person in her household

The only "reasonably likely" method to serve Defendant is to serve Defendant at her house or a real cohabitant of Defendant at her house. Plaintiff has not done so.

    **iii.**    **Substitute service on "Gabriel Hernandez" does not satisfy the requirements of FRCP Rule 4(e)(2):**

"The person with whom summons is left must be a resident of defendant's 'usual place of abode.' I.e., substituted service requires that the summons be left with someone else who also resides there." Schwartzer, Tashima & Wagstaffe, <u>Rutter Group Practice Guide: Fed. Proc. Before Trial</u> ¶5:186603, p.5-40 (citing FRCP Rule 4(e)(2)).

As declared by Defendant, she does not know any one under the name of "Gabriel Hernandez". There is no such a person residing at her home at all. (Decl. Yu, ¶5.) "Gabriel Hernandez" cannot be a resident of defendant's "usual place of abode." Plaintiff's alleged substitute service on Defendant cannot satisfy the requirements of FRCP Rule 4(e)(2).

**B.**    **The complaint shall be dismissed as Plaintiff has unduly delayed proper service of summons and complaint on Defendant:**

If a Rule 12(b)(5) motion is granted, the court may either dismiss the action or retain the action and quash the service. *Montalbano v. Easco Hand Tools, Inc.* (2nd Cir. 1985) 766 E2d 737, 740.

1  Plaintiff failed to serve the summons and complaint on Defendant for months. Instead of initiating a proper and effective service, Plaintiff's server submitted a falsified Proof of Service, which Plaintiff had later relied on. In addition, Plaintiff further opposed Defendant's Motion based on the same falsified Proof of Service. Plaintiff failed to exercise its diligence in verifying the accuracy of the Proof of Service submitted by its server. The records had clearly demonstrated Plaintiff's bad faith litigation tactic. The Court shall dismiss this action against Defendant.

Dismissing the instant action against Defendant will not cause any negative impact on Plaintiff's case against other defendants. It will not affect the injunction order against other defendants and their agents.

## CONCLUSION

Based on the foregoing, Defendant respectfully moves the Court to grant this motion and dismiss the action against Defendant. Defendant further requests the Court to deny Plaintiff's request for extension of time to serve Defendant.

Dated: January 10, 2008  **LAW OFFICES OF DANNING JIANG**

By: /s/ Danning Jiang
DANNING JIANG, Esq.
Attorneys for Special Appearing Defendant
GRACE YU

# PROOF OF SERVICE

*ACTICON v. PRETEC, et al.*
United State District Court - Northern District of California - Case No. C-07-4507

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 271 North First Street, San Jose, CA 95113,

On January 10, 2008, I served the following document(s):

**REPLY TO PLAINTIFF ACTICON TECHNOLOGIES LLC'S OPPOSITION TO DEFENDANT GRACE YU'S MOTION TO DISMISS FOR INSUFFICIENCY SERVICE OF SUMMONS AND COMPLAINT**

on the interested parties in this action by placing a true and correct copy of document(s) in a sealed envelope addressed as follows:

<u>Attorneys for Plaintiff</u>
Christine S. Watson
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, CA 94303          Fax:    650-812-3444

<u>Attorneys for Defendant PTI Global, Inc.</u>
David Sasseen
Law Offices of E. & Sasseen
84 W. Santa Clara Street, Suite 560
San Jose, CA 95113           Fax:    408-286-2096

**(X)**     **[U.S. MAIL]** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices in the United States mailed in San Jose, California.

**( )**     **[OVERNIGHT DELIVERY]** Via Federal Express or similar overnight courier service, by depositing in a box or other facility regularly maintained by such overnight delivery service, or delivering such envelope to a courier or driver authorized by said overnight delivery service to receive documents, in an envelope designated by said overnight delivery service with delivery fees paid or provided for, addressed to the above-named persons on whom it is to be served.

**( )**     **[PERSONAL SERVICE]** I caused to be delivered by hand the above-referenced document(s) to the above-named person(s).

**( )**     **[FACSIMILE]** Via facsimile machine, I caused the above-referenced document(s) to be transmitted to the person(s) and facsimile number(s) shown above.

Executed on January 10, 2008, in San Jose, California.

1
2  **( )**     **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

3  **(X)**     **(FEDERAL)** I declare that I was retained by the office of a member of the bar of this court at whose direction the service was made.
4
5                                            /s/ Ming Ji
                                             MING JI
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28