ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
COLBY B. SPRINGER (SBN 214868)
cspringer@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Plaintiff
ACTICON TECHNOLOGIES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC., a California corporation; CHIU FENG CHEN, an individual; GORDON YU, an individual; TOMMY HO, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20,<br><br>Defendants. | CASE NO. C 07-4507 JF (HRL)<br><br>**PLAINTIFF ACTICON TECHNOLOGIES LLC'S ADMINISTRATIVE MOTION FOR AUTHORIZATION TO SERVE COMPLAINT AND SUMMONS BY ALTERNATIVE MEANS AND EXTENSION OF TIME TO COMPLETE SERVICE** |

## I.    INTRODUCTION

ACTICON filed the Complaint in this action on August 20, 2007.  Therefore, pursuant to Fed.R.Civ.P. 4(m), December 28, 2007 was the deadline for ACTICON to serve its Complaint and Summons on all of the defendants in the case.  On December 20, 2007, the Court extended the time for ACTICON to complete service of process on certain defendants, including Defendant KUEI LU, for an additional sixty (60) days, and authorized ACTICON to effect service on KUEI LU through the combined alternative methods of (1) mailing the Complaint and Summons and (2)

1   leaving a copy of the Complaint and Summons at KUEI LU's last known residence. *See* Order

2   (Docket No. 47).

3                                    **II.    FACTS**

4           On January 11, 2007, ACTICON completed service of the Complaint and Summons by the

5   authorized alternative methods on the individual who, based on the results of its investigation,

6   ACTICON believed to be Defendant KUEI LU. *See* Proof of Service of Process filed on January

7   16, 2008, (Docket No. 62).

8           On January 15, 2008, counsel for ACTICON was contacted by an individual who

9   represented herself to be one Kuei-Lan Margaret Lu and who was served with a copy of the

10  Summons and Complaint in this matter. *See* Declaration of Christine S. Watson ("Watson Decl."),

11  at ¶3. This individual represented to counsel for ACTICON orally and in writing that she is not the

12  KUEI LU named in the Complaint and that she has no affiliation with Defendants PRETEC

13  ELECTRONICS CORPORATION and PTI GLOBAL, INC. *Id.*

14          Although ACTICON has been unable to locate the residential address for the true Defendant

15  KUEI LU, ACTICON is informed that since 2006, KUEI LU has been, and continues to be, the

16  sole officer, director and one hundred percent owner of PTI GLOBAL, INC. *See* Answer of

17  Defendant PTI Global, Inc., dated January 8, 2008, at ¶¶ 20, 80 (Docket No. 59); *see* Joint Case

18  Management Statement dated January 17, 2008, at ¶¶ 5-19 (Docket No. 64).

19                                  **III.    ARGUMENT**

20  **A.    Service By Mail And Leaving A Copy Of The Complaint And
           Summons At Defendant PTI GLOBAL, INC.'s Corporate**
21  **       Address Meets Constitutional Due Process Requirements.**

22          Due process requires that "[t]he means employed [to effect service of process] must be such

23  as one desirous of actually informing the (defendant) might reasonably adopt to accomplish it."

24  *Mullane v. Central Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 315. Due process does not

25  require, however, personal service in every case or that the method utilized is most likely to reach

26  the defendant. *Green v. Lindsey* (1982) 456 U.S. 444, 455. Rather, the method need only be

27  "reasonably likely" to provide notice of the proceedings involving the defendant's interests and an

28  opportunity to be heard. *Id.*; *see also Mullane*, 339 U.S. at 314. Moreover, "extraordinary" efforts

1    to locate a defendant are not required and a plaintiff must simply undertake reasonably diligent

2    efforts to locate a defendant.  *Mennonite Board of Missions v. Adams* (1983) 462 U.S. 791, 798

3    (plaintiff need not hire a private investigator to locate the defendant).

4          In this case, ACTICON hired a private investigator to locate the individual defendants,

5    including Defendant KUEI LU.  Despite ACTICON's diligent efforts, it has been unable to locate a

6    residential address for KUEI LU.  However, KUEI LU is listed as Defendant PTI GLOBAL, INC.'s

7    agent for service of process and is the company's admitted one hundred percent owner and an

8    officer and director of the company.  *See* California Secretary of State Web Page, attached as

9    Exhibit A to Watson Decl.; *see also* Statement of Information, dated December 5, 2006, attached as

10   Exhibit O to the Declaration of Christine Watson in support of Acticon's Ex Parte Application for

11   Temporary Restraining Order and Motion for Preliminary Injunction (Docket No. 9).  ACTICON is

12   not constitutionally required to make extraordinary efforts exceeding those which it has already

13   diligently pursued.  Service by mail addressed to KUEI LU, in care of PTI GLOBAL, INC., is an

14   appropriate and reasonable method of service based on the circumstances of this case.

15   **B.    The Circumstances Of This Case Render Personal Service
16          As Set Forth In Fed.R.Civ.Proc. 4(e)(2) Impossible.**

17         "*Strict compliance* is required with the rules governing manner of service."  Schwarzer,

18   Tashima & Wagstaffe, Cal.Prac.Guide, *Federal Civil Procedure Before Trial*, §5:166 (The Rutter

19   Group 2007).  Federal Rule of Civil Procedure 4(e)(2) requires service of the complaint and

20   summons by delivering copies of the documents to the defendants personally or by leaving the

21   copies with persons of suitable age and discretion residing at the defendants' usual places of abode.

22   However, personal service on KUEI LU or leaving copies of the documents at her residence is

23   infeasible without conducting extraordinary investigations into her location, which ACTICON is

24   not required to do.

25         Since ACTICON is quite likely to be unable to personally serve the true Defendant KUEI

26   LU by the February 28, 2008 deadline imposed by the Court's Order dated December 20, 2007,

27   ACTICON respectfully requests authorization to serve Defendant KUEI LU by U.S. mail in an

28   envelope addressed to KUEI LU in care of PTI GLOBAL, INC.  ACTICON also requests

1    authorization to serve Defendant KUEI LU by leaving a copy at PTI GLOBAL, INC.'s business

2    address, 231 Whitney Place, Fremont, California 94539, which is also the company's address for

3    service of process.

4        Given that KUEI LU is the sole officer, director and owner of PTI GLOBAL, INC. and that

5    she is the registered agent for service of process at the same address as PTI GLOBAL, INC.'s

6    corporate address, these alternative methods of service are reasonably likely to provide notice of

7    the proceedings involving her interests and an opportunity to be heard.  While these combined

8    methods of service would satisfy due process, they do not satisfy the statutory requirements of

9    Fed.R.Civ.P. 4(e)(2), however, and as a result, ACTICON is required to seek relief from the Court.

10                            **IV.    CONCLUSION**

11        Based on the foregoing, ACTICON respectfully requests that the Court authorize

12    ACTICON to serve the Complaint and Summons in this action on Defendant KUEI LU by U.S.

13    mail addressed to PTI GLOBAL, INC. and by leaving a copy of the Complaint and Summons at

14    PTI GLOBAL, INC.'s address.

15

16                                        Respectfully submitted,

17    Dated:  February 7, 2008            CARR & FERRELL *LLP*

18

19                                        By:  /s/ Christine S. Watson
20                                             ROBERT J. YORIO
                                             COLBY B. SPRINGER
21                                             CHRISTINE S. WATSON

22                                        Attorneys for Plaintiff
                                         ACTICON TECHNOLOGIES LLC

23

24

25

26

27

28

Plaintiff's Administrative Motion for Alternative Service and Extension of Time
C 07-4507 JF (HRL)