Richard Wahng (SBN 225672)
Law Offices of Richard C. J. Wahng
152 Anza Street, Suite 201
Fremont, CA 94539
(510) 490-4447 Telephone
(510) 490-1102 Fax

Attorney for Defendants GORDON YU and CHIU FENG CHEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC., a California corporation; CHIU FENG CHEN, an individual; GORDON YU, an individual; TOMMY HO, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20,<br><br>Defendants. | Case No. C07-4507JF<br><br>DEFENDANT GORDON YU'S ANSWER TO COMPLAINT |

Defendant Gordon Yu ("Yu"), by and through his attorney Law Offices of Richard Wahng, states for his Answer and Affirmative Defenses to the Complaint of plaintiff Acticon Technologies LLC ("Acticon") as follows:

INTRODUCTION

1. Yu admits that Acticon seeks to bring a causes of action based on alleged infringement of certain patents and for fraudulent transfer of corporate assets, but denies liability with respect to any such claims. Yu further denies that that Acticon is entitled to any relief.

2. Yu admits the patents referenced in Acticon's complaint are purportedly attached thereto, but denies that said patents were duly and legally issued. In all other respects, Yu is

without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

3. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

4. Yu admits he was an officer and director of Pretec Electronics Corporation. Yu further admits that Grace Yu was an officer and director of Pretec Electronics Corporation. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

5. Yu denies liability for infringement of Acticon's patents as alleged in paragraph 5. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

6. Yu denies liability for infringement of Acticon's patents as alleged in paragraph 6. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

## JURISDICTION

7. Yu admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338(a). In all other respects, denied.

8. Yu admits that Pretec Electronics Corporation was located in this District prior to its dissolution; in all other respects denied. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to jurisdiction over other defendants, and on that basis denies.

## VENUE

9. Yu admits that Pretec Electronics Corporation was located in this District prior to its dissolution. In all other respects Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

## INTRA-DISTRICT ASSIGNMENT

10. Yu admits the allegations in paragraph 10.

///

PARTIES

11. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

12. Yu admits that Pretec Electronics Corporation was located at 46791 Fremont Blvd., Fremont, California, as alleged in the complaint. Yu further admits that Pretec imported, offered for sell, and sold certain PCMCIA, CompactFlash and Secure Digital I/O products. In all other respects, denied.

13. Yu admits this paragraph to the extent that certain CompactFlash and Secure Digital I/O products sold by Pretec Electronics Corporation in general terms "converts signals between the computer and one or more external devices in order to obtain a desired connecting configuration and/or function." In all other respects denied.

14. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

15. Yu admits that Tommy Ho was an Operations Manager for Pretec Electronics Corporation. In all other respects, Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

16. Yu denies that Robert Wu was an Operations Manager for Pretec Electronics Corporation. In all other respects, Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

17. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

18. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

19. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

20. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

21. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

22. Yu admits that he was the president and director of Pretec Electronics Corporation. In all other respects denied.

23. To the extent this paragraph alleges that Yu is liable under an agency theory, denied. In all other respects, Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

24. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

25. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

GENERAL ALLEGATIONS

26. Yu admits that Pretec Electronics Corporation was named as a defendant in the case of *Acticon Technologies LLC v. Pretec Electronics Corp., et. al.*, United States District Court for the Northern District of California Case No. C06-4679JF. In all other respects, Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

27. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

28. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

29. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

30. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

31. Yu admits to signing a pleading entitled "Motion to Change Time" which was subsequently filed in the matter referenced in paragraph 26 herein. In all other respects, Yu is

without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

32. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

33. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

34. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

35. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

36. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

37. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

38. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

39. Yu denies liability for infringement of Acticon's patents as alleged in paragraph 39. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

40. Yu denies liability for infringement of Acticon's patents as alleged in paragraph 39. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

41. Yu denies liability for fraudulent transfer of assets to defendant PTI Global, Inc. as alleged in paragraph 40. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

GENERAL PATENT CLAIMS ALLEGATIONS

42. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

43. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

44. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

45. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

46. Yu admits that the Patents in Suit purportedly describe, in general terms, "various electronic connectors that convert signals between a computer and certain external devices in order to obtain a desired connecting configuration and/or function." In all other respects denied.

47. To the extent that paragraph 47 alleges Yu is liable for infringement of Acticon's patents, denied.

48. Yu denies liability for continuing infringement of Acticon's patents as alleged in paragraph 48. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

49. Yu denies liability for infringement of Acticon's patents as alleged in paragraph 49. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

50. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

51. Yu denies liability for continuing infringement of Acticon's patents as alleged in paragraph 51. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

COUNT I

52. Defendant Yu incorporates by reference responses to paragraphs 1-51.

53. To the extent that paragraph 53 alleges Yu is liable for infringement of Acticon's patents, denied. In all other respects, Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

54. Denied.

55. To the extent that paragraph 55 alleges Yu is liable for fraudulent transfer of assets, denied.

56. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

57. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

58. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

59. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

60. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

61. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

62. Yu denies ever serving as a director or shareholder of PTI Global, Inc. In all other respects, Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

63. To the extent this paragraph alleges that Yu was in any manner responsible for infringement of Acticon's patents, denied.

64. To the extent this paragraph alleges that Yu was in any manner responsible for infringement of Acticon's patents, denied. Yu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

65. To the extent this paragraph alleges that Yu was in any manner responsible for infringement of Acticon's patents, (whether willful, deliberate, or otherwise) denied.

COUNT II

66. Defendant Yu incorporates by reference responses to paragraphs 1-65.

67. Yu admits that he was an officer and director of Pretec Electronics Corporation. Yu further admits that Grace Yu was an officer and director of Pretec Electronics Corporation. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

68. Denied.

69. Denied.

70. Yu admits that he was aware of the patent infringement case referenced in paragraph 70. In all other respects denied.

71. Yu admits that he was aware of the patent infringement case referenced in paragraph 71, but denies that he was in manner responsible for the same.

72. To the extent this paragraph alleges that Yu was in any manner responsible for infringement of Acticon's patents, denied.

73. Yu denies liability for contributory infringement of Acticon's patents as alleged in paragraph 73.

74. To the extent this paragraph alleges that Yu was in any manner responsible for infringement of Acticon's patents, denied. Yu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

75. To the extent this paragraph alleges that Yu was in any manner responsible for infringement of Acticon's patents, (whether willful, deliberate, or otherwise) denied.

76. Yu denies liability for any alleged fraudulent transfer of assets. Yu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

77. To the extent this paragraph alleges that Yu is responsible for Acticon's damages, if any, denied.

COUNT III

78. Defendant Yu incorporates by reference responses to paragraphs 1-77.

79. Yu denies liability for any alleged fraudulent transfer of assets.

80. Yu denies ever serving as an officer, a director, or shareholder of PTI Global, Inc.

81. To the extent this paragraph alleges that Yu was in any manner responsible for infringement of Acticon's patents, (whether willful, deliberate, or otherwise) denied.

82. Yu denies liability for any alleged fraudulent transfer of assets. Yu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

83. To the extent this paragraph alleges that Yu is responsible for Acticon's damages, if any, denied.

COUNT IV

84. Defendant Yu incorporates by reference responses to paragraphs 1-83.

85. Yu denies liability for any alleged fraudulent transfer of assets.

86. Yu denies liability for any alleged fraudulent transfer of assets.

87. Yu denies liability for fraudulent transfer of assets to defendant PTI Global, Inc. as alleged in paragraph 87.

88. Yu denies ever serving as an officer, a director, or shareholder of PTI Global, Inc.

89. Yu denies ever serving as an officer, a director, or shareholder of PTI Global, Inc.

90. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

91. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

92. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

93. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

94. Yu denies liability for any alleged fraudulent transfer of assets. Yu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

95. To the extent this paragraph alleges that Yu is responsible for Acticon's damages, if any, denied.

COUNT V

96. Defendant Yu incorporates by reference responses to paragraphs 1-95.

97. Denied.

98. Denied.

99. Denied.

100. Yu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

COUNT VI

101. Defendant Yu incorporates by reference responses to paragraphs 1-100.

102. Yu admits that Pretec Electronics Corporation was involved in a winding up process. In all other respects denied.

103. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

104. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

105. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

106. To the extent that this paragraph alleges that Yu fraudulently transferred assets to PTI Global, Inc., denied.

107. Yu denies liability for any alleged fraudulent transfer of assets. Yu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

Defendant denies that plaintiff is entitled to any of the relief for which plaintiff has prayed, including without limitation compensatory damages, punitive damages, costs and attorney's fees.

Defendant hereby denies any and all allegations made by plaintiff unless specially admitted herein. Defendant asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state any claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of plaintiff's claims are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The court lacks personal jurisdiction over the defendant.

**FOURTH AFFIRMATIVE DEFENSE**

The Patents in Suit are invalid for failure to satisfy one or more of the conditions of patentability specified in Parts II or III of Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant has not infringed, and is not infringing, any valid claim of the Patents in Suit either directly, contributorily, by inducement or otherwise.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant has not willfully infringed the Patents in Suit.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery for alleged infringement of the Patents in Suit under the doctrine of laches, waiver, estoppel, and/or acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from asserting its infringement claims under the doctrines of prosecution disclaimer and/or prosecution history estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from enforcing the Patents in Suit on the basis of patent misuse.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery for alleged infringement of the Patents in Suit by reason of license of the technology claimed thereunder.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's remedy for patent infringement, if any, is limited to a reasonable royalty as plaintiff does not practice the Patents in Suit.

WHEREFORE, defendant requests that the court enter judgment in his favor, and against plaintiff as follows:

1. That plaintiff takes nothing by way of its complaint;
2. For a judgment awarding defendant the cost of suit;
3. That the Court declare this case to be an exceptional case under the provisions of 35 U.S.C. § 285, and that defendant be awarded reasonable attorneys' fees; and
4. For such other and further relief as the Court may deem just and proper.

Dated: February 13, 2008

Law Offices of Richard Wahng

/s/

Richard Wahng
Attorney for Defendants
Gordon Yu and Chiu Feng Chen