Richard Wahng (SBN 225672)
Law Offices of Richard C. J. Wahng
152 Anza Street, Suite 201
Fremont, CA 94539
(510) 490-4447 Telephone
(510) 490-1102 Fax

Attorney for Defendants GORDON YU and CHIU FENG CHEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC., a California corporation; CHIU FENG CHEN, an individual; GORDON YU, an individual; TOMMY HO, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20,<br><br>Defendants. | Case No. C07-4507JF<br><br>DEFENDANT CHIU FENG CHEN'S ANSWER TO COMPLAINT |

Defendant Chiu Feng Chen ("Chen"), by and through his attorney Law Offices of Richard Wahng, states for his Answer and Affirmative Defenses to the Complaint of plaintiff Acticon Technologies LLC ("Acticon") as follows:

INTRODUCTION

1. Chen admits that Acticon seeks to bring a causes of action based on alleged infringement of certain patents and for fraudulent transfer of corporate assets, but denies liability with respect to any such claims. Chen further denies that that Acticon is entitled to any relief.

2. Chen admits the patents referenced in Acticon's complaint are purportedly attached thereto, but denies that said patents were duly and legally issued. In all other respects, Chen is

1  without knowledge or information sufficient to form a belief as to the truth of the allegations,
2  and on that basis denies.

3      3. Chen is without knowledge or information sufficient to form a belief as to the truth of
4  the allegations, and on that basis denies.

5      4. Chen admits she was an officer and director of Pretec Electronics Corporation. Chen
6  further admits that Grace Yu and Gordon Yu were officers and directors of Pretec Electronics
7  Corporation. Chen is without knowledge or information sufficient to form a belief as to the truth
8  of the allegations pertaining to other defendants, and on that basis denies.

9      5. Chen denies liability for infringement of Acticon's patents as alleged in paragraph 5.
10 Chen is without knowledge or information sufficient to form a belief as to the truth of the
11 allegations pertaining to other defendants, and on that basis denies.

12     6. Chen denies liability for infringement of Acticon's patents as alleged in paragraph 6.
13 Chen is without knowledge or information sufficient to form a belief as to the truth of the
14 allegations pertaining to other defendants, and on that basis denies.

15 JURISDICTION

16     7. Chen admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C.
17 sections 1331 and 1338(a). In all other respects, denied.

18     8. Chen admits that Pretec Electronics Corporation was located in this District prior to its
19 dissolution; in all other respects denied. Chen is without knowledge or information sufficient to
20 form a belief as to the truth of the allegations pertaining to jurisdiction over other defendants,
21 and on that basis denies.

22 VENUE

23     9. Chen admits that Pretec Electronics Corporation was located in this District prior to its
24 dissolution. In all other respects Chen is without knowledge or information sufficient to form a
25 belief as to the truth of the allegations, and on that basis denies.

26 INTRA-DISTRICT ASSIGNMENT

27     10. Chen admits the allegations in paragraph 10.

28 ///

DEFENDANT CHIU FENG CHEN'S ANSWER TO COMPLAINT
Case No. C07-4507JF

# PARTIES

11. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

12. Chen admits that Pretec Electronics Corporation was located at 46791 Fremont Blvd., Fremont, California, as alleged in the complaint. Chen further admits that Pretec imported, offered for sell, and sold certain PCMCIA, CompactFlash and Secure Digital I/O products. In all other respects, denied.

13. Chen admits this paragraph to the extent that certain CompactFlash and Secure Digital I/O products sold by Pretec Electronics Corporation in general terms "converts signals between the computer and one or more external devices in order to obtain a desired connecting configuration and/or function." In all other respects denied.

14. Chen admits that she served as a director of Pretec Electronics Corporation. In all other respects denied.

15. Chen admits that Tommy Ho was an Operations Manager for Pretec Electronics Corporation. In all other respects, Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

16. Chen denies that Robert Wu was an Operations Manager for Pretec Electronics Corporation. In all other respects, Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

17. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

18. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

19. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

20. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

DEFENDANT CHIU FENG CHEN'S ANSWER TO COMPLAINT
Case No. C07-4507JF

21. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

22. Chen admits that Gordon Yu was the president and director of Pretec Electronics Corporation. In all other respects denied.

23. To the extent this paragraph alleges that Chen is liable under an agency theory, denied. In all other respects, Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

24. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

25. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

## GENERAL ALLEGATIONS

26. Chen admits that Pretec Electronics Corporation was named as a defendant in the case of *Acticon Technologies LLC v. Pretec Electronics Corp., et. al.*, United States District Court for the Northern District of California Case No. C06-4679JF. In all other respects, Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

27. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

28. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

29. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

30. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

31. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

DEFENDANT CHIU FENG CHEN'S ANSWER TO COMPLAINT
Case No. C07-4507JF

32. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

33. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

34. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

35. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

36. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

37. Chen admits that she signed a Certificate of Dissolution and filed the same on or about November 22, 2006. Chen admits that she certified that "the corporation's known debts and liabilities have been actually paid."

38. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

39. Chen denies liability for infringement of Acticon's patents as alleged in paragraph 39. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

40. Chen denies liability for infringement of Acticon's patents as alleged in paragraph 39. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

41. Chen denies liability for fraudulent transfer of assets to defendant PTI Global, Inc. as alleged in paragraph 40. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

### GENERAL PATENT CLAIMS ALLEGATIONS

42. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

DEFENDANT CHIU FENG CHEN'S ANSWER TO COMPLAINT
Case No. C07-4507JF

1  43. Chen is without knowledge or information sufficient to form a belief as to the truth of
2  the allegations, and on that basis denies.

3  44. Chen is without knowledge or information sufficient to form a belief as to the truth of
4  the allegations, and on that basis denies.

5  45. Chen is without knowledge or information sufficient to form a belief as to the truth of
6  the allegations, and on that basis denies.

7  46. Chen admits that the Patents in Suit purportedly describe, in general terms, "various
8  electronic connectors that convert signals between a computer and certain external devices in
9  order to obtain a desired connecting configuration and/or function." In all other respects denied.

10  47. To the extent that paragraph 47 alleges Chen is liable for infringement of Acticon's
11  patents, denied.

12  48. Chen denies liability for continuing infringement of Acticon's patents as alleged in
13  paragraph 48. Chen is without knowledge or information sufficient to form a belief as to the truth
14  of the allegations pertaining to other defendants, and on that basis denies.

15  49. Chen denies liability for infringement of Acticon's patents as alleged in paragraph 49.
16  Chen is without knowledge or information sufficient to form a belief as to the truth of the
17  allegations pertaining to other defendants, and on that basis denies.

18  50. Denied.

19  51. Chen denies liability for continuing infringement of Acticon's patents as alleged in
20  paragraph 51. Chen is without knowledge or information sufficient to form a belief as to the truth
21  of the allegations pertaining to other defendants, and on that basis denies.

## COUNT I

23  52. Defendant Chen incorporates by reference responses to paragraphs 1-51.

24  53. To the extent that paragraph 53 alleges Chen is liable for infringement of Acticon's
25  patents, denied. In all other respects, Chen is without knowledge or information sufficient to
26  form a belief as to the truth of the allegations, and on that basis denies.

27  54. Denied.

DEFENDANT CHIU FENG CHEN'S ANSWER TO COMPLAINT
Case No. C07-4507JF

55. To the extent that paragraph 55 alleges Chen is liable for fraudulent transfer of assets, denied.

56. Denied.

57. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

58. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

59. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

60. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

61. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

62. Denied.

63. To the extent this paragraph alleges that Chen was in any manner responsible for infringement of Acticon's patents, denied.

64. To the extent this paragraph alleges that Chen was in any manner responsible for infringement of Acticon's patents, denied. Chen is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

65. To the extent this paragraph alleges that Chen was in any manner responsible for infringement of Acticon's patents, (whether willful, deliberate, or otherwise) denied.

## COUNT II

66. Defendant Chen incorporates by reference responses to paragraphs 1-65.

67. Chen admits that she was an officer and director of Pretec Electronics Corporation. Chen further admits that Grace Yu and Gordon Yu were officers and directors of Pretec Electronics Corporation. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

DEFENDANT CHIU FENG CHEN'S ANSWER TO COMPLAINT
Case No. C07-4507JF

68. Denied.

69. Denied.

70. Chen admits that she was aware of the patent infringement case referenced in paragraph 70. In all other respects denied.

71. Chen admits that she was aware of the patent infringement case referenced in paragraph 71, but denies that she was in manner responsible for the same.

72. To the extent this paragraph alleges that Chen was in any manner responsible for infringement of Acticon's patents, denied.

73. Chen denies liability for contributory infringement of Acticon's patents as alleged in paragraph 73.

74. To the extent this paragraph alleges that Chen was in any manner responsible for infringement of Acticon's patents, denied. Chen is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

75. To the extent this paragraph alleges that Chen was in any manner responsible for infringement of Acticon's patents, (whether willful, deliberate, or otherwise) denied.

76. Chen denies liability for any alleged fraudulent transfer of assets. Chen is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

77. To the extent this paragraph alleges that Chen is responsible for Acticon's damages, if any, denied.

## COUNT III

78. Defendant Chen incorporates by reference responses to paragraphs 1-77.

79. Chen denies liability for any alleged fraudulent transfer of assets.

80. Chen denies ever serving as an officer, a director, or shareholder of PTI Global, Inc.

81. To the extent this paragraph alleges that Chen was in any manner responsible for infringement of Acticon's patents, (whether willful, deliberate, or otherwise) denied.

DEFENDANT CHIU FENG CHEN'S ANSWER TO COMPLAINT
Case No. C07-4507JF

82. Chen denies liability for any alleged fraudulent transfer of assets. Chen is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

83. To the extent this paragraph alleges that Chen is responsible for Acticon's damages, if any, denied.

### COUNT IV

84. Defendant Chen incorporates by reference responses to paragraphs 1-83.

85. Chen denies liability for any alleged fraudulent transfer of assets.

86. Chen admits that Pretec Electronics Corporation filed for dissolution, but denies liability for any alleged fraudulent transfer of assets in connection therewith.

87. Chen denies liability for fraudulent transfer of assets to defendant PTI Global, Inc. as alleged in paragraph 87.

88. Chen denies ever serving as an officer, a director, or shareholder of PTI Global, Inc.

89. Chen denies ever serving as an officer, a director, or shareholder of PTI Global, Inc.

90. Denied.

91. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

92. Chen is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

93. Denied.

94. Chen denies liability for any alleged fraudulent transfer of assets. Chen is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

95. To the extent this paragraph alleges that Chen is responsible for Acticon's damages, if any, denied.

### COUNT V

96. Defendant Chen incorporates by reference responses to paragraphs 1-95.

97. Denied.

1    98. Denied.

2    99. Denied.

3    100. Chen is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

## COUNT VI

101. Defendant Chen incorporates by reference responses to paragraphs 1-100.

102. Chen admits that Pretec Electronics Corporation was involved in a winding up process. In all other respects denied.

103. Denied.

104. Denied.

105. Chen admits that a Certificate of Dissolution was filed with the Secretary of State on or about November 22, 2006. In all other respects denied.

106. Denied.

107. Chen denies liability for any alleged fraudulent transfer of assets. Chen is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

Defendant denies that plaintiff is entitled to any of the relief for which plaintiff has prayed, including without limitation compensatory damages, punitive damages, costs and attorney's fees.

Defendant hereby denies any and all allegations made by plaintiff unless specially admitted herein. Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The court lacks personal jurisdiction over the defendant.

### FOURTH AFFIRMATIVE DEFENSE

DEFENDANT CHIU FENG CHEN'S ANSWER TO COMPLAINT
Case No. C07-4507JF

1     The Patents in Suit are invalid for failure to satisfy one or more of the conditions of patentability specified in Parts II or III of Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### FIFTH AFFIRMATIVE DEFENSE

Defendant has not infringed, and is not infringing, any valid claim of the Patents in Suit either directly, contributorily, by inducement or otherwise.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has not willfully infringed the Patents in Suit.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery for alleged infringement of the Patents in Suit under the doctrine of laches, waiver, estoppel, and/or acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting its infringement claims under the doctrines of prosecution disclaimer and/or prosecution history estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from enforcing the Patents in Suit on the basis of patent misuse.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery for alleged infringement of the Patents in Suit by reason of license of the technology claimed thereunder.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's remedy for patent infringement, if any, is limited to a reasonable royalty as plaintiff does not practice the Patents in Suit.

WHEREFORE, defendant requests that the court enter judgment in his favor, and against plaintiff as follows:

1. That plaintiff takes nothing by way of its complaint;
2. For a judgment awarding defendant the cost of suit;
3. That the Court declare this case to be an exceptional case under the provisions of 35 U.S.C. § 285, and that defendant be awarded reasonable attorneys' fees; and

1      4. For such other and further relief as the Court may deem just and proper.

2  Dated: February 13, 2008

                                                  Law Offices of Richard Wahng

                                                      /s/
                                                  Richard Wahng
                                                  Attorney for Defendants
                                                  Gordon Yu and Chiu Feng Chen

DEFENDANT CHIU FENG CHEN'S ANSWER TO COMPLAINT
Case No. C07-4507JF