Richard Wahng (SBN 225672)
Law Offices of Richard C. J. Wahng
152 Anza Street, Suite 201
Fremont, CA 94539
(510) 490-4447 Telephone
(510) 490-1102 Fax

Attorney for Defendants GORDON YU, CHIU FENG CHEN, ROBERT WU, TOMMY HO, and KUEI LU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC., a California corporation; CHIU FENG CHEN, an individual; GORDON YU, an individual; TOMMY HO, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20,<br><br>    Defendants. | Case No. C07-4507JF<br><br>DEFENDANT TOMMY HO'S ANSWER TO COMPLAINT |

Defendant Tommy Ho ("Ho"), by and through his attorney Law Offices of Richard Wahng, states for his Answer and Affirmative Defenses to the Complaint of plaintiff Acticon Technologies LLC ("Acticon") as follows:

INTRODUCTION

1. Ho admits that Acticon seeks to bring a causes of action based on alleged infringement of certain patents and for fraudulent transfer of corporate assets, but denies liability with respect to any such claims. Ho further denies that that Acticon is entitled to any relief.

2. Ho admits the patents referenced in Acticon's complaint are purportedly attached thereto, but denies that said patents were duly and legally issued. In all other respects, Ho is

DEFENDANT TOMMY HO'S ANSWER TO COMPLAINT
Case No. C07-4507JF

1

without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

3. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

4. Ho denies that he was an officer, director, or shareholder of Pretec Electronics Corporation.

5. Ho denies liability for infringement of Acticon's patents as alleged in paragraph 5. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

6. Ho denies liability for infringement of Acticon's patents as alleged in paragraph 6. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

## JURISDICTION

7. Ho admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338(a). In all other respects, denied.

8. Denied to the extent that this paragraph alleges any tortious conduct committed by Ho. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to jurisdiction over other defendants, and on that basis denies.

## VENUE

9. Ho admits that Pretec Electronics Corporation had an office located in this District and that PTI Global, Inc. has an office located in this District. In all other respects Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

## INTRA-DISTRICT ASSIGNMENT

10. Ho admits the allegations in paragraph 10.

## PARTIES

11. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

DEFENDANT TOMMY HO'S ANSWER TO COMPLAINT
Case No. C07-4507JF

12. Ho admits that Pretec Electronics Corporation was located at 46791 Fremont Blvd., Fremont, California, as alleged in the complaint. In all other respects, Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

13. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

14. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

15. Ho admits that he was an Operations Manager for Pretec Electronics Corporation. Ho admits that he served briefly on the board of directors of Pretec Technology, Inc. Ho denies that he was an officer or director of Pretec Electronics Corporation. Ho denies that he was an officer or director of PTI Global, Inc.

16. Ho denies that Robert Wu was an Operations Manager for Pretec Electronics Corporation. Ho admits that Robert Wu served briefly on the board of directors of Pretec Technology, Inc. In all other respects, Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

17. Ho admits that PTI Global, Inc. has a business location at 231 Whitney Place, Fremont, California. Ho admits that Pretec Technology, Inc. changed its name to PTI Global, Inc.

18. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

19. Ho admits that during the brief time he served on Pretec Technology, Inc.'s board of directors, Grace Yu was the president, secretary, and CEO of Pretec Technology, Inc.

20. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

21. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

DEFENDANT TOMMY HO'S ANSWER TO COMPLAINT
Case No. C07-4507JF

1  22. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

23. To the extent this paragraph alleges that Ho is liable under an agency theory, denied. In all other respects, Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

24. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

25. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

## GENERAL ALLEGATIONS

26. Ho admits that Pretec Electronics Corporation was named as a defendant in the case of *Acticon Technologies LLC v. Pretec Electronics Corp., et. al.*, United States District Court for the Northern District of California Case No. C06-4679JF. In all other respects, Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

27. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

28. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

29. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

30. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

31. Ho admits to signing a pleading entitled "Motion to Change Time" which was subsequently filed in the matter referenced in paragraph 26 herein. In all other respects, Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

1   32. Ho admits that he contacted counsel for plaintiff via telephone to request descriptions
2   of the Accused Products, but denies that any "agreement" was reached.

3   33. Admit.

4   34. Ho denies that that any "agreement" was reached. In all other respects, Ho is without
5   knowledge or information sufficient to form a belief as to the truth of the allegations, and on that
6   basis denies.

7   35. Ho is without knowledge or information sufficient to form a belief as to the truth of
8   the allegations, and on that basis denies.

9   36. Ho is without knowledge or information sufficient to form a belief as to the truth of
10  the allegations, and on that basis denies.

11  37. Ho is without knowledge or information sufficient to form a belief as to the truth of
12  the allegations, and on that basis denies.

13  38. Ho is without knowledge or information sufficient to form a belief as to the truth of
14  the allegations, and on that basis denies.

15  39. Ho denies liability for infringement of Acticon's patents as alleged in paragraph 39.
16  Ho is without knowledge or information sufficient to form a belief as to the truth of the
17  allegations pertaining to other defendants, and on that basis denies.

18  40. Ho denies liability for infringement of Acticon's patents as alleged in paragraph 40.
19  Ho is without knowledge or information sufficient to form a belief as to the truth of the
20  allegations pertaining to other defendants, and on that basis denies.

21  41. Ho denies liability for fraudulent transfer of assets to defendant PTI Global, Inc. as
22  alleged in paragraph 40. Ho is without knowledge or information sufficient to form a belief as to
23  the truth of the allegations pertaining to other defendants, and on that basis denies.

24                    GENERAL PATENT CLAIMS ALLEGATIONS

25  42. Ho is without knowledge or information sufficient to form a belief as to the truth of
26  the allegations, and on that basis denies.

27  43. Ho is without knowledge or information sufficient to form a belief as to the truth of
28  the allegations, and on that basis denies.

44. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

45. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

46. Ho admits that the Patents in Suit purportedly describe, in general terms, "various electronic connectors that convert signals between a computer and certain external devices in order to obtain a desired connecting configuration and/or function." In all other respects denied.

47. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

48. Ho denies liability for continuing infringement of Acticon's patents as alleged in paragraph 48. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

49. Ho denies liability for infringement of Acticon's patents as alleged in paragraph 49. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

50. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

51. Ho denies liability for continuing infringement of Acticon's patents as alleged in paragraph 51. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

## COUNT I

52. Defendant Ho incorporates by reference responses to paragraphs 1-51.

53. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

54. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

55. To the extent that paragraph 55 alleges Ho is liable for fraudulent transfer of assets, denied.

56. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

57. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

58. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

59. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

60. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

61. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

62. Ho denies serving as a director or shareholder of PTI Global, Inc. In all other respects, Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

63. To the extent this paragraph alleges that Ho was in any manner responsible for infringement of Acticon's patents, denied. In all other respects, Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

64. To the extent this paragraph alleges that Ho was in any manner responsible for infringement of Acticon's patents, denied. Ho is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

65. To the extent this paragraph alleges that Ho was in any manner responsible for infringement of Acticon's patents, (whether willful, deliberate, or otherwise) denied.

## COUNT II

66. Defendant Ho incorporates by reference responses to paragraphs 1-65.

67. Ho denies that he was an officer, director, or majority shareholder of Pretec Electronics Corporation.

DEFENDANT TOMMY HO'S ANSWER TO COMPLAINT
Case No. C07-4507JF

1  68. Denied.

2  69. Denied.

3  70. Ho admits that he was aware of the patent infringement case referenced in paragraph 70. In all other respects denied.

4  71. Ho admits that he was aware of the patent infringement case referenced in paragraph 71, but denies that he was in manner responsible for the same.

72. To the extent this paragraph alleges that Ho was in any manner responsible for infringement of Acticon's patents, denied. In all other respects, Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

73. Ho denies liability for contributory infringement of Acticon's patents as alleged in paragraph 73.

74. To the extent this paragraph alleges that Ho was in any manner responsible for infringement of Acticon's patents, denied. Ho is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

75. To the extent this paragraph alleges that Ho was in any manner responsible for infringement of Acticon's patents, (whether willful, deliberate, or otherwise) denied.

76. Ho denies liability for any alleged fraudulent transfer of assets. Ho is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

77. To the extent this paragraph alleges that Ho is responsible for Acticon's damages, if any, denied.

## COUNT III

78. Defendant Ho incorporates by reference responses to paragraphs 1-77.

79. Ho denies liability for any alleged fraudulent transfer of assets.

80. Ho denies that he was an officer, a director, or a majority shareholder of PTI Global, Inc.

1  81. To the extent this paragraph alleges that Ho was in any manner responsible for infringement of Acticon's patents, (whether willful, deliberate, or otherwise) denied. In all other respects, Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

82. Ho denies liability for any alleged fraudulent transfer of assets. Ho is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

83. To the extent this paragraph alleges that Ho is responsible for Acticon's damages, if any, denied.

## COUNT IV

84. Defendant Ho incorporates by reference responses to paragraphs 1-83.

85. Ho denies liability for any alleged fraudulent transfer of assets.

86. Ho denies liability for any alleged fraudulent transfer of assets.

87. Ho denies liability for fraudulent transfer of assets to defendant PTI Global, Inc. as alleged in paragraph 87.

88. Ho denies serving as an officer, a director, or majority shareholder of PTI Global, Inc. or Pretec Electronics Corporation.

89. Ho denies serving as an officer, a director, or majority shareholder of PTI Global, Inc. or Pretec Electronics Corporation.

90. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

91. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

92. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

93. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

DEFENDANT TOMMY HO'S ANSWER TO COMPLAINT
Case No. C07-4507JF

94. Ho denies liability for any alleged fraudulent transfer of assets. Ho is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

95. To the extent this paragraph alleges that Ho is responsible for Acticon's damages, if any, denied.

## COUNT V

96. Defendant Ho incorporates by reference responses to paragraphs 1-95.

97. Denied.

98. Denied.

99. Denied.

100. Ho is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

## COUNT VI

101. Defendant Ho incorporates by reference responses to paragraphs 1-100.

102. Ho admits that Pretec Electronics Corporation was involved in a winding up process. In all other respects denied.

103. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

104. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

105. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

106. Ho is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

107. Ho denies liability for any alleged fraudulent transfer of assets. Ho is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

Defendant denies that plaintiff is entitled to any of the relief for which plaintiff has prayed, including without limitation compensatory damages, punitive damages, costs and attorney's fees.

Defendant hereby denies any and all allegations made by plaintiff unless specially admitted herein. Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The court lacks personal jurisdiction over the defendant.

### FOURTH AFFIRMATIVE DEFENSE

The Patents in Suit are invalid for failure to satisfy one or more of the conditions of patentability specified in Parts II or III of Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### FIFTH AFFIRMATIVE DEFENSE

Defendant has not infringed, and is not infringing, any valid claim of the Patents in Suit either directly, contributorily, by inducement or otherwise.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has not willfully infringed the Patents in Suit.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery for alleged infringement of the Patents in Suit under the doctrine of laches, waiver, estoppel, and/or acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting its infringement claims under the doctrines of prosecution disclaimer and/or prosecution history estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from enforcing the Patents in Suit on the basis of patent misuse.

DEFENDANT TOMMY HO'S ANSWER TO COMPLAINT
Case No. C07-4507JF

11

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery for alleged infringement of the Patents in Suit by reason of license of the technology claimed thereunder.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's remedy for patent infringement, if any, is limited to a reasonable royalty as plaintiff does not practice the Patents in Suit.

WHEREFORE, defendant requests that the court enter judgment in his favor, and against plaintiff as follows:

1. That plaintiff takes nothing by way of its complaint;
2. For a judgment awarding defendant the cost of suit;
3. That the Court declare this case to be an exceptional case under the provisions of 35 U.S.C. § 285, and that defendant be awarded reasonable attorneys' fees; and
4. For such other and further relief as the Court may deem just and proper.

Dated: March 5, 2008

Law Offices of Richard Wahng

_____/s/_____
Richard Wahng
Attorney for Defendants