1  Richard Wahng (SBN 225672)
   Law Offices of Richard C. J. Wahng
2  152 Anza Street, Suite 201
   Fremont, CA 94539
3  (510) 490-4447 Telephone
   (510) 490-1102 Fax
4

5

6  Attorney for Defendants GORDON YU, CHIU FENG CHEN, ROBERT WU, TOMMY HO, and KUEI LU

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| ACTICON TECHNOLOGIES LLC, | Case No. C07-4507JF |
|---|---|
| Plaintiff, | |
| vs. | |
| PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC., a California corporation; CHIU FENG CHEN, an individual; GORDON YU, an individual; TOMMY HO, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20, | DEFENDANT ROBERT WU'S ANSWER TO COMPLAINT |
| Defendants. | |

    Defendant Robert Wu ("Wu"), by and through his attorney Law Offices of Richard Wahng, states for his Answer and Affirmative Defenses to the Complaint of plaintiff Acticon Technologies LLC ("Acticon") as follows:

                    INTRODUCTION

    1. Wu admits that Acticon seeks to bring a causes of action based on alleged infringement of certain patents and for fraudulent transfer of corporate assets, but denies liability with respect to any such claims. Wu further denies that that Acticon is entitled to any relief.

    2. Wu admits the patents referenced in Acticon's complaint are purportedly attached thereto, but denies that said patents were duly and legally issued. In all other respects, Wu is

1 without knowledge or information sufficient to form a belief as to the truth of the allegations,
2 and on that basis denies.

3. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

4. Wu denies that he was an officer, director, or majority shareholder of Pretec Electronics Corporation. Wu is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies.

5. Wu denies liability for infringement of Acticon's patents as alleged in paragraph 5. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

6. Wu denies liability for infringement of Acticon's patents as alleged in paragraph 6. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

## JURISDICTION

7. Wu admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338(a). In all other respects, denied.

8. Denied to the extent that this paragraph alleges any tortious conduct committed by Wu. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to jurisdiction over other defendants, and on that basis denies.

## VENUE

9. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

## INTRA-DISTRICT ASSIGNMENT

10. Wu admits the allegations in paragraph 10.

///
///
///
///

DEFENDANT ROBERT WU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

PARTIES

11. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

12. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

13. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

14. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

15. Wu admits that Tommy Ho briefly served as a director of Pretec Technology, Inc. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

16. Wu admits that he briefly served as a director of Pretec Technology, Inc. Wu denies that he was an Operations Manager for Pretec Electronics Corporation. Wu denies that he was an officer or director of Pretec Electronics Corporation. Wu denies that he was an officer or director of PTI Global, Inc.

17. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

18. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

19. Wu admits that during the brief time he served on Pretec Technology, Inc.'s board of directors, Grace Yu was the president, secretary, and CEO of Pretec Technology, Inc. Wu is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies.

20. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

21. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

22. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

23. To the extent this paragraph alleges that Wu is liable under an agency theory, denied. In all other respects, Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

24. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

25. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

## GENERAL ALLEGATIONS

26. Wu admits that he received certain legal paperwork in connection with Pretec Electronics Corporations. In all other respects, Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

27. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

28. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

29. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

30. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

31. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

32. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

33. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

34. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

35. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

36. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

37. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

38. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

39. Wu denies liability for infringement of Acticon's patents as alleged in paragraph 39. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

40. Wu denies liability for infringement of Acticon's patents as alleged in paragraph 40. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

41. Wu denies liability for fraudulent transfer of assets to defendant PTI Global, Inc. as alleged in paragraph 40. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

<u>GENERAL PATENT CLAIMS ALLEGATIONS</u>

42. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

43. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

44. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

45. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

DEFENDANT ROBERT WU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

46. Wu admits that the Patents in Suit purportedly describe, in general terms, "various electronic connectors that convert signals between a computer and certain external devices in order to obtain a desired connecting configuration and/or function." In all other respects denied.

47. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

48. Wu denies liability for continuing infringement of Acticon's patents as alleged in paragraph 48. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

49. Wu denies liability for infringement of Acticon's patents as alleged in paragraph 49. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

50. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

51. Wu denies liability for continuing infringement of Acticon's patents as alleged in paragraph 51. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

## COUNT I

52. Defendant Wu incorporates by reference responses to paragraphs 1-51.

53. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

54. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

55. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

56. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

57. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

58. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

59. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

60. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

61. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

62. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

63. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

64. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

65. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

## COUNT II

66. Defendant Wu incorporates by reference responses to paragraphs 1-65.

67. Wu denies that he was an officer, director, or majority shareholder of Pretec Electronics Corporation. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

68. Denied.

69. Denied.

70. Denied.

71. Wu admits that he received certain legal paperwork in connection with Pretec Electronics Corporation, but denies that he was in any manner responsible for the same.

72. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

73. Wu denies liability for contributory infringement of Acticon's patents as alleged in paragraph 73.

74. To the extent this paragraph alleges that Wu was in any manner responsible for infringement of Acticon's patents, denied. Wu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

75. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

76. Wu denies liability for any alleged fraudulent transfer of assets. Wu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

77. To the extent this paragraph alleges that Wu is responsible for Acticon's damages, if any, denied.

## COUNT III

78. Defendant Wu incorporates by reference responses to paragraphs 1-77.

79. Wu denies liability for any alleged fraudulent transfer of assets.

80. Wu denies serving as an officer, a director, or shareholder of PTI Global, Inc.

81. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

82. Wu denies liability for any alleged fraudulent transfer of assets. Wu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

83. To the extent this paragraph alleges that Wu is responsible for Acticon's damages, if any, denied.

## COUNT IV

84. Defendant Wu incorporates by reference responses to paragraphs 1-83.

85. Wu denies liability for any alleged fraudulent transfer of assets.

86. Wu denies liability for any alleged fraudulent transfer of assets.

DEFENDANT ROBERT WU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

87. Wu denies liability for fraudulent transfer of assets to defendant PTI Global, Inc. as alleged in paragraph 87. Wu is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies.

88. Wu denies serving as an officer, a director, or shareholder of Pretec Electronics Corporation or PTI Global, Inc. Wu is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies.

89. Wu denies serving as an officer, a director, or shareholder of Pretec Electronics Corporation or PTI Global, Inc.

90. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

91. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

92. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

93. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

94. Wu denies liability for any alleged fraudulent transfer of assets. Wu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

95. To the extent this paragraph alleges that Wu is responsible for Acticon's damages, if any, denied.

## COUNT V

96. Defendant Wu incorporates by reference responses to paragraphs 1-95.

97. Denied.

98. Denied.

99. Denied.

100. Wu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

## COUNT VI

101. Defendant Wu incorporates by reference responses to paragraphs 1-100.

102. Wu admits that Pretec Electronics Corporation was involved in a winding up process. In all other respects denied.

103. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

104. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

105. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

106. Wu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

107. Wu denies liability for any alleged fraudulent transfer of assets. Wu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

Defendant denies that plaintiff is entitled to any of the relief for which plaintiff has prayed, including without limitation compensatory damages, punitive damages, costs and attorney's fees.

Defendant hereby denies any and all allegations made by plaintiff unless specially admitted herein. Defendant asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state any claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of plaintiff's claims are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The court lacks personal jurisdiction over the defendant.

///

///

DEFENDANT ROBERT WU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

**FOURTH AFFIRMATIVE DEFENSE**

The Patents in Suit are invalid for failure to satisfy one or more of the conditions of patentability specified in Parts II or III of Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant has not infringed, and is not infringing, any valid claim of the Patents in Suit either directly, contributorily, by inducement or otherwise.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant has not willfully infringed the Patents in Suit.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery for alleged infringement of the Patents in Suit under the doctrine of laches, waiver, estoppel, and/or acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from asserting its infringement claims under the doctrines of prosecution disclaimer and/or prosecution history estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from enforcing the Patents in Suit on the basis of patent misuse.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery for alleged infringement of the Patents in Suit by reason of license of the technology claimed thereunder.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's remedy for patent infringement, if any, is limited to a reasonable royalty as plaintiff does not practice the Patents in Suit.

WHEREFORE, defendant requests that the court enter judgment in his favor, and against plaintiff as follows:

1. That plaintiff takes nothing by way of its complaint;
2. For a judgment awarding defendant the cost of suit;

DEFENDANT ROBERT WU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

3. That the Court declare this case to be an exceptional case under the provisions of 35 U.S.C. § 285, and that defendant be awarded reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

Dated: March 5, 2008

                                                          Law Offices of Richard Wahng

                                                          _____/s/_____
                                                          Richard Wahng
                                                          Attorney for Defendants