**E-Filed 03/21/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ACTICON TECHNOLOGIES, LLC,
Plaintiff,

v.

PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC., a California corporation; CHIU FENG CHEN, an individual; GORDON YU, an individual; TOMMY HO, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20,

Defendant.

Case Number C 07-4507 JF (HRL)

ORDER[1] DENYING MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE

[re: docket no. 37]

Special appearing defendant Grace Yu ("Yu") moves to dismiss the instant case for insufficiency of service. For the reasons set forth below, the Court finds that service was insufficient. However, because it is clear from the record that Yu is attempting to evade service, the Court authorizes Plaintiff Acticon Technologies, LLC ("Plaintiff") to serve Yu by alternative means. Additionally, the Court will award to Plaintiff the costs associated with alternative service.

[1] This disposition is not designated for publication and may not be cited.

# I. BACKGROUND

On August 1, 2006, Plaintiff filed a complaint for patent infringement in this Court against Defendant Pretec and other defendants. *See Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL). On September 19, 2006, this Court entered a default judgment in favor of Plaintiff because the Defendants named in the first complaint failed to respond. Subsequently, the parties agreed to continue a scheduled case management conference, and Plaintiff agreed not to enforce the default judgment, based on alleged representations made by an employee of Defendant Pretec that Pretec would provide Acticon with sales information concerning the accused products. On October 27, 2006, a company called Pretec Technology Inc. ("Pretec Technology") filed a Certificate of Amendment of Articles of Incorporation with the California Secretary of State, for the purpose of changing its corporate name to PTI Global, Inc. On November 28, 2006, Defendant Pretec filed a Certificate of Dissolution. Defendant Pretec failed to appear at the rescheduled case management conference on February 2, 2007.

On August 20, 2007, Plaintiff filed a second complaint alleging that prior to Defendant Pretec's corporate dissolution on November 28, 2006, Defendant Pretec made, used, imported, distributed, offered for sale or sold certain products in the United States that infringe upon Plaintiff's patents. The second complaint alleges that Defendants fraudulently transferred or conspired fraudulently to transfer Defendant Pretec's assets to Defendant PTI Global for the purpose of avoiding liability on the first complaint and to continue conducting business as PTI Global. *See Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 07-4507 JF (HRL).

Plaintiff served Defendant PTI Global, Inc. with the Complaint and Summons on October 5, 2007, through personal service on Chi-Lin Tom, PTI Global, Inc.'s General Manager. With the assistance of a private investigator, Plaintiff located the residential addresses for three other defendants: Yu, Kuei Lu, and Chiu Feng Chen. Plaintiff was unsuccessful in serving Yu on October 5, 2007, October 9, 2007, and October 10, 2007. Finally, on November 12, 2007, Plaintiff's server delivered copies of the Summons and Complaint to a person identified as

Gabriel Hernandez, who informed Plaintiff's server that he is taking care of Yu's home in her absence. Gabriel Hernandez was served the Summons and Complaint at Yu's residence, at 40250 San Sebastian Place, Fremont, CA 94539, at 12:10 p.m.

## II. LEGAL STANDARD

In determining a motion to dismiss for insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5), a court may exercise its discretion to either dismiss the action without prejudice or retain the action and quash service of process. *Montalbo v. Easco Tools, Inc*. 766 E.2d 737, 740 (2nd Cir. 1985). Defendant's motion must be supported by declaration or other form of admissible evidence establishing lack of proper service. *In re Med-Atlantic Petroleum Corp*. 233 BR 644, 662 (BC SD NY 1999). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## III. DISCUSSION

### A. Sufficiency Of Service Of The Complaint And Summons On Defendant Grace Yu.

Yu asserts that the service of the Summons and Complaint must be quashed pursuant to Fed. R. Civ. Pro. 4(e)(2) because Gabriel Hernandez is not a resident at her home. Fed. R. Civ. Pro. 4(e)(2) requires service of the complaint and summons by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." For example, courts have held substitute service on a maid *residing* at a defendant's home to be proper and that such a person was of suitable age and sufficient discretion to deliver the papers successfully to the defendant. *Barclays Bank of New York v. Goldman* 517 F.Supp. 403, 413 (D.C.N.Y. 1981). In the instant case there is insufficient evidence to support a finding that Gabriel Hernandez was residing at Defendant's home. Accordingly, service was ineffective.

**B. Falsification Of The Proof Of Service**.

Yu asserts that Plaintiff's process server falsified the return of service. Generally, a signed return of service is prima facie evidence of valid service "which can be overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Yu asserts that even if Gabriel Hernandez did say he was taking care of her residence, the server still did not have reasonable grounds to believe that Hernandez in fact was watching her home. Yu asserts that the server never asked Hernandez why he was not at Yu's residence on previous occasions when the server attempted service. Yu also states that no one had picked up her mail for several days, so it should have been obvious that Hernandez was not taking care of her home.

The only evidence Yu submits in support of her allegation that the process server falsified the return of service is a self-serving declaration in which she states she does not know Gabriel Hernandez. Under all of the circumstances, this declaration is insufficient to show that the process server falsified his testimony.

**C. Dismissal.**

Yu argues that the Court should dismiss the instant action for insufficiency of service. However, this Court has discretion either to dismiss the action without prejudice or retain the action and quash the service of process. *Haley v. Simmons*, 529 F.2d 78, 79 (C.A. Mo. 1976). Since dismissal would lead the plaintiff to reinstate the suit, courts generally are reluctant to dismiss an action where there is a possibility that effective service will be completed. 5B Wright & Miller, *Federal Practice and Procedure,* Civil 3d §1354 (2008). Because this case involves multiple Defendants, because the Court has already granted a preliminary injunction, because there is no doubt that Yu is subject to the Court's personal jurisdiction, and most importantly, because it is clear that Yu has notice of the action and deliberately is refusing to cooperate with Plaintiff's reasonable attempt to serve her with process, the Court will quash service and retain the action.

At the January 25, 2008 hearing on the instant motion, the Court advised counsel that it would take the motion under submission for thirty days so that the parties could resolve the

service issue and proceed with the case. At a subsequent case management conference on March 21, 2008, counsel informed the Court that there was no agreement regarding service on Yu. Additionally, Plaintiff stated that it has diligently re-attempted service on Yu at her admitted home address on three separate occasions, and has been unsuccessful. The Court has no doubt that Yu is attempting to evade service in this case. Accordingly, the Court authorizes Plaintiff to effect alternative service on Yu by mailing a copy of the Complaint and Summons to her home address and leaving a copy of the documents at that address. Additionally, the Court will award Plaintiff the costs it incurs in serving Yu.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the instant motion is GRANTED and service of process on Grace Yu is quashed. The Court authorizes Plaintiff to effect service on Yu by (1) mailing the complaint and summons and (2) leaving a copy of the complaint and summons at Yu's residence, 40250 San Sebastian Place, Fremont, CA 94539. Subject to notice and an opportunity to be heard, Yu will be ordered to reimburse Plaintiff for all costs incurred in connection with effective alternative service.

DATED: March 21, 2008

JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Christine S. Watson
cwatson@carrferrell.com

Linda Yi Tai Shao
shaoyitai@yahoo.com