1  Richard Wahng (SBN 225672)
   Law Offices of Richard C. J. Wahng
2  152 Anza Street, Suite 201
   Fremont, CA 94539
3  (510) 490-4447 Telephone
   (510) 490-1102 Fax
4

5

6  Attorney for Defendants GORDON YU, CHIU FENG CHEN, ROBERT WU, TOMMY HO,
   and KUEI LU

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10 ACTICON TECHNOLOGIES LLC,              Case No. C07-4507JF

11         Plaintiff,

12    vs.

13 PRETEC ELECTRONICS CORPORATION, a      DEFENDANT GRACE YU'S ANSWER TO
   dissolved California corporation; PTI  COMPLAINT
14 GLOBAL, INC., a California corporation;
   CHIU FENG CHEN, an individual; GORDON
15 YU, an individual; TOMMY HO, an individual;
   ROBERT WU, an individual; GRACE YU, an
16 individual; KUEI LU, an individual; and DOES
   1 through 20,
17
           Defendants.
18

19         Defendant Grace Yu ("Yu"), by and through his attorney Law Offices of Richard Wahng,

20 states for her Answer and Affirmative Defenses to the Complaint of plaintiff Acticon

21 Technologies LLC ("Acticon") as follows:

22                          INTRODUCTION

23         1. Yu admits that Acticon seeks to bring a causes of action based on alleged infringement

24 of certain patents and for fraudulent transfer of corporate assets, but denies liability with respect

25 to any such claims. Yu further denies that that Acticon is entitled to any relief.

26         2. Yu admits the patents referenced in Acticon's complaint are purportedly attached

27 thereto, but denies that said patents were duly and legally issued. In all other respects, Yu is

28

DEFENDANT GRACE YU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

3. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

4. Yu admits that she served as an officer of Pretec Electronics Corporation ("PEC"). Yu denies that she was the majority shareholder of PEC. Yu admits that Gordon Yu also served as an officer of PEC. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

5. Yu denies liability for infringement of Acticon's patents as alleged in paragraph 5. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

6. Yu denies liability for infringement of Acticon's patents as alleged in paragraph 6. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

JURISDICTION

7. Yu admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338(a). In all other respects, denied.

8. Denied to the extent that this paragraph alleges any tortious conduct committed by Yu. Yu admits that PEC was located in this District. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to jurisdiction over other defendants, and on that basis denies.

VENUE

9. Yu admits that Pretec Electronics Corporation was located in this District. In all other respects Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

INTRA-DISTRICT ASSIGNMENT

10. Yu admits the allegations in paragraph 10.

DEFENDANT GRACE YU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

1

## PARTIES

2
3

11. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

4
5
6

12. Yu admits that Pretec Electronics Corporation was located at 46791 Fremont Blvd., Fremont, California, as alleged in the complaint. Yu is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies.

7
8

13. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

9
10

14. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

11
12
13

15. Yu admits that Tommy Ho was an Operations Manager for PEC. In all other respects, Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

14
15

16. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

16
17

17. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

18
19

18. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

20
21

19. Yu admits that she served as president, secretary, and CEO of Pretec Technology, Inc. In all other respects, denied.

22
23

20. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

24
25

21. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

26
27

22. Yu admits that Gordon Yu was the president and director of PEC. In all other respects denied.

28

DEFENDANT GRACE YU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

1    23. To the extent this paragraph alleges that Yu is liable under an agency theory, denied.

2    With respect to other defendants, Yu is without knowledge or information sufficient to form a

3    belief as to the truth of the allegations, and on that basis denies.

4    24. Yu is without knowledge or information sufficient to form a belief as to the truth of

5    the allegations, and on that basis denies.

6    25. Yu is without knowledge or information sufficient to form a belief as to the truth of

7    the allegations, and on that basis denies.

8    <u>GENERAL ALLEGATIONS</u>

9    26. Yu admits that PEC was named as a defendant in the case of *Acticon Technologies*

10   *LLC v. Pretec Electronics Corp., et. al.*, United States District Court for the Northern District of

11   California Case No. C06-4679JF. In all other respects, Yu is without knowledge or information

12   sufficient to form a belief as to the truth of the allegations, and on that basis denies.

13   27. Yu is without knowledge or information sufficient to form a belief as to the truth of

14   the allegations, and on that basis denies.

15   28. Yu is without knowledge or information sufficient to form a belief as to the truth of

16   the allegations, and on that basis denies.

17   29. Yu is without knowledge or information sufficient to form a belief as to the truth of

18   the allegations, and on that basis denies.

19   30. Yu is without knowledge or information sufficient to form a belief as to the truth of

20   the allegations, and on that basis denies.

21   31. Yu is without knowledge or information sufficient to form a belief as to the truth of

22   the allegations, and on that basis denies.

23   32. Yu is without knowledge or information sufficient to form a belief as to the truth of

24   the allegations, and on that basis denies.

25   33. Yu is without knowledge or information sufficient to form a belief as to the truth of

26   the allegations, and on that basis denies.

27   34. Yu is without knowledge or information sufficient to form a belief as to the truth of

28   the allegations, and on that basis denies.

DEFENDANT GRACE YU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

35. Yu denies that the Certificate of Amendment to Pretec Technology, Inc.'s Article of Incorporation changing its name to PTI Global was filed with the California Secretary of State on the date listed in the complaint.

36. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

37. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

38. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

39. Yu denies liability for infringement of Acticon's patents as alleged in paragraph 39. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

40. Yu denies liability for infringement of Acticon's patents as alleged in paragraph 40. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

41. Yu denies liability for fraudulent transfer of assets to defendant PTI Global, Inc. as alleged in paragraph 40. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

<u>GENERAL PATENT CLAIMS ALLEGATIONS</u>

42. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

43. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

44. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

45. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

DEFENDANT GRACE YU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

5

46. Yu admits that the Patents in Suit purportedly describe, in general terms, "various electronic connectors that convert signals between a computer and certain external devices in order to obtain a desired connecting configuration and/or function." In all other respects denied.

47. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

48. Yu denies liability for continuing infringement of Acticon's patents as alleged in paragraph 48. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

49. Yu denies liability for infringement of Acticon's patents as alleged in paragraph 49. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

50. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

51. Yu denies liability for continuing infringement of Acticon's patents as alleged in paragraph 51. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

<u>COUNT I</u>

52. Defendant Yu incorporates by reference responses to paragraphs 1-51.

53. To the extent that paragraph 53 alleges Yu is liable for infringement of Acticon's patents, denied. In all other respects, Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

54. Denied.

55. To the extent that paragraph 55 alleges Yu is liable for fraudulent transfer of assets, denied.

56. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

57. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

DEFENDANT GRACE YU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

58. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

59. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

60. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

61. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

62. Yu denies serving as a director or shareholder of PTI Global, Inc. In all other respects, Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

63. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

64. To the extent this paragraph alleges that Yu was in any manner responsible for infringement of Acticon's patents, denied. Yu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

65. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

<u>COUNT II</u>

66. Defendant Yu incorporates by reference responses to paragraphs 1-65.

67. Yu admits that she was an officer and director of PEC. Yu further admits that Gordon Yu was an officer and director of PEC. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other defendants, and on that basis denies.

68. Denied.

69. Denied.

70. Denied.

DEFENDANT GRACE YU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

7

71. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

72. Yu is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

73. Yu denies liability for contributory infringement of Acticon's patents as alleged in paragraph 73.

74. To the extent this paragraph alleges that Yu was in any manner responsible for infringement of Acticon's patents, denied. Yu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

75. To the extent this paragraph alleges that Yu was in any manner responsible for infringement of Acticon's patents, (whether willful, deliberate, or otherwise) denied.

76. Yu denies liability for any alleged fraudulent transfer of assets. Yu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

77. To the extent this paragraph alleges that Yu is responsible for Acticon's damages, if any, denied.

<u>COUNT III</u>

78. Defendant Yu incorporates by reference responses to paragraphs 1-77.

79. Yu denies liability for any alleged fraudulent transfer of assets.

80. Yu denies serving as an officer, a director, or shareholder of PTI Global, Inc.

81. To the extent this paragraph alleges that Yu was in any manner responsible for infringement of Acticon's patents, (whether willful, deliberate, or otherwise) denied.

82. Yu denies liability for any alleged fraudulent transfer of assets. Yu is without knowledge or information sufficient to form a belief as to damages allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

83. To the extent this paragraph alleges that Yu is responsible for Acticon's damages, if any, denied.

DEFENDANT GRACE YU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

1

COUNT IV

2    84. Defendant Yu incorporates by reference responses to paragraphs 1-83.

3    85. Yu denies liability for any alleged fraudulent transfer of assets.

4    86. Yu denies liability for any alleged fraudulent transfer of assets.

5    87. Yu denies liability for fraudulent transfer of assets to defendant PTI Global, Inc. as
6    alleged in paragraph 87.

7    88. Yu denies serving as an officer, a director, or shareholder of PTI Global, Inc.

8    89. Yu denies serving as an officer, a director, or shareholder of PTI Global, Inc.

9    90. Yu is without knowledge or information sufficient to form a belief as to the truth of
10   the allegations, and on that basis denies.

11   91. Yu is without knowledge or information sufficient to form a belief as to the truth of
12   the allegations, and on that basis denies.

13   92. Yu is without knowledge or information sufficient to form a belief as to the truth of
14   the allegations, and on that basis denies.

15   93. Yu is without knowledge or information sufficient to form a belief as to the truth of
16   the allegations, and on that basis denies.

17   94. Yu denies liability for any alleged fraudulent transfer of assets. Yu is without
18   knowledge or information sufficient to form a belief as to damages allegedly suffered by
19   Acticon, if any, and on that basis denies the remaining allegations.

20   95. To the extent this paragraph alleges that Yu is responsible for Acticon's damages, if
21   any, denied.

22

COUNT V

23   96. Defendant Yu incorporates by reference responses to paragraphs 1-95.

24   97. Denied.

25   98. Denied.

26   99. Denied.

27   100. Yu is without knowledge or information sufficient to form a belief as to damages
28   allegedly suffered by Acticon, if any, and on that basis denies the remaining allegations.

DEFENDANT GRACE YU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

1

<u>COUNT VI</u>

2    101. Defendant Yu incorporates by reference responses to paragraphs 1-100.

3    102. Yu admits that PEC was involved in a winding up process. In all other respects

4   denied. In all other respects, Yu is without knowledge or information sufficient to form a belief

5   as to the truth of the allegations, and on that basis denies.

6    103. Yu is without knowledge or information sufficient to form a belief as to the truth of

7   the allegations, and on that basis denies.

8    104. Yu is without knowledge or information sufficient to form a belief as to the truth of

9   the allegations, and on that basis denies.

10    105. Yu is without knowledge or information sufficient to form a belief as to the truth of

11   the allegations, and on that basis denies.

12    106. To the extent that this paragraph alleges that Yu fraudulently transferred assets to

13   PTI Global, Inc., denied.

14    107. Yu denies liability for any alleged fraudulent transfer of assets. Yu is without

15   knowledge or information sufficient to form a belief as to damages allegedly suffered by

16   Acticon, if any, and on that basis denies the remaining allegations.

17    Defendant denies that plaintiff is entitled to any of the relief for which plaintiff has

18   prayed, including without limitation compensatory damages, punitive damages, costs and

19   attorney's fees.

20    Defendant hereby denies any and all allegations made by plaintiff unless specially

21   admitted herein. Defendant asserts the following affirmative defenses:

22    **FIRST AFFIRMATIVE DEFENSE**

23    The complaint fails to state any claim upon which relief can be granted.

24    **SECOND AFFIRMATIVE DEFENSE**

25    Some or all of plaintiff's claims are barred by the applicable statute of limitations.

26    **THIRD AFFIRMATIVE DEFENSE**

27    The court lacks personal jurisdiction over the defendant.

28   ///

DEFENDANT GRACE YU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

1

## FOURTH AFFIRMATIVE DEFENSE

2
3
4

The Patents in Suit are invalid for failure to satisfy one or more of the conditions of patentability specified in Parts II or III of Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

5

## FIFTH AFFIRMATIVE DEFENSE

6
7

Defendant has not infringed, and is not infringing, any valid claim of the Patents in Suit either directly, contributorily, by inducement or otherwise.

8

## SIXTH AFFIRMATIVE DEFENSE

9

Defendant has not willfully infringed the Patents in Suit.

10

## SEVENTH AFFIRMATIVE DEFENSE

11
12

Plaintiff is barred from recovery for alleged infringement of the Patents in Suit under the doctrine of laches, waiver, estoppel, and/or acquiescence.

13

## EIGHTH AFFIRMATIVE DEFENSE

14
15

Plaintiff is estopped from asserting its infringement claims under the doctrines of prosecution disclaimer and/or prosecution history estoppel.

16

## NINTH AFFIRMATIVE DEFENSE

17

Plaintiff is barred from enforcing the Patents in Suit on the basis of patent misuse.

18

## TENTH AFFIRMATIVE DEFENSE

19
20

Plaintiff is barred from recovery for alleged infringement of the Patents in Suit by reason of license of the technology claimed thereunder.

21

## ELEVENTH AFFIRMATIVE DEFENSE

22
23

Plaintiff's remedy for patent infringement, if any, is limited to a reasonable royalty as plaintiff does not practice the Patents in Suit.

24
25

WHEREFORE, defendant requests that the court enter judgment in her favor, and against plaintiff as follows:

26

1.  That plaintiff takes nothing by way of its complaint;

27

2.  For a judgment awarding defendant the cost of suit;

28

DEFENDANT GRACE YU'S ANSWER TO COMPLAINT
Case No. C07-4507JF

3. That the Court declare this case to be an exceptional case under the provisions of 35 U.S.C. § 285, and that defendant be awarded reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

## **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

The undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:  None, other than the named parties in this action.

Dated: April 21, 2008

Law Offices of Richard Wahng

_____/s/_____
Richard Wahng
Attorney for Defendants

DEFENDANT GRACE YU'S ANSWER TO COMPLAINT
Case No. C07-4507JF