ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
COLBY B. SPRINGER (SBN 214868)
cspringer@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile: (650) 812-3444

Attorneys for Plaintiff
ACTICON TECHNOLOGIES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC, | CASE NO. C 07-4507 JF (HRL) |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC., a California corporation; CHIU FENG CHEN, an individual; GORDON YU, an individual; TOMMY HO, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20, | Date:        May 16, 2008<br>Time:        10:30 a.m.<br>Judge:       Honorable Jeremy Fogel<br>Courtroom:   3 |
| Defendants. | |

Plaintiff Acticon Technologies LLC ("Acticon") and Defendants PTI Global, Inc. ("PTI Global"), Chiu Feng Chen, Tommy Ho, Kuei Lu, Robert Wu, Gordon Yu and Grace Yu hereby submit their Joint Case Management Statement in this action.

**1.      JURISDICTION AND SERVICE**

Acticon submits that this Court has subject matter jurisdiction over this action. PTI Global does not dispute that subject matter jurisdiction is appropriate in this Court.

Defendants PTI Global, Chiu Feng Chen, Tommy Ho, Kuei Lu, Robert Wu, Gordon Yu and

Grace Yu have been served and have each filed an Answer to the Complaint.

Acticon does not believe there are any issues regarding personal jurisdiction or venue over any of the Defendants.

However, PTI Global believes these issues may be opened shortly if Acticon goes ahead with the plan it announced last week to amend the complaint to add a Taiwanese entity named C-One as a defendant.

**2.     STATEMENT OF FACTS**

**A.     Plaintiff's Summary of Facts**

The present case is related to an earlier patent infringement case brought by Plaintiff Acticon Technologies LLC ("Acticon") entitled *Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL) (the "Prior Action"). The Defendants in this earlier action included Pretec Electronics Corp., its parent, C-One Technology Corp., CNet Technology Corp., CNet Technology, Inc., Mace Group, Inc., d/b/a Macally Peripherals, Inc., and Margi Systems, Inc. Acticon reached settlements with all of the Defendants in that action except for Pretec Electronics Corp. and C-One Technology Corp.

The Clerk entered the default of Pretec Electronics Corp. in the earlier action. Following the entry of that default, Pretec Electronics Corp. commenced settlement discussions with Acticon and filed a Motion to Continue the Case Management Conference for sixty (60) days which the Court granted. Less than one month after this Court granted the Motion for Continuance in the earlier action, Pretec Electronics Corp. filed a Certificate of Dissolution with the Secretary of State of the State of California. The Dissolution Certificate falsely stated that all known liabilities of the company had been actually paid.

The Certificate of Dissolution was filed without notification to Acticon, and no one from Pretec Electronics Corp. appeared at the continued Case Management Conference in January 2007.

Subsequent investigation revealed that Defendant PTI Global, Inc. (formerly known as Pretec Technology Inc.) commenced operation of the same business of Pretec Electronics Corp. in early 2007, at the same facility, at the same address, with the same telephone numbers and using the same website. Defendant PTI Global markets, distributes and sells the same accused products as its

predecessor, Pretec Electronics Corp. Essentially, the Defendants have attempted to operate the same business as Pretec Electronics Corp. and obtain the monetary benefits thereof, while at the same time attempting to evade the financial obligations of the patent infringement claims in the earlier action.

The Complaint in the present contains the following claims for relief: Count I - Successor Liability for Patent Infringement against PTI Global; Count II - Patent Infringement on an Alter Ego theory against the individual defendants; Count III - Vicarious Liability for Patent Infringement against the individual Defendants; Count IV - Fraudulent Transfer under California Civil Code § 3439 *et seq*. against all Defendants; Count V - A conspiracy to fraudulently transfer assets under state law against all Defendants; and Count VI - improper dissolution under state law against all Defendants.

The patents at issue in this case are: (1) U.S. Patent No. 4,603,320 ("'320 Patent"), which relates to a connector interface for enabling communications between a first and second data handling system; (2) U.S. Patent No. 4,543,450, which relates to an integrated connector and modem with internal modem capability; (3) U.S. Patent No. 4,972,470 ("'470 Patent"), which relates to a programmable connector that is configurable between two or more devices; and (4) U.S. Patent No. 4,686,506, which relates to which relates to a multiple connector interface for enabling multiple conversions between a first and a second data handling system. The patent infringement disputes underlying this action arise from the manufacturing, using, selling, and/or offering to sell, within the United States, and/or importing into the United States by Defendants of products which Acticon contends employ an electronic connector that connects a computer and one or more external device, whereby such electronic connector converts signals between the computer and external device(s) in order to obtain a desired connecting configuration and/or function.

The '470 and '320 Patents enjoy a strong presumption of validity based on successful re-examinations by the United States Patent & Trademark Office. In addition, the Court in *Lantronix, Inc. and Acticon Technologies LLC v. Digi International, Inc.*, Case No. 6:05 CV35 (E.D.TX), has construed the claims of the '470 Patent in a Markman Opinion dated March 6, 2006.

**B.    Defendant PTI Global's Summary**

Defendant PTI Global is a California corporation, and was formed in 2002 by defendant Gordon Yu. At the time of its formation, this entity was named Pretec Technology, Inc. PTI Global is a niche distributor of flash memory devices utilizing USB port and other connections to a computer, such as a memory stick. Thus, PTI Global sells vanity memory sticks that might look like a piece of sushi or other novelty item. Such products, like the vast majority of PTI Global's sales (approximating the 95% range) do not implicate the patents at issue in this case. Rather, only when PTI Global couples its flash memory device with another peripheral-type product, such as a fax modem, are the connecting patents involved in this lawsuit implicated.

PTI Global is accused in this action of being the successor in interest to a company named Pretec Electronics Corporation ("PEC"). PEC was a named defendant in the Prior Action. Plaintiff's complaint alleges that, in effect, PEC shut down its business in response to the Prior Action, and that PTI Global then took over the assets and business of PEC, rendering PTI Global liable as the successor to PEC for what should have been the damage award against PEC in the Prior Action. PTI Global denies this claim. PTI Global will show that at the time of the events in question, it was owned and operated independently from PEC, and that PTI Global had already gone into business distributing the flash memories that are accused of infringing the Patents-in-Suit. In fact, PEC was in dire financial straits and was also the object of at least two other major pieces of patent litigation at or around the time that it dissolved. Thus, it is unlikely that Acticon would ever have obtained any recovery from PEC.

On November 29, 2007, while PTI Global was without counsel, a preliminary injunction was entered in this action providing, among other things, that PTI Global could not transfer its assets outside of the ordinary course of business. PTI Global will demonstrate during the course of this action that much of the evidence submitted by Acticon in support of its application for injunctive relief was incorrectly characterized in the moving papers and is generally irrelevant to the claim that PTI Global succeeded to the business of PEC.

PTI Global believes that it will make a showing of the following facts herein in order to defeat Acticon's claims: First, PTI Global will show that it did not succeed to the assets of nor

"operate the same business" as PEC at anytime relevant to this action but with particular emphasis on the late 2006 time frame when PEC apparently closed its doors and went out of business.

Further, PTI Global will show that neither it nor PEC was the flagship of the "Pretec" franchise, as alleged repeatedly and incorrectly in the Acticon complaint and moving papers for injunctive relief. Rather, "Pretec" is a mark placed on parts manufactured by C-One Technology ("C-One"). C-One was one of the defendants in the Prior Action, although apparently it was never served by Acticon in that action. Acticon announced last week during settlement negotiations that it would attempt to add C-One as a defendant if the case did not settle immediately.

PTI Global will seek to prove that PEC and PTI Global were not players in a grand conspiracy, but instead were each unrelated independent distributors of Pretec-branded products, each individually following their own economic interest, and collectively constituting only two of over eighty such entities existing in a worldwide distribution chain. This status is summarized in the following facts that PTI Global will attempt to prove should this matter proceed to trial: In 2006, PTI Global obtained an agreement that allowed PTI Global to distribute certain Pretec-branded flash memory products. Since that time, PTI Global has been selling Pretec-branded parts, along with a modicum of other parts. However, far from taking over the business of PEC, PTI Global has had only limited success since obtaining this authorization from PMT, selling less than $300,000 in total of the accused products in 2006 and 2007. Thus, the scale of PTI Global's operation is considerably smaller than both PEC's operation and what has been postulated by plaintiff.[1]

---

[1] However, it would be untrue to claim that there were no connections between PEC and PTI Global, in that both were initiated by a single individual who was well-connected to C-One. PTI Global was initially owned 100% by defendant Gordon Yu. Mr. Yu was also a principle of C-One, and owned a small percentage of PEC, which is far older than PTIG and had been in business since 1993. Mr. Yu and his wife were officers and directors of both PEC and PTI Global from 2002 through 2006. Beginning in 2002, Mr. Yu apparently caused both PTIG and PEC to list their headquarters at the same address, 40979 Encyclopedia Circle, in Fremont CA in filings with the California Secretary of State. This continued until 2004. Then in 2005, PEC moved from this address to the premises located at 46791 Fremont Boulevard in Fremont, California. PTI Global (then still known as Pretec Technology, Inc.) moved its registered address to 40087 Mission Boulevard, #162, also in Fremont, CA in 2005, which was the site of a post office box service run by United Parcel Service. The company did not engage in commercial transactions from this address, and instead performed rebate services for PEC from PEC's address in 2005, and commenced its own business distributing flash memories from this address in July of 2006. In

In fact, PTI Global will prove that since Kuei Lu purchased PTI Global in 2006, there has not been any overlap of management, of ownership, of members of the board of directors, or of assets, between PTI Global and the dissolved corporation formerly existing under the name Pretec Electronics Corp. With the exception of Kuei Lu, none of the individual defendants in this action has any current connection with PTI Global, and Ms. Lu's involvement has been limited to breaking the identity between PMT and PTI Global since she purchased the company. In short, PTI Global believes that there will not be any evidence to support plaintiff's claims under currently applicable California laws governing alter ego, fraudulent conveyance or successor liability.

### C. Defendants Gordon Yu, Chiu Feng Chen, Tommy Ho, Robert Wu, and Kuei Lu's Supplemental Summary of Facts

The above named individual defendants were sued on the basis that they were alter egos of defendant corporations, fraudulently transferred assets between Pretec Electronics Corporation (PEC) and PTI Global, and improperly dissolved PEC.

Defendants Gordon Yu, Chiu Feng Chen, Tommy Ho, and Robert Wu never held a majority interest in PEC or PTI Global, nor have they exercised control over the same such that any separateness between individuals and corporations have ceased. Additionally, Defendant Chen denies improperly dissolving PEC. The certification of dissolution signed by Chen and filed with the Secretary of State simply states that all existing debts have been disposed of—this statement was absolutely true. At the time PEC was dissolved, there was no judgment against PEC. It follows that there was no existing debt or liability to the plaintiff.

Furthermore, all defendants named above deny that there is a legally recognizable cause of action for "improper dissolution." Plaintiff referenced Cal. Corp. Code § 1903(c) in support of its

---

November 2006, PTI Global moved again, from the Mission Boulevard address to its present address of 231 Whitney Place, Fremont CA. Despite the contentions of Acticon to the contrary, PTI Global is unaware of any connection between this Whitney Place address and PEC.

Also in 2006, Mr. Yu sold his interest in PTI Global to Ms. Kuei Lu, who is another named defendant in this action. Under Ms. Lu's ownership, PTI Global has attempted to move away from sole identification with the Pretec brand. Thus, Pretec Technology Inc. changed its name to PTI Global in a move dated October 27, 2006. Additionally, PTI Global began to sell non-Pretec branded products, which it continues to do to this date. This name change was undertaken to disassociate from the name Pretec, both because of the then-pending litigation and because PTI Global would better be able to sell its non-Pretec product lines.

creative novel theory of liability. Nothing in § 1903(c) creates such civil liability.

Defendants believe that plaintiff will not be able to raise triable issues of material facts related to the foregoing; defendants intends to move for summary judgment and/or summary adjudication prior to trial.

**D.    The Principal Factual Issues Which The Parties Dispute:**

a.    Whether Defendants have manufactured, used, sold, offered for sale and/or imported products infringing the patents-in-suit in the United States;

b.    If Defendants have manufactured, used, sold, offered for sale and/or imported products infringing the patents-in-suit in the United States, what damages or other relief Acticon is entitled to;

c.    Whether any of the patents-in-suit is invalid under Title 35 of the United States Code and/or under the applicable judicial precedents;

d.    The amount of Acticon's damages for infringement;

e.    Whether Defendants alleged infringement is willful;

f.    Whether Defendant PTI Global is liable for the infringement of the patents-in-suit by Pretec Electronics Corp. prior to the filing of the Complaint on a theory of successor liability;

g.    Whether the individual Defendants are liable for the infringement of the patents-in-suit by Pretec Electronics Corp. prior to the filing of the Complaint on an alter ego liability theory;

h.    Whether the individual Defendants are liable for the infringement of the patents-in-suit by Pretec Electronics Corp. prior to the filing of the Complaint on a vicarious liability theory;

i.    Whether the Defendants are liable for acts constituting a fraudulent transfer of assets;

j.    Whether the Defendants are liable for conspiracy to fraudulently transfer assets;

k.    Whether the Defendants effectuated an improper dissolution of Pretec Electronics Corp.; and

l.    Whether Acticon is entitled to an award of attorneys' fees.

**3.    LEGAL ISSUES**

The disputed points of law are anticipated to be:

a. The proper construction of the claims of the patents-in-suit;

b. Whether the asserted claims are invalid or unenforceable for failure to comply with one or more of 35 U.S.C. § 101, § 102, § 103, § 112 or the rules and regulations of the U.S. Patent Office;

c. Whether Acticon's allegations relating to the Prior Action constitute a cognizable claim against PTI Global;

d. Whether Acticon is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285;

e. Whether Acticon is entitled to treble damages pursuant to 35 U.S.C. § 284;

f. Whether Acticon is entitled to a permanent injunction preventing the Defendants from transferring assets of PTI Global or Pretec Electronics Corp.

g. Whether Count VI (Improper Dissolution) is a legally recognizable cause of action entitling Acticon to relief

h. The effect of the Prior Action on this matter.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

**4.    MOTIONS**

Acticon filed a Motion for a Preliminary Injunction prohibiting Defendants from transferring assets of PTI Global other than in the ordinary course of business, and the Court entered its Order Granting that Preliminary Injunction on November 13, 2007 (Docket No. 31). PTI Global was not represented by counsel at the time that motion was granted and reserves the right to challenge the continued existence of the injunction should this prove necessary to its business.

Individual Defendant Grace Yu filed a Motion to Quash Service of Process and/or Dismiss the Complaint, and Acticon opposed that Motion. The Motion was heard by this Court on January 25, 2008. The Court took the matter under submission and subsequently denied the Motion at the Case Management Conference held on March 21, 2008, and authorized Acticon to effect service on Grace Yu by alternative means.

The remaining individual defendants intend to move for summary judgment and/or

summary adjudication prior to trial.

The parties anticipate claim construction briefing under the Patent Local rules and various summary judgment motions.

## 5. AMENDMENT OF PLEADINGS

Prior to the scheduled Case Management Conference, and upon the stipulation of the parties, Acticon intends to file a First Amended Complaint which adds C-One Technology Corporation as a defendant in the action. If the currently named defendants do not stipulate to the amended complaint, Acticon intends to apply to the Court for leave to file a First Amended Complaint. Acticon has not yet sent the proposed amended complaint to the defendants and so it is not yet possible for defendants to determine if they will agree to permit an amended filing.

Acticon reserves the right to amend its pleadings to add additional defendants or additional claims for relief following discovery in this action concerning the dissolution of Pretec Electronics Corp., and the transfer of assets and the business of that company to Defendant PTI Global, and the role of individuals and entities in that process. PTI Global similarly reserves the right to amend its pleadings or to bring claims against Acticon or others based upon events in discovery or during the process of the case. Individual defendants Chen, Ho, Wu, Yu, and Lu similarly reserve the right to amend their pleadings or to bring claims against Acticon or others based upon events in discovery or during the process of the case.

## 6. EVIDENCE PRESERVATION

In the earlier litigation involving the same technology, Acticon imposed a litigation hold on documents related to this action, collected those documents and will produce them to Defendants. Copies of those documents are maintained in the office of counsel. In addition, Acticon has advised counsel for Defendant PTI Global to impose a litigation hold on documents and electronically stored information reasonably related to his action, which includes active steps to prevent erasure of emails, voicemails, and other electronically-recorded material.

## 7. DISCLOSURES

With the exception of Defendant Grace Yu, the parties have exchanged Initial Disclosures.

**8.   DISCOVERY**

*Plaintiff's Proposal*:

At this time, Acticon proposes altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules as follows:

   a.   Plaintiff Acticon may notice and take no more than fifteen (15) depositions lasting a total of no more than one hundred (100) hours;

   b.   Defendants may notice and take no more than fifteen (15) depositions lasting a total of no more than one hundred (100) hours, to be allocated between Defendants as they decide;

   c.   A testifying expert shall not be subject to discovery on any draft of the report in this case that was written by the testifying expert or his or her staff and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery;

   d.   Discovery of materials provided to testifying experts shall be limited to those materials, facts, and other matters actually relied upon by the testifying expert in forming his final report, trial or deposition testimony or any opinion in this case. No discovery can be taken from any consulting expert.

   e.   No conversations or communications between counsel and any testifying or consulting expert, including any communications or drafts of agreements created prior to the date of the consulting agreement, will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

   f.   Materials, communications, and other information exempt from discovery under paragraphs c through e shall be treated as attorney-work product for the purposes of this litigation.

Acticon proposes that all documents and electronically stored information ("ESI") produced in discovery will be produced in a searchable format.

Acticon proposes that data integrity for the underlying native files for ESI produced in discovery shall be preserved by performing a routine copy of the files and using reasonable measures to prevent the files from being modified at the time or thereafter.  If the content or the

metadata of the files are intentionally modified, the producing party must inform the requesting party by providing the date of modification, the reason for modification, the persons involved in the modification; and a detailed and accurate description of the contents of the file prior to each modification.

If the producing party redacts content of any document or ESI file before production in discovery for privilege or other permissible purpose, then the producing party must indicate that the file has been redacted, and an original, unmodified file must be retained at least during the pendency of the case.

The costs of document production will be borne by the parties in accordance with Fed. R. Civ. P. 26.

*Defendant PTI Global's Proposal:*

PTI Global believes any proposal altering the Rules of Federal Civil Procedure is unnecessary at this time, except possibly to restrain Acticon in light of the limited size of this case. Discovery as to PTI Global has already been undertaken and substantially completed. PTI Global has produced over 5,000 documents relating to the allegations of the complaint. Acticon has already taken three depositions in this matter, including the Rule 30(b)(6) deposition of PTI Global, during which deposition Acticon did not touch on the topics designated in its deposition notice. The individual defendants have also responded to individualized document production requests.

PTI Global is a small company facing financial difficulties and will be substantially burdened should extensive electronic discovery prove unduly expensive. Thus, ESI rules or rules unique to this case will impose a substantial burden on PTI Global, and should not be imposed until a need for such rules manifests itself. If specialized rules are adopted at Acticon's request, Acticon should be required to bear the cost of any special procedures it requests, obviously subject to possible reimbursement as a cost if properly incurred and if Acticon prevails at trial.

Similarly, PTI Global opposes Acticon's requests to change the structure of expert discovery.

Individual defendants Chen, Ho, Lu, Yu, and Wu share PTI Global's concerns with respect to costs of extensive electronic discovery and agree that rules unique to this case should not be

1  imposed at this time.

2  **9.    CLASS ACTIONS**

3  Not applicable.

4  **10.   RELATED CASES**

5  No related cases are pending before other Judges of this Court. This action is related to the
6  earlier case entitled *Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-
7  4679 JF (HRL).

8  **11.   RELIEF**

9  *Plaintiff's Request:*  Acticon seeks damages, injunctive relief, a declaration that the patent-
10 in-suit is enforceable and that Defendants have willfully infringed, enhanced damages under 35
11 U.S.C. § 284, and costs and attorneys' fees including those awardable under 35 U.S.C. § 285.
12 Acticon expects that its damage computations will be based upon an adequate compensation for the
13 infringement of the patents-in-suit, including damages and a reasonable royalty on the
14 manufacturing, distribution, and sales of infringing products, enhanced damages for willful
15 infringement, and attorneys' fees and costs associated with conducting this suit.

16 At present, however, no actual computation of damages exists. To compute its damages,
17 Acticon expect to rely primarily on documents within the possession and control of Defendants
18 relating to sales and profits of the Accused Products, which have not yet been provided. Acticon
19 may also rely on expert assistance in performing the damages computation.

20 Acticon seeks to hold the corporate and individual Defendants liable for the pre-Complaint
21 patent infringement damages of Pretec Electronics Corp. for participating in the fraudulent transfer
22 of assets from Pretec Electronics Corp. to PTI Global and other entities or individuals. Acticon
23 also seeks an award of punitive damages based upon the state law tort claims asserted against
24 Defendants.

25 *Defendants' Request:*

26 As the plaintiff does not manufacture products that embody the Patents-in-Suit, the only
27 damages possible are a reasonable royalty. Moreover, the Patents-in-Suit have all expired. Thus,
28 the field of damages has already been established. Within that field, defendants request only that

judgment be entered in their favor and against plaintiff, and that plaintiff's Complaint be dismissed with prejudice. Under any circumstances, it is now clear this is a very small matter for a patent infringement case. Contrary to Acticon's statements regarding the lack of a damages calculation, discovery has shown that PTI Global has sales accused of infringing of less than $300,000, while the PEC sales from 2000 to 2006 are only alleged to range between $2 and $5 million.

**12.    SETTLEMENT AND ADR**

An ADR Conference was held on January 23, 2008, with Acticon and PTI Global participating. A further ADR Conference was held on March 17, 2008, with all defendants, except Defendant Grace Yu, participating.

The parties participated in an Early Settlement Conference with the Hon. Richard Seeborg on Friday, May 9, 2008. The parties did not reach a resolution of the case at that time and Judge Seeborg has recommended that he preside over a second Settlement Conference with all parties personally present. The parties are agreeable with this suggestion.    However, as Acticon will now attempt to join C-One in this matter, and C-One operates on a much bigger business scale than any of the defendants currently involved in the action, it may be necessary for C-One's status to be determined before additional conferences are beneficial.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties declined the appointment of a Magistrate Judge for all purposes.

**14.    OTHER REFERENCES**

Not applicable.

**15.    NARROWING OF ISSUES**

The parties believe that it is premature to narrow the issues for trial other than to make the identifications required by the Patent Local Rules.

**16.    EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited schedule with streamlined procedures.

**17.    SCHEDULING**

Pursuant to this Court's Civil and Patent Local Rules, Acticon suggested the following

schedule organization, and dates.

| Deadline | Nature of Discovery/Event |
| --- | --- |
| March 28, 2008 | Rule 26 Initial Disclosures |
| May 23, 2008 | Acticon to serve Patent Initial Disclosures "Disclosure of Asserted Claims and Preliminary Infringement Contentions" with Document Production. Patent L.R. 3-1 & 3-2 (a-c) |
| July 10, 2008 | Defendants to serve "Preliminary Invalidity Contentions" with Document Production. Patent L.R. 3-3 & 3-4 |
| July 25, 2008 | Parties to simultaneously exchange list of proposed claim terms, and thereafter meet to prepare list of terms for Joint Claim Construction and Prehearing Statement setting forth stipulations and disagreements. Patent L.R. 4- 1 (Acticon is willing to stipulate to the use of the March 2006 Claim Construction Order in *Lantronix, Inc. and Acticon Technologies LLC v. Digi International, Inc.*, Case No. 6:05 CV35 (E.D.TX) in this case). |
| August 1, 2008 | Deadline for parties to exchange proposed construction of all claim terms with extrinsic evidence to support the proposed constructions. Patent L.R. 4-2 (a & b) |
| August 1, 2008 | Mediation Deadline |
| August 15, 2008 | Parties file a Joint Claim Construction and Prehearing Statement. Patent L.R. 4-3 |
| August 29, 2008 | Acticon to File and Serve Opening Brief with supporting evidence re claim construction. Patent L.R. 4-5(a) |
| September 12, 2008 | Defendants to File and Serve Responsive Brief with supporting evidence regarding claim construction. Patent L.R. 4-5(b) |
| September 19, 2008 | Acticon to File and Serve Reply Brief with supporting evidence regarding claim construction. Patent L.R. 4-5(c) |
| September 2008 | Claim Construction Hearing. Patent L.R. 4-6 |
| October 31, 2008 | Non-Expert Fact Discovery Completed |
| November 14, 2008 | Designation of Experts |
| December 12, 2008 | Expert Reports Exchanged (on any matter on which a party bears the burden of proof) |
| January 16, 2008 | Responsive Expert Reports Exchanged |
| January 30, 2008 | Expert Discovery Completed |
| April 25, 2009 | Last Day to Hear Dispositive Motions |
| May 2009 | Pretrial Conference |
| June 2009 | Proposed Trial Date (expected to last 4-7 court days) |

1     PTI Global requests that if a schedule is set at this time, the August 15, 2008 Joint Claim
2  Construction and Prehearing Statement deadline be delayed one week to August 22, 2008 to
3  accommodate counsel's scheduled vacation.
4     In addition, PTI Global believes that if Acticon intends to move to add C-One (which was
5  well known to Acticon throughout both the Prior Action, to which it was a party, as well as the
6  present matter) as a party at this late date, that will bring a different complexion to the matter, and it
7  would not be appropriate to set a schedule at this time without the participation of C-One.
8     C-One is a much larger entity than the current defendants, would have quite a bit more
9  money at stake, and could take a more active role in litigating the matter than the current
10 defendants have to date. Thus, it may be appropriate to either (a) delay setting a schedule until C-
11 One can participate in that process, or (b) to move back the dates set in the current schedule to take
12 a more realistic view of the time needed (a) for issues regarding service of and jurisdiction over C-
13 One, which is a Taiwanese entity that likely will contend that it does not do business in the United
14 States, to be litigated and (b) for C-One to participate in discovery.

**18.    TRIAL**

Acticon requests a trial date after April 2009. Acticon believes that the estimated length of the trial in this case is 4-7 days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Acticon filed the Certification of Interested Entities or Persons with its Complaint, on August 30, 2007. PTI Global also filed this certification, on January 14, 2008. As of the date of this Case Management Conference Statement, pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: None, other than the named parties in this action.

///
///

20. **OTHER MATTERS**

   **A.    Protective Order**

   The parties have submitted a stipulated protective order to the Court.

   **B.    Claim Construction Hearing**

   The Patent Local Rules require the parties to meet and confer about the manner in which the claim construction hearing will proceed. The parties believe that a determination of the manner in which the hearing will proceed, other than the proposed scheduling as set forth below, is premature.

   **C.    Jury Demand**

   All parties demand a trial by jury on those issues triable by right to a jury.

   **D.    Proposed Docket Control Deadlines**

   Acticon proposes to follow the Northern District's Patent Local Rules in their general outline, with departures to accommodate the nature of this action and to reduce the need for hearings before this Court.

   The parties request a further Case Management Conference at this time.

Dated: May __14__, 2008                              CARR & FERRELL *LLP*


                                                     By: /s/ Christine S. Watson
                                                     _____
                                                     ROBERT J. YORIO
                                                     COLBY B. SPRINGER
                                                     CHRISTINE S. WATSON

                                                     Attorneys for Plaintiff
                                                     ACTICON TECHNOLOGIES LLC


Dated: May __14__, 2008                              LAW OFFICES OF E & SASSEEN


                                                     By: /s/ David J. Sasseen
                                                     _____
                                                     DAVID J. SASSEEN

                                                     Attorneys for Defendant
                                                     PTI GLOBAL, INC.

| | | |
|---|---|---|
| 1 | Dated: May __14__, 2008 | LAW OFFICES OF RICHARD C. J. WAHNG |
| 2 | | |
| 3 | | By: /s/ Richard C. J. Wahng |
| 4 | | RICHARD C. J. WAHNG |
| 5 | | Attorneys for Defendants<br>CHIU FENG CHEN, GORDON YU, TOMMY HO,<br>ROBERT WU, GRACE YU and KUEI LU |

**SIGNATURE ATTESTATION**

Pursuant to General Order No. 45(X)(B), I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this efiled document.

Dated: May __14__, 2008         /s/ Christine S. Watson
                                CHRISTINE S. WATSON

{00310104v1}                    -17-
                        Joint Case Management Statement
                            C 07-4507 JF (HRL)

Dated: May __14__, 2008               LAW OFFICES OF RICHARD C. J. WAHNG

                                      By: /s/ Richard C. J. Wahng
                                      ───────────────────────────────
                                      RICHARD C. J. WAHNG

                                      Attorneys for Defendants
                                      CHIU FENG CHEN, GORDON YU, TOMMY HO,
                                      ROBERT WU, GRACE YU and KUEI LU

**SIGNATURE ATTESTATION**

Pursuant to General Order No. 45(X)(B), I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this efiled document.

Dated: May __14__, 2008               /s/ Christine S. Watson
                                      ───────────────────────────────
                                      CHRISTINE S. WATSON