**E-Filed 6/16/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRETEC ELECTRONICS CORPORATION, a dissolved California corporation; PTI GLOBAL, INC.; C-ONE TECHNOLOGY CORPORATION, a foreign corporation; CHIU FENG CHEN, an individual; ROBERT WU, an individual; GRACE YU, an individual; KUEI LU, an individual; and DOES 1 through 20,<br><br>Defendants. | Case Number CV 07-04507 JF (HRL)<br><br>**ORDER[1] DIRECTING ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT C-ONE TECHNOLOGY CORPORATION**<br><br>[re doc. no. 131] |

Pursuant to 35 U.S.C. § 284, Plaintiff Acticon Technologies LLC ("Acticon") seeks damages for patent infringement in the amount of $78,307.56 against Defendant C-One Technology Corporation ("C-One"), as well as enhanced damages for willful infringement. It also seeks attorney's fees in the sum of $20,556.10 pursuant to 35 U.S.C. § 285.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

In May 1997, Acticon wrote to C-One's subsidiary Pretec Electronics Corp. ("Pretec"), putting Pretec on notice that its product line of PCMCIA Flash Modem Cards ("PCMCIA Cards") sold in the United States infringed upon the following Acticon patents: (1) U.S. Patent No. 4,603,320 ("'320 Patent"), (2) U.S. Patent No. 4,543,450 ("'450 Patent"), and (3) U.S. Patent No. 4,972,470 ("'470 Patent"). (Pl.'s Req. 2:8-14, 2:26, May 4, 2010.) At the time, C-One manufactured and sold the PCMCIA Cards to Pretec for resale in the U.S. (Pl.'s Req. 2:28-3:2.) From May 1997 through July 2006, Acticon alleges that it frequently contacted Gordon Yu, President of C-One, to provide notice that C-One's products infringed Acticon's patents and to persuade C-One to execute a licensing agreement. (Pl.'s Req. 3:6-9.) Throughout this period, C-One never responded to any of Acticon's communications and continued to manufacture and sell PCMCIA Cards to Pretec. (Pl.'s Req. 3:13.)

On August 1, 2006, Acticon filed a complaint in this Court against Pretec, C-One, and unrelated defendants. Pretec was served with the complaint but failed to respond. (Pl.'s Req. 3:17.) The Clerk entered Pretec's default on September 16, 2006. Pretec then contacted Acticon about settling the action in October 2006. (Pl.'s Req. 3:19.) On October 26, 2006, despite the default against Pretec and C-One's nonappearance, both moved for an order to extend the date of the initial case management conference to allow Pretec and C-One to retain counsel. (Pl.'s Req. 3:25-26.) Acticon did not oppose the motion. (Pl.'s Req. 3:24.) The Court issued an order continuing the initial case management conference to February 2, 2007.

After the order was issued, Pretec transferred almost all of its $1.6 million in assets to C-One. (Pl.'s Req. 4:4-6.) Pretec then filed a certificate of dissolution with the California Secretary of State, asserting that all known liabilities of Pretec had been paid. (Pl.'s Req. 3:28-4:1.) Notice of the dissolution was not given to Acticon or the Court. (Pl.'s Req. 4:2.) No one representing C-One or Pretec attended the initial case management conference on February 2, 2007. (Pl.'s Req. 4:3.) Action thereafter dismissed the complaint without prejudice and then filed a second lawsuit in this Court. (Pl.'s Req. 4:8.)

The second lawsuit named Pretec, a dissolved corporation, its individual officers and directors, PTI Global, Inc, the successor entity of Pretec, and C-One as defendants. (Pl.'s Req. 47-10.) Acticon filed an amended complaint on June 17, 2008; this complaint was duly served on C-One in Taiwan on October 28, 2008. (Pl.'s Req. 2:2.) C-One did not file a responsive pleading, and the Court entered C-One's default on March 27, 2009. (Pl.'s Req. 2:5.)

C-One did not attend a scheduled settlement conference with then-Magistrate Judge Seeborg on June 25, 2009. (Pl.'s Req. 4:14.) Instead, it sent an email to Judge Seeborg on June 22, 2009 stating its intent not to appear at the settlement conference. (Lucey Decl., Exhibit E, May 4, 2010.) Acticon now seeks default judgment.

## II. DISCUSSION

**A. Principal Damages**

Acticon seeks appropriate damages with interest under 35 U.S.C. § 284 for C-One's infringement of its patents. Section 284 provides that: "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." Acticon seeks a four percent royalty on estimated sales of $1,957,689 from C-One to Pretec and PTI Global between 2001 and 2006. This appears to be a reasonable royalty. The estimated sales of $1,957,689 are supported by sufficient evidence. (Pl.'s Req. 7:17-20.) Accordingly, Acticon is entitled $78,307.56 in principal damages.

**B. Enhanced Damages**

Plaintiff also seeks enhanced damages on the basis that C-One acted willfully in infringing Acticon's patents. Section 284 provides in pertinent part that in a patent case, "[w]hen the damages are not found by a jury, the court shall assess them" and that "the court may increase the damages up to three times the amount found or assessed." The willfulness of an infringement is one factor in a court's decision whether to award enhanced damages. *See, e.g., SEB S.A. v.*

3

*Montgomery Ward & Co.* 594 F.3d 1360, 1381 (Fed. Cir. 2010); *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.,* 564 F.3d 1314, 1336-37 (Fed. Cir. 2009).

 The Federal Circuit has held that "willful infringement permitting enhanced damages requires at least a showing of objective recklessness....[A] patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC* 497 F.3d 1360, 1371 (Fed. Cir. 2007). "The state of mind of the accused infringer is not relevant to this objective inquiry." *Id.* Rather, the patentee must demonstrate that this objectively-defined risk was either "known or so obvious that it should have been known to the accused infringer." *Id.* It is improper to determine willful infringement solely on the course of litigation misconduct. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 859 (Fed. Circ. 2010).

 While Acticon offers evidence that it provided C-One with notice of its claim of infringement years before it instituted litigation, Acticon must show not only that C-One was aware of the patents but also that C-One acted "despite an objectively high likelihood that its actions infringed a valid patent." *i4i*, 598 F.3d at 858. Acticon offers no convincing evidence as to this point. While Acticon emphasizes C-One's litigation conduct (Pl.'s Req. 9:3-27), and urges the Court to examine the letters Acticon sent to C-One and Pretec (Lerner Decl. Exhibit A-C, E), such evidence only goes to the second prong of *Seagate*. In *DePuy Spine,* the Federal Circuit declined to approve an award of enhanced damages because the equivalency of the infringer's product was a substantially close question. 567 F.3e at 1336-37. Here, Acticon's letters gave ample notice that Acticon believed that C-One was infringing its patents, but there is no evidence in the record as to how C-One's alleged use of the covered technology was objectively similar.

**C. Attorney's Fees**

 Pursuant to 35 U.S.C. § 285, "[t]he court in *exceptional* cases may award reasonable attorney fees to the prevailing party." (Emphasis added). Federal Circuit case law is applied when determining fees under § 285. *Baldwin Hardware Corp. v. FrankSu Enter. Corp.*, 78 F.3d. 550,

563 (Fed. Cir. 1996). The determination of whether a case is exceptional is a two-step process. *See Cybor Corp. v. Fas Techs*. 138 F.3d.. 1448, 1460 (Fed. Cir. 1998). The court first makes a factual determination whether a case is exceptional and then reviews the requested fees to determine whether they are appropriate. *See Baldwin Hardware*, 78 F.3d. at 563.

    A case is exceptional in a "limited universe of circumstances" in which there has been clear and convincing evidence of "inequitable conduct before the Patent and Trademark Office; litigation misconduct; vexatious, unjustified, and other otherwise bad faith litigation; a frivolous suit or willful infringement." *Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304-05 (Fed. Cir. 2009); *see Hoffman La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1365 (Fed. Cir. 2000). The case of *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1552-53 (Fed. Cir. 1989), appears most analogous to the present situation.

    In *Beckman*, the district court found the case to be exceptional because the defendant engaged in a strategy of vexatious litigation, in which baseless counterclaims were raised, defenses were entered into and later dropped, and the defendant violated the terms of a preliminary injunction. *Id.* at 1553. The Court concludes that C-One's dilatory actions and litigation conduct in this case also are exceptional.

    In particular, there is evidence that C-One acted in bad faith to delay the expeditious handling of this case by seeking an order to extend the date of the initial case management conference (No. 06-4679, Doc. No. 21, Oct. 24, 2006), when it apparently had no intention of appearing in the instant proceeding. In their applications to continue the conference to February 2, 2007, C-One and Pretec represented that they needed time to find effective counsel. Subsequently, C-One dissolved its subsidiary, Pretec, and in doing so falsely stated that it had no liabilities.

    Acticon seeks attorney's fees in the amount of $20,556.10. Having reviewed counsel's declaration, the Court finds that requested fees are reasonable. (Lucey Decl. ¶¶ 13-14, Exhibit E.)

5

Case Number 07-04507 JF (HRL)
ORDER DIRECTING ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT
(JFEX2)

# III. ORDER

Good cause therefor appearing:

Plaintiff Acticon Technologies LLC shall receive principal damages from Defendant C-One Technology Corporation in the amount of $78,307.56 plus attorney's fees in the amount of $20,556.10, together with prejudgment interest on both amounts.

**IT IS SO ORDERED.**

**DATED: 6/15/2010**

_____
JEREMY FOGEL
United States District Judge